*FILED*
*DEC 14 PM 2:04*

PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name __KHUU__                    __HOA__                    __T__
             (Last)                        (First)                     _(Initial)

Prisoner Number  __V-58390__

Institutional Address __TALLAHATCHIE COUNTY CORRECTIONAL FACILITY__
                       __295 U.S. Highway 49 South, Tutwiler, MS 38963__

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

**SI**

__HOA TRUNG KHUU__
Full Name of Petitioner

Case No.(To be provided by the
clerk of court)         **(PR**

vs.

__JOHN TILTON, SECRETARY__
Name of Respondent
(Warden or jailor)

PETITION FOR A WRIT OF HABEAS CORPUS

**EVIDENTIARY HEARING REQUESTED**

Read Comments Carefully Before Filling In

When and Where to File

    You should file in the Northern District if you were convicted and sentenced in one of these
counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San
Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this
district if you are challenging the manner in which your sentence is being executed, such as loss of good
time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

    If you are challenging your conviction or sentence and you were not convicted and sentenced in
one of the above-named fifteen counties, your petition will likely be transferred to the United States
District Court for the district in which the state court that convicted and sentenced you is located. If you
are challenging the execution of your sentence and you are not in prison in one of these counties, your

petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

Who to Name as Respondent

    You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

    If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

    1.    What sentence are you challenging in this petition?

    (a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

SAN MATEO COUNTY SUPERIOR COURT    REDWOOD CITY, CA
    Court        Location

    (b)    Case number, if known SCO56446
    (c)    Date and terms of sentence NOVEMBER 18,2004; 17-year TERM
    (d)    Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.) Yes ☒ No ☐

Where? TALLAHATCHIE COUNTY CORRECTIONAL FACILITY(out of the state)
    (Name of Institution)    (Address) 295U.S. Highway 49 South
        Tutwiler, MS 38963

    2.    For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

Burglary Frst Degree, PC 460(a)(Two Counts); Attempted Burglary

First Degree, PC 464/460(a)(One Count); Receiving Stolen Property,

PC 496(a) (Two Counts)

    3.    Did you have any of the following?

Arraignment: Yes __ No __ Preliminary Hearing: Yes X No __ Motion to Suppress: Yes __ No __

,

4.    How did you plead?

Guilty _____    Not Guilty ___ X ___    Nolo Contendere _____

Any other plea (specify) _____ NONE _____

5.    If you went to trial, what kind of trial did you have?

Jury ___ X ___    Judge alone _____    Judge alone on a transcript _____

6.    Did you testify at your trial?   Yes ☐ No X

7.    Did you have an attorney at the following proceedings:

(a)    Arraignment   Yes ☐        No ☐
(b)    Preliminary hearing          Yes X        No ☐
(c)    Time of plea   Yes ☐        No ☐
(d)    Trial   Yes X .     No ☐
(e)    Sentencing     Yes X        No ☐
(f)    Appeal         Yes X        No ☐
(g)    Other post-conviction proceeding        Yes ☐        No X

8.    Did you appeal your conviction?   Yes X  No ☐

(a)    If you did, to what court(s) did you appeal?

| | | | (Year) | (Result) |
|---|---|---|---|---|
| Court of Appeal | Yes X | No ☐ | (2005) | Denied:3/30/06 |
| Supreme Court of California | Yes X | No ☐ | (2006) | DENIED |
| Any other court | Yes __ | No X | | |

(b)    If you appealed, were the grounds the same as those that you are raising in this petition?
Yes X  No ☐

(c)    Was there an opinion?        Yes X   No .  (UNPUBLISHED)

(d)    Did you seek permission to file a late appeal under Rule 31(a)?
Yes ____      No  NONE

4

If you did, give the name of the court and the result:

9.    Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?      Yes **X**        No ___

Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. § 2244(b).

   (a)   If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I.    Name of Court ___IN THE SUPERIOR COURT, SAN MATEO COUNTY___

      Type of Proceeding ___HABEAS CORPUS___

      Grounds raised (Be brief but specific):

      a.   PETITIONER WAS DENIED STATE AND FEDERAL CONSTITUTIONAL
           RIGHTS TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW
           WHEN THE STATE OF CALIFORNIA DID NOT FOLLOW THE PRIOR PLEA
           AGREEMENT'S STIPULATION IN RETURN FOR GUILTY PLEA IN HIS
           FEDERAL CONVICTION WHICH MADE CLEAR THAT THE AGREEMENT HAD
           NO FUTURE USE AS A PRIOR, WHICH NOW THE COURT USED TO DOUBLE
           THE SENTENCE AND ADD FIVE-YEAR ENHANCEMENT

      Result ___DENIED___                Date of Result **NOV. 27, 2007**

II.   Name of Court **APPEALS COURT**

      Type of Proceeding **HABEAS CORPUS**

      Grounds raised (Be brief but specific): **SAME AS ABOVE**

      a. _____

      b. _____

      c. _____

      d. _____

      Result ___DENIED___                Date of Result **NOT AVAILABLE**

III.  Name of Court ___CALIFORNIA SUPREME COURT___

6

Type of Proceeding  HABEAS CORPUS

Grounds raised (Be brief but specific):  SAME AS ABOVE (Previous page)

a.

b.

c.

d.

Result  DENIED                                   Date of Result  September 25, 2007

    (b)    Is any petition, appeal or other post-conviction proceeding now pending in any

court?    Yes ☒  No ☒

(Name and location of court)


## B.  GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully.  Give facts to

support each claim.  For example, what legal right or privilege were you denied?  What happened?  Who

made the error?  Avoid legal arguments with numerous case citations.  Attach extra paper if you need

more space.  Answer the same questions for each claim.

Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

petitions may be dismissed without review on the merits.  28 U.S.C. § 2244(b); McCleskey v. Zant, 499

U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

Claim One:  CLAIMS AND SUPPORTING FACTS IN NEXT PAGES (ATTACHMENTS)

7

## INTRODUCTION

1. Petitioner, Hoa Trung Khuu, In Propia Persona, Petitions this Court for writ of Habeas Corpus, and by this verified Petition, states as follows:

2. Petitioner is unlawfully restrained and incarcerated at Tallahatchie County Correctional Facility (TCCF) (CALIFORNIA OUT-OF-THE-STATE PLACEMENT) 295 U.S. Highway 49 South, Tutwiler, Mississippi 38963, by the Secretary Of Corrections John Tilton, pursuant to a judgment by the California Superior Court for the County of San Mateo, based on the illegal imposition of consecutive sentences, denial of Due Process and Assistance of counsel, and violation of plea agreement in Federal Court on case No.: SC056446.

## FIRST GROUND FOR RELIEF

**THE TRIAL COURT VIOLATED MR. KHUU'S SIXTH AMENDMENT RIGHT TO A JURY TRIAL BY IMPOSING CONSECUTIVE TERMS BASED ON FACTUAL FINDINGS RESOLVED NOT BY A JURY, BUT BY THE TRIAL COURT ALONE**

**Petitioner's Consecutive Sentences Under California's Determinate Sentencing Law (DSL) Based On Aggravating Factors Found By The Judge To Impose Consecutive Sentences Violated Petitioner's Sixth, Fifth And Fourteenth Amendments Rights To Trial By Jury On The Aggravating Factors. _Apprendi v. New Jersey_, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); _Blakely v. Washington_, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); _United States v. Booker_, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) And _Cunningham v. California_, 549 U.S. _____, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007).**

**Supporting Facts.**

3. On June 9, 2004, the State charged Petitioner with one count of attempted burglary, two counts of burglary in the first degree and two counts of possession of stolen property.

4. On September 8, 2004, the jury found Petitioner guilty on all counts.

5. On November 18, 2004, at a Sentencing and Probation Hearing, the trial court found that "the crimes and their objectives were predominantly independent of each other and were committed at different times and in separate places..." (RT 613-614, Exhibit C). Additionally, the prosecutor and probation officer submitted, and the court considered, PEOPLE'S SENTENCING STATEMENT and PROBATION REPORT AND RECOMMENDATION (CT, "PSS" and "PR&R" See Exhibits D and E.), which included the following aggravating facts: (1) "His implacable attitude toward the law was demonstrated when he challenged the FCPD to: 'go ahead and fucking shoot me!'" (2) "Defendant... was committed to the California Youth Authority as a juvenile, based on a sustained petition for burglary-second degree." ("PSS," CT 349, Exhibit D.)

6. The Probation Report and Recommendation ("PR&R") also contained several aggravating factors, including: (1) "...the manner in which it was conducted reveals sophistication and professionalism of the crime." (2) "The attempted taking of property which had great monetary value." (3) "The defendant has engaged in conduct which is a serious danger to society,..." (4) "Further, he expressed no remorse for his actions." (5) "...his past performance on supervision was unsatisfactory." ("PR&R," CT 371, Exhibit E.)

7. The prosecutor argued that there were no mitigating factors. The Court then stated that it had "...read and considered the probation report and the People's sentencing statement." ("Which may be considered either in aggravation or mitigation of the punishment." Penal Code 1203.) The Court also engaged in some sort of mini trial as to whether one victim had identified the defendant. Finally, the Court found no evidence of mitigating factors (RT 611, Exhibit, Exhibit C) though they were in the same document

the court had "read and considered." Mitigating factors in Mr. Khuu behalf included: (1) Mr. Khuu had drugs and alchohol problem; (2) He revealed a significant amount of physical abuse from his father and uncle; (3) as a child in Vietnam, he was tied to the top of an anthill and hit with bamboo sticks; (4) he was participating in the "CHOICES PROGRAM" and had been accepted to the DELANCEY STREET FOUNDATION; (5) the present offense was nonviolent, similarly motivated and occurring close in time; (6) Petitioner's wrote letter to Judge apologizing (Exhibit G); (7) Mr Khuu was young; and (8) his prior offense was remote in time.

8. Finally, the court concluded that the criteria set forth in California Rules of the Court, rule 4.425, did not apply, and, thus, sentenced Petitioner to (1) the midterm of 4 years as to count one; (2) one-third the midterm for a consecutive term of 8 months as to count three; and (3) one-third the midterm for a consecutive term of 1 year and 4 months as to count three. (CT 364.) The court then doubled the terms pursuant to § 1170.12(c)(1).(CT 364.) Then the court added a five-year term for the prior serious felony allegation, and stayed sentences on all remaining counts. (CT 364.)

**The Trial Court Erred In Imposing Consecutive Terms Based On Facts Never Found By The Jury**

9. At the time Petitioner was sentenced, the California Legislature had determined that the imposition of concurrent sentences was the presumptive sentence absent additional factual findings supporting a consecutive term. In this case the judge found such additional facts: "the crimes and their objectives were predominantly independent of each other and were committed at different times and in separate places..." Moreover, he "...read and considered the probation report and the People's sentencing statement.", which were loaded with aggravating factors.

10. The record in this case indicates that Petitioner was sentenced to consecutive terms based upon the illegal findings by the judge that (1) "the crimes and their objectives were predominantly independent of each other and were committed at different times and in separate places…" (2) "…the manner in which it was conducted reveals sophistication and professionalism of the crime." (3) "The attempted taking of property which had great monetary value." (4) "The defendant has engaged in conduct which is a serious danger to society,…" (5) "Further, he expressed no remorse for his actions." And (6) "…his past performance on supervision was unsatisfactory."

11. Under California Determinate Sentencing Law ("DSL"), the jury verdict exposed Petitioner to presumed concurrent sentences for the two burglaries and attempted burglary. Pursuant to Penal Code §§ 669 and 1170(c), the trial court could not impose any consecutive terms absent additional factual findings.

12. The Fifth Amendment requires that the State must prove every fact necessary to establish its case beyond a reasonable doubt. And the Sixth and Fourteenth Amendments, taking together, entitle a criminal defendant to a jury determination that any fact that increases the penalty for a crime must be charged in the indictment, submitted to a jury, and proved beyond a reasonable doubt.

13. Petitioner submits that the trial court's imposition of consecutive terms at the time of his sentence based on facts found by the judge, and the refusal of California's courts to reverse or modify, were contrary to and an unreasonable application of clearly established federal law as determined by the United States Supreme Court decisions in Apprendi, Blakely and Booker, and more recently, Cunningham v. California, within the meaning of 28 U.S.C.A. § 2254(d)(1).

14. Remand for re-sentencing to concurrent terms is required.

## SECOND GROUND FOR RELIEF

### THE TRIAL COURT'S DENIAL OF MR. KHUU'S REQUEST TO DISCHARGE HIS RETAINED ATTORNEY VIOLATED HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS AND THE ASSISTANCE OF COUSEL

**Petitioner's Sixth Amendment Rights Were Violated When He Was Forced To Trial On Prior Conviction And Sentencing Hearing With Counsel He Had Sought To Timely Discharge, Violating His Rights To Assistance Of Counsel. _United States v. Gouveia_, 467 U.S. 180, 104 S.Ct. 2292, 81 L.Ed.2d 146 (1984); _Colemen v. Alabama_, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970); _United States v. Gonzalez-Lopez_, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006); _Gideon v. Wainwright_, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); _Williams v. Taylor_, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); _Strickland v. Washington_ , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).**

**Supporting Facts.**

15. On October 21, 2004, after the jury had found Petitioner guilty on all counts, but almost one month before trial by court on the prior federal allegation and sentencing hearing, retained counsel filed a motion to withdraw as retained counsel.

16. Counsel argued that MR. Khuu owed him an outstanding balance of over $ 5000 (See Motion to Withdraw as Retained Counsel "MWRC", CT page 340, Exhibit F). Counsel alleged that at a meeting on October 19, 2004, Petitioner had "indicated that he did not intend to pay [counsel] the money he owed him because, among other complain[sic] he had about the representation he had received from [counsel] 'You did nothing for me in court.'" Counsel then concluded that "the defendant did not intend to cooperate with counsel." In fact, "it [was] counsel's opinion that the attorney-client relationship [was] irremediably damage and that it ha[d] been severed and broken down beyond repair." ("MWRC," CT pages 340-341, Exhibit F.)

17. Unfortunately for Petitioner, he still needed the assistance of an attorney. There remained a court trial on the allegations that Petitioner had suffered a prior conviction for a violation of the Hobbes Act in Federal Court and the sentencing hearing.

18. In light of these pending serious matters, and because the attorney-client relationship had been deteriorated beyond repair over money and representation, Petitioner was entitled to a court-appointed counsel to represent him at the trial on the prior and sentencing hearing. Both, retained counsel and Petitioner, had made clear in the motion that they could not work together for the court trial and sentencing hearing. In fact, retained counsel requested the court appoint public defender for Petitioner. (CT 341.)

19. On October 29, 2004, the court denied the motion on the grounds that it "really did not want to experience the delay, in view of what was left to do…" (RT pages 601-602, Exhibit C.)

20. Counsel then represented Petitioner. At the trial on the prior counsel submitted the matter. The Court found true the prior strike and prison allegations and sentenced Petitioner to 17 years in state prison.

21. Because the attorney-client relationship had deteriorated beyond repair, and because he knew that counsel did not wish to represent him, Petitioner and Counsel's Motion to withdraw and for public defender should have been granted and new counsel should have been appointed to represent him.

22. Petitioner submits that the trial court committed "structural error" by denying Petitioner and counsel's motion. The Sixth Amendment provides that criminal defendants are antitled to the assistance of counsel at all critical stage of the proceedings. Further, it

guarantees the defendant the right to be represented by an otherwise qualified attorney

who that defendant can afford to hire, or is willing to represent the defendant even though

he is without funs.

23. Under the circumstances reversal is required.

## THIRD GROUND FOR RELIEF

**PETITIONER WAS DENIED STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW WHEM THE STATE OF CALIFORNIA DID NOT FOLLOW THE PRIOR PLEA AGRREMENT 'S STIPULATION IN RETURN FOR GUILTY PLEA IN HIS FEDERAL CONVICTION WHICH MADE CLEAR THAT THE AGRREMENT HAD NO FUTURE USE AS A PRIOR, WHICH NOW THE COURT USED TO DOUBLE THE SENTENCE AND ADD A FIVE-YEAR ENHANCEMENT**

**Supporting Facts**

24. Petitioner was given a second-strike enhanced sentence based on a prior federal

conviction for violation of the Hobbes Act in Federal Court.

25. Petitioner pled guilty and was sentenced to 4 years and five months. He also

received a three-year supervised release. The Court concluded that the plea was fair.

However, the court never stated or advised Petitioner that his plea could be used against

him in future state prosecutions. In fact, the only consequences for imposing a longer

sentence would be for violation of the supervised release, as to the federal case.

26. Because Petitioner's plea did not include that his conviction could be used against

him in future prosecution by the state, the use of that conviction for purposes of

enhancing his current sentence was illegal.

27. The claims set forth in this petition were presented to the State's courts and were

summarily denied.

28. Petitioner has no other plain, speedy, or adequate remedy at law since his claims have been denied by the State's court.

29. Petitioner alleges and incorporates by reference, each allegation of paragraphs 8 through 29, inclusive, as if alleged herein.

**WHEREFORE,** Petitioner respectfully request this Court grant the following relief:

1. take judicial notice of trial court record in People v. Hoa Trung Khuu, Case No.: SC056446, and the record on appeal;

2. issue Order to show cause;

3. order evidentiary hearing;

4. reverse and order new trial as to second claim;

5. as to first claim, remand for re-sentencing to concurrent terms as permissible by the jury'

6. appoint counsel for Petitioner;

7. grant such other relief as the Court deems just and equitable.


DATED November 26, 2007                    Respectfully Submitted,




                                           HOA TRUNG KHUU

## ALL THE CLAIMS PRESENTED IN THIS PETITION WERE EXHAUSTED

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

```
Cunningham v. California, 549 U.S. ___, (2007); Apprendi v. New Jersey
530 U.S. 466(2000); Blakely v. Washington, 542 U.S. 296(2004);
United States v. Booker, 543 U.S. 220(2005); United States v. Gouveia,
467 U.S. 180 (1984); Coleman v. Alabama, 399 U.S. 1 (1970); Gideon v.
Wainwright, 372 U.S.335(1963); Williams v. Taylor, 528U.S.362(2000)
```

Do you have an attorney for this petition?    Yes ☒ No ☒

If you do, give the name and address of your attorney:

_____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on  11/26/07  _____
            Date                 Signature of Petitioner

( rev. 5/96)

1

2

3

## **PROOF OF SERVICE**

4

## **Declaration Of Service By Mail**

5

6 I, Hoa Trung Khuu, declare that I am over the age of eighteen
(18) and that I am a party to this action. On November 26,
7 2007, I deposited a copy of the following document(s):

8

9 **FEDERAL HABEAS CORPUS AND EXHIBITS;
SASE FOR COMFERMED COPY**

10

11 In a sealed envelope with postage prepaid into the United
States mail outlet via authorized Tallahatchie County
12 Correctional employee at Tallahatchie County Correctional
Institution 295 U.S. Highway 49 South, Tutwiler, Mississippi
13 38963, and addressed as follows:

14

15 **UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**
16 **Federal Courthouse**
17 **450 Golden Gate Avenue**
**San Francisco, CA 94102-3483**
18

19

20 I declare under penalty of perjury pursuant to 28 U.S.C.
§1746, and State Laws, that the foregoing is true and correct
21 and that this declaration was executed at Tallahatchie County
22 Correctional Facility, 295 U.S. Highway 49 South, Tutwiler,
23 Mississippi 38963

24

25

26

27 **DATED: November26, 2007    Signature:** _____

28