UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HOA TRUNG KHUU,

    Petitioner,

    v.

JOHN TILTON, CDCR Secretary,

    Respondent.

No. C 07-6351 SI (pr)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Hoa Trung Khuu, a California prisoner is incarcerated out-of-state at the Tallahatchie County Correctional Facility in Tutwiler, Mississippi. He filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Khuu states in his petition that he was convicted in San Mateo County Superior Court of two counts of first degree burglary, one count of attempted first degree burglary, and two counts of receiving stolen property. On November 18, 2004, he was sentenced to 17 years in prison. He appealed. His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court. He also filed unsuccessful habeas petitions in state court. Khuu then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition asserts three claims. First, Khuu alleges that the imposition of consecutive terms based on factual findings made by the judge rather than the jury violated Khuu's Sixth Amendment right to a jury trial. Liberally construed, the claim is cognizable in federal habeas. See Cunningham v. California, 127 S. Ct. 856, 863-64 (2007) and Apprendi v. New Jersey, 530 U.S. 466 (2000).

Second, he alleges that his Sixth Amendment right to counsel was violated by the trial court's denial of his request to discharge his retained attorney. Liberally construed, the claim is cognizable in federal habeas. See Wheat v. United States, 486 U.S. 153 (1988).

Third, Khuu contends that his rights to due process and equal protection were violated when the State of California did not follow a stipulation in an earlier federal plea agreement that the conviction would not be used in the future as a prior conviction for enhancement purposes. The due process claim is cognizable in federal habeas. See Santobello v. New York, 404 U.S. 257, 262 (1971). However, the allegations pled do not suggest any equal protection violation. The equal protection claim therefore is dismissed. The third claim also mentions violations of Khuu's rights under the California Constitution. The claim for a violation of any rights he has under the state constitution cannot be entertained in a federal habeas action. The federal writ of habeas corpus can only be issued to remedy a violation of the Constitution, laws or treaties of

the United States. 28 U.S.C. § 2254(a); see Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). The state law claim therefore is dismissed.

## CONCLUSION

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response. The equal protection and state law claims are dismissed.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **May 9, 2008**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **June 13, 2008**.

IT IS SO ORDERED.

DATED: April 7, 2008

                                                SUSAN ILLSTON
United States District Judge