1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | GERALD A. ENGLER
Senior Assistant Attorney General
4 | PEGGY S. RUFFRA
Supervising Deputy Attorney General
5 | CHRISTOPHER J. WEI, State Bar No. 78958
Deputy Attorney General
6 | 455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
7 | Telephone: (415) 703-5867
Fax: (415) 703-1234
8 | Email: Christopher.Wei@doj.ca.gov

9 | Attorneys for Respondent

10

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

13 | SAN FRANCISCO DIVISION

14

15 | **HOA TRUNG KHUU,**

Petitioner,

16

17 | v.

18 | **JOHN TILTON, CDCR Secretary,**

Respondent.

19

C 07-6351 SI (pr)

**EXHIBIT 1 (part 2)**

20

21

22

23

24

25

26

27

28

Exhibit 1 (part 2)

Khuu v. Tilton
C 07-6351 SI (pr)

# EXHIBIT 1 (part 2)

120

J2411H1              SUPERIOR COURT - HALL OF JUSTICE & RECORDS        06/17/04
SAN MATEO CJIS              IN AND FOR THE COUNTY OF SAN MATEO            14:03
ORGANIZATION: SC

CASE NO. SC056446 A      DATE: 06/17/04      TIME: 09:00      DEPT.: 9

PEOPLE VS. HOA TRUNG KHUU

JUDGE:     CRAIG L PARSONS          CLERK:     DARLENE WICH
REPORTER: DAYNA HUHN               2ND CLERK:  BIANCA NEDELCU
D.A.:     OBERMEYER                DEFENSE CO: FRANK BELL(SPEC APP)

PROCEEDINGS: FELONY ARRAIGNMENT

CHARGES: 1. PC 460(A)
         2. PC 664/460(A)
         3. PC 460(A)
         4. PC 496(A)
         5. PC 496(A) W/PC 1203(K) W/PC 1170.12(C)(1) W/PC 667(A)

DEFENDANT PRESENT IN CUSTODY.

MATTER CONTINUED TO 06/24/2004 AT 8:45 A.M. IN SCRWC
     COURT, D- CR FOR FELONY ARRAIGNMENT.

BAIL SET AT $300,000.00.

DEFENDANT REMAINS IN CUSTODY.

ENTERED ON CJIS BY B NEDELCU DATE 06/17/2004.

```
J2411H1              SUPERIOR COURT - HALL OF JUSTICE & RECORDS        06/24/04
SAN MATEO CJIS            IN AND FOR THE COUNTY OF SAN MATEO              12:09
ORGANIZATION: SC


   CASE NO. SC056446 A       DATE: 06/24/04       TIME: 09:00       DEPT.: 9

   PEOPLE VS. HOA TRUNG KHUU

   JUDGE:   CRAIG L PARSONS            CLERK:       DARLENE WICH
   REPORTER: DAYNA HUHN               2ND CLERK:   BIANCA NEDELCU
   D.A.:    GALLAGHER                 DEFENSE CO: BELL(SPECIAL APPEAR)

   PROCEEDINGS: FELONY ARRAIGNMENT
```

CHARGES: 1. PC 460(A)
         2. PC 664/460(A)
         3. PC 460(A)
         4. PC 496(A)
         5. PC 496(A) W/PC 1203(K) W/PC 1170.12(C)(1) W/PC 667(A)

DEFENDANT PRESENT IN CUSTODY.

DEFENDANT WAS ARRAIGNED; THROUGH COUNSEL WAS HANDED A
    COPY OF THE INFORMATION, WAIVED ITS READING, AND WAIVED
    ADVICE AS TO RIGHTS.

DEFENDANT, THROUGH COUNSEL, WAS HANDED A COPY OF THE
    PRELIMINARY HEARING TRANSCRIPT.

TIME WAIVED FOR TRIAL BY DEFENDANT.

MATTER CONTINUED TO 07/01/2004 AT 8:45 A.M. IN SCRWC
    COURT, D- CR FOR ID OF COUNSEL.

BAIL SET AT $300,000.00.

DEFENDANT REMAINS IN CUSTODY.

ENTERED ON CJIS BY B NEDELCU DATE 06/24/2004.

122

```
J2411H1          SUPERIOR COURT - HALL OF JUSTICE & RECORDS      07/01/04
SAN MATEO CJIS           IN AND FOR THE COUNTY OF SAN MATEO          13:22
ORGANIZATION: SC
```

CASE NO. SC056446 A      DATE: 07/01/04      TIME: 09:00      DEPT.: 9

PEOPLE VS. HOA TRUNG KHUU

JUDGE:     CRAIG L PARSONS          CLERK:      DARLENE WICH
REPORTER: DAYNA HUHN                2ND CLERK:  LISABETH FALLS
D.A.:      ALLHISER                 DEFENSE CO: BELL (SP APP)

PROCEEDINGS: ID OF COUNSEL

CHARGES: 1. PC 460(A)
         2. PC 664/460(A)
         3. PC 460(A)
         4. PC 496(A)
         5. PC 496(A) W/PC 1203(K) W/PC 1170.12(C)(1) W/PC 667(A)

DEFENDANT PRESENT IN CUSTODY.

TIME CONTINUES TO BE WAIVED.

MATTER CONTINUED BY THE COURT TO 07/08/2004 AT 8:30 A.M.
     IN SUPERIOR COURT - HALL OF JUSTICE & RECORDS DEPT CR
     FOR ID OF COUNSEL.

MATTER CONTINUED BY THE COURT TO 07/08/2004 AT 8:30 A.M.
     IN SUPERIOR COURT - HALL OF JUSTICE & RECORDS DEPT CR
     FOR PLEA.

DEFENDANT REMAINS IN CUSTODY.

ENTERED ON CJIS BY L FALLS DATE 07/01/2004.

```
J2411H1            SUPERIOR COURT - HALL OF JUSTICE & RECORDS        07/08/04
SAN MATEO CJIS           IN AND FOR THE COUNTY OF SAN MATEO            14:15
ORGANIZATION: SC


  CASE NO. SC056446 A       DATE: 07/08/04     TIME: 09:00      DEPT.: 12

  PEOPLE VS. HOA TRUNG KHUU

  JUDGE:   JAMES H ELLIS, JUDGE         CLERK:    KRISTY NELSON
  REPORTER: SANDRA BETTENCOURT          2ND CLERK: LISABETH FALLS
  D.A.:    ALLHISER                     DEFENSE CO: BELL

  PROCEEDINGS: PLEA
              ID OF COUNSEL

CHARGES: 1. PC 460(A)
         2. PC 664/460(A)
         3. PC 460(A)
         4. PC 496(A)
         5. PC 496(A) W/PC 1203(K) W/PC 1170.12(C)(1) W/PC 667(A)
```

DEFENDANT PRESENT IN CUSTODY.

DEFENDANT ENTERED A PLEA OF NOT GUILTY TO ALL COUNTS.

DEFENDANT DENIED ALL SPECIAL ALLEGATIONS, PRIORS AND/OR
     OVERT ACTS AS ALLEGED IN THE INFORMATION.

TIME NOT WAIVED FOR TRIAL BY DEFENDANT.

PRE-TRIAL CONFERENCE SET 08/09/2004 AT 1:30 P.M. IN
     SCRWC COURT, D- CR.

JURY TRIAL SET ON 08/30/2004 AT 8:30 A.M. IN SCRWC
     COURT, D- CR.

DEFENDANT REMAINS IN CUSTODY.

BAIL SET AT $300,000.00.

DEFENDANT ORDERED TO RETURN.

ENTERED ON CJIS BY L FALLS DATE 07/08/2004.

124

J2411H1               SUPERIOR COURT - HALL OF JUSTICE & RECORDS          08/10/04
SAN MATEO CJIS             IN AND FOR THE COUNTY OF SAN MATEO               09:43
ORGANIZATION: SC

CASE NO. SC056446 A      DATE: 08/09/04      TIME: 09:00      DEPT.: 18

PEOPLE VS. HOA TRUNG KHUU

JUDGE:    JOHN G SCHWARTZ, JUDGE      CLERK:      FRANCOISE ESPINOZA
REPORTER: KATHY LEZCHUK               2ND CLERK:  URSULA HAWKINS
D.A.:     PITT                        DEFENSE CO: BELL

PROCEEDINGS: PRE-TRIAL CONFERENCE

CHARGES: 1. PC 460(A)
         2. PC 664/460(A)
         3. PC 460(A)
         4. PC 496(A)
         5. PC 496(A) W/PC 1203(K) W/PC 1170.12(C)(1) W/PC 667(A)

DEFENDANT PRESENT IN CUSTODY.

PRE-TRIAL CONFERENCE HELD.

JURY TRIAL CONFIRMED.

MOTION FOR REDUCTION OF BAIL IS DENIED.

DEFENDANT REMAINS IN CUSTODY.

DEFENDANT ORDERED TO RETURN.

ENTERED ON CJIS BY UDH DATE 08/09/2004.

125

```
J2411H1            SUPERIOR COURT - HALL OF JUSTICE & RECORDS        08/30/04
SAN MATEO CJIS            IN AND FOR THE COUNTY OF SAN MATEO            11:15
ORGANIZATION: SC
```

CASE NO. SC056446 A      DATE: 08/30/04      TIME: 09:00      DEPT.: 12

PEOPLE VS. HOA TRUNG KHUU

JUDGE:    JAMES H ELLIS, JUDGE          CLERK:      KRISTY NELSON
REPORTER: SANDY BETTENCOURT            2ND CLERK:  URSULA HAWKINS
D.A.:     ALLHISER                     DEFENSE CO: FRANK BELL

PROCEEDINGS: JURY TRIAL

---

CHARGES: 1. PC 460(A)
         2. PC 664/460(A)
         3. PC 460(A)
         4. PC 496(A)
         5. PC 496(A) W/PC 1203(K) W/PC 1170.12(C)(1) W/PC 667(A)

---

DEFENDANT PRESENT IN CUSTODY.

CONFERENCE HELD.

JURY TRIAL ASSIGNED TO DEPARTMENT 18.

FORTHWITH

TIME ESTIMATE IS 5 DAYS FOR TRIAL

DEFENDANT REMAINS IN CUSTODY.

DEFENDANT ORDERED TO RETURN.

ENTERED ON CJIS BY UDH DATE 08/30/2004.

126

CASE NO. SC056446 A        DATE: 08/30/04        TIME: 09:00        DEPT.: 18

PEOPLE VS. HOA TRUNG KHUU

JUDGE:    JOHN G SCHWARTZ, JUDGE        CLERK:      FRANCOISE ESPINOZA
REPORTER: KATHY LEZCHUK                2ND CLERK:  NONE
D.A.:     ALLHISER                     DEFENSE CO: BELL

PROCEEDINGS: JURY TRIAL

CHARGES: 1. PC 460(A)
         2. PC 664/460(A)
         3. PC 460(A)
         4. PC 496(A)
         5. PC 496(A) W/PC 1203(K) W/PC 1170.12(C)(1) W/PC 667(A)

DEFENDANT PRESENT IN CUSTODY.

MATTER ASSIGNED TO DEPT. 18 FOR JURY TRIAL

11:29 A.M. :  COURT AND COUNSEL HELD UNREPORTED
        CONFERENCE IN CHAMBERS.  DEFENDANT NOT PRESENT.

11:41 A.M. : UNREPORTED CONFERENCE CONCLUDED.

COURT ADJOURNED TO 2 P.M. WHEN THE COURT WILL HEAR
        MOTIONS IN LIMINE

PEOPLE'S MOTION TO ADMIT EVIDENCE OF FELONY CONVICTION
        FOR IMPEACHMENT OF DEFENDANT. FILED.

PEOPLE'S PROPOSED WITNESS LIST FILED.

PROPOSED JURY INSTRUCTIONS FILED.

PEOPLE'S MOTION TO EXCLUDE EVIDENCE OF AND REFERENCE  TO
        "STRIKE" ALLEGATION AND CONSEQUENCES , EC 210, 352
        FILED.

PEOPLE'S RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE
        DEFENDANT'S STATEMENT TO POLICE FILED.

CASE NO. SC056446 A        DATE: 08/30/04        TIME: 09:00        DEPT.: 18
PEOPLE VS. HOA TRUNG KHUU

2:20 P.M. : COURT AND COUNSEL HELD UNREPORTED
    CONFERENCE IN CHAMBERS. DEFENDANT NOT PRESENT.

2:27 P.M. : UNREPORTED CONFERENCE CONCLUDED.

2:29 P.M. : COURT CONVENED. COUNSEL PRESENT. DEFENDANT
    PRESENT IN CUSTODY.

DEFENSE MOTION TO NOT READ THE DEFENDANT'S AKA'S TO THE
    JURY IS GRANTED.

DEFENSE MOTION TO BIFURCATE THE PRIORS IS GRANTED.

THE COURT WILL RULE ON THE CASTRO MOTION TOMORROW
    MORNING BECAUSE RESEARCH IS NECESSARY.

THE EXHIBITS LISTED BELOW WERE INTRODUCED AND MARKED FOR
    IDENTIFICATION ON BEHALF OF THE: PEOPLE.

EXHIBIT MOTION 1: VHS TAPE OF THE DEFENDANT'S INTERVIEW
    WITH THE INVESTIGATING OFFICERS.

THE PROSECUTION BEGAN TO PLAY THE TAPE FOR THE COURT.

BECAUSE OF BAD ACOUSTICS, THE COURT WILL WATCH THE  TAPE
    IN CHAMBERS.

COUNSEL STIPULATED THAT THE COURT REPORTER NEED NOT
    REPORT THE CONTENTS OF THE TAPE.

COURT AND COUNSEL DISCUSS SCHEDULING.

3:05 P.M. : COURT ADJOURNED TO RECONVENE ON 08/31/2004
    AT 9:00 A.M. IN SCRWC, D- 18 FOR FURTHER JURY TRIAL.

DEFENDANT ORDERED TO RETURN.

DEFENDANT REMAINS IN CUSTODY.

PEOPLE'S TRIAL MOTION #1. FILED.

**FILED** 128
SAN MATEO COUNTY

AUG 3 0 2004

Clerk of the Superior Court
By _____
DEPUTY CLERK

1  JAMES P. FOX, DISTRICT ATTORNEY
County of San Mateo, State of California
2  State Bar No. 45169
400 County Center, 3rd Floor
3  Redwood City, California 94063
By: Mary Allhiser, Deputy
4  Telephone: (650) 363-4636
Attorney for Plaintiff

5

6

7

8                  IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      IN AND FOR THE COUNTY OF SAN MATEO

10  THE PEOPLE OF THE STATE OF CALIFORNIA

11                                    Plaintiff,

12  v.

13  HOA TRUNG KHUU,

14                                    Defendant.

15

No. SC-56446A

PEOPLE'S PROPOSED WITNESS
LIST

Date: 8/30/04
Time: 8:30 AM

16

17  (1)    Tommy Hui, Foster City.

18  (2)    Solomon Chi, Foster City.

     (3)    Yao Chi, Foster City.
19
     (4)    Sharon Chi, Foster City.
20
     (5)    George Hung, Foster City.
21
     (6)    Pamela Hung, Foster City.
22
     (7)    Kevin Taliaferro, Foster City.
23
     (8)    Mary Elkington, Foster City.
24
     (9)    John Elkington, Foster City.
25
     (10)   John Parkin, Foster City.

1    (11)   Detective Pierre Morrison, Foster City Police Department (FCPD).

2    (12)   Officer Bill Sandri, FCPD.

3    (13)   Officer Mark Lee, FCPD.

4    (14)   Corporal Joel Bouza, FCPD.

5    (15)   Corporal Martin Ticas, FCPD.

6    (16)   Officer Doug Nix, FCPD.

7    (17)   Corporal Michael Hart, FCPD.

8    (18)   Detective Eric Egan, FCPD.

9    (19)   Joe Cavallero, Community Service Officer (CSO), FCPD.

10   (20)   Daniel Capodanno, CSO, FCPD.

11   (21)   Sharon Derris, Dispatcher, FCPD.

12   (22)   John Dolan, Director of Communications, FCPD.

13   (23)   Deputy Kenneth Kammuller, San Mateo County Sheriff's Office (SMCSO).

14   (24)   Sergeant Bill Bonifacio, SMCSO.

15   (25)   Anne-Marie Toensing, Criminalist, SMCSO Forensics Laboratory.

16   (26)   Renee Weber, San Mateo County Jail Administration.

17
        Dated: 8/30/04
18
                                Respectfully submitted,
19
                                JAMES P. FOX, DISTRICT ATTORNEY
20
                                By _____
21
                                Mary Allhiser, Deputy

22

23

24

25

2

Dept. 18

Case #: SC056446A

# EXHIBIT RECORD

Judge: John G. Schwartz

Plaintiff: People of the State of California

Clerk: Françoise Espinoza

Defendant: Hoa T. Khuu

Jury trial start date: 08/30/04

| Number or Letter | Description of Exhibits | Id | Admit | Withdrawn by (signature) | Date of W/drawl |
|---|---|---|---|---|---|
| 1 | Poster Board with pictures labeled A through J (pictures of house and its interior, 57 Williams) | 09/01/04 | 09/07/04 | | |
| 2 | Poster size colored street map with certain neighborhoods numbered | 09/01/04 | 09/07/04 | | |
| 3 | Poster board with pictures labeled A through L (pictures of streets and parking lots) | 09/01/04 | 09/07/04 | | |
| 4 | Enlargement of neighborhood # 8 of exhibit 2. | 09/01/04 | 09/07/04 | | |
| 5 | Poster Board with pictures labeled A through J (pictures of black Range Rover and its interior) | 09/01/04 | 09/07/04 | | |
| 6 | Photocopy of a temporary CDL | 09/01/04 | 09/07/04 | | |
| 7 | 2 page document, Photocopy of a list of addresses | 09/01/04 | 09/07/04 | | |
| 8 | Certified copy of booking photo of Hoa Trung Khuu | 09/01/04 | 09/07/04 | | |
| 9 | 17 inch screw driver with black plastic handle | 09/01/04 | 09/07/04 | | |
| 10 | Photocopy of currency tally. | 09/01/04 | 09/07/04 | | |
| 11 | Poster board with pictures labeled A through H (pictures of wallet, electronic goods, jewelry, laptop) | 09/01/04 | 09/07/04 | | |
| 12 | Large evidence envelope containing a black wallet and cell phone | 09/01/04 | 09/07/04 | | |
| 13 | Poster board with pictures labeled A through G (exterior and interior of house 1295 Beach Park Blvd.) | 09/02/04 | 09/07/04 | | |
| 14 | Poster board with pictures labeled A through I ( pictures of a house , its interior, and briefcase, 361 Beach Park Blvd) | 09/02/04 | 09/07/04 | | |
| 15 | 2 color photocopies of Taiwanese dollars | 09/02/04 | 09/07/04 | | |
| 16 | Plastic envelope containing a $100 gift certificate to Stanford Shopping Mall | 09/02/04 | 09/07/04 | | |
| 17 | Enlarged color picture of a shirtless man with tattoos (Ryan Bui) | 09/02/04 | 09/07/04 | | |
| 18 | Certified copy of a DMV vehicle registration of Black Range Rover | 09/02/04 | 09/07/04 | | |

131

| Number or Letter | Description of Exhibits | Id | Admit | Withdrawn by (signature) | Date of W/drawl |
|---|---|---|---|---|---|
| 19 | Brown paper bag containing 2 fabric gloves | 09/02/04 | 09/07/04 | | |
| 20 | photocopy of a plastic bag containing currency and a currency tally | 09/02/04 | 09/07/04 | | |
| 21 | 4 page color photocopy of US currency. | 09/02/04 | 09/07/04 | | |
| 22 | 4 page document, CLETS print-out | 09/02/04 | 09/07/04 | | |
| 23 | 3 page document, CAD print-out | 09/02/04 | 09/07/04 | | |
| 24 | San Mateo County Crime Lab evidence envelope containing a sheet of printed paper with addresses and names on it | 09/03/04 | 09/07/04 | | |
| 25 | San Mateo County Crime Lab evidence envelope containing a 2 print cards, 1 latent print lift. | 09/03/04 | 09/07/04 | | |
| 26 | San Mateo County Crime Lab evidence envelope containing a negative and black and white photograph of latent print. | 09/03/04 | 09/07/04 | | |
| 27 | Certified copy of San Mateo County booking photo of Ryan Bui | 09/03/04 | 09/07/04 | | |
| 28 | Certified copy of CDL of Hoa Trung Khuu | 09/03/04 | 09/07/04 | | |
| | | | | | |
| | | | | | |
| A | 8.5 by 11 inches enlarged photograph of the face of the defendant. | 09/01/04 | 09/07/04 | | |
| B | Evidence envelope containing tool imprints | 09/01/04 | 09/07/04 | | |
| C | Evidence envelope containing pictures and negatives of tool markings on a door. | 09/01/04 | 09/07/04 | | |
| D | Certified copy of CDL of Ryan Bui | 09/03/04 | 09/07/04 | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

132

SUPERIOR COURT IN AND FOR SAN MATEO COUNTY

MARVIN CHURCH, COUNTY CLERK-RECORDER

Dept. No. _18_

# EXHIBIT RECORD

Case No. SC 56464

White and Yellow—(Staple outside Envelope)
Pink—(Put in Court Case File)

Judge _Schwartz_          Clerk _F Espinoza_

Plaintiff _Peo of St of CA_          Defendant _Hoa Trung Kluu_

Plaintiff's Atty _Mary Allhiser_          Defendant's Atty _Frank Bell_

The following exhibits were introduced in evidence or marked for identification during Trial/Hearing of _8/30/06_
                                                                                              Date

| Number or Letter | Description of Exhibits | Ident. | Admit. | Withdrawn By (Signature Receipt) | Date of Withdrawal |
|---|---|---|---|---|---|
| Motion | VHS Tape "Foster City PD" 2006-050 | 8/30 | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Date Judgment Rendered _____

Received by Exhibit Custodian _____          Date _____

No. Clerk Form 229 (Rev. 4/76)          2 710-72

1   JAMES P. FOX, DISTRICT ATTORNEY
    County of San Mateo, State of California
2   State Bar No. 45169
    400 County Center, 3rd Floor
3   Redwood City, California 94063
    By: Mary Allhiser Deputy
4   Telephone: (650) 363-4636
    Attorney for Plaintiff

5

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF SAN MATEO

10  THE PEOPLE OF THE STATE OF CALIFORNIA

11                                Plaintiff,          No. SC-56446A

                                                     PEOPLE'S MOTION TO ADMIT
12  v.                                               EVIDENCE OF FELONY
                                                     CONVICTION FOR IMPEACHMENT
13  HOA TRUNG KHUU,                                  OF DEFENDANT

14                                Defendant.

15                                                   Date:  8/30/04
                                                     Time:  8:30 A.M.
16

17  I.          **STATEMENT OF THE CASE**

18       Defendant Khuu has been charged with two counts of residential burglary, one count of

19  attempted residential burglary, and two related counts of receiving stolen property. These offenses

20  are alleged to have occurred on or between 3/9/04 and 3/10/04 in Foster City.

21       It is also alleged that defendant has a prior "strike" conviction (P.C. 1170.12(c)(1)) and a

    five-year "serious felony" prior under P.C. 667(a).

22       Defendant's date of birth is 12/4/74. Prior to the commission of the above offenses,

23  defendant was convicted of a federal felony offense. There was an outstanding warrant for his arrest

24  for federal supervised release violation at the time of the alleged crimes.

25  ///

FILED
SAN MATEO COUNTY
AUG 3 0 2004
Clerk of the Superior Court
By
DEPUTY CLERK

Defendant's felony conviction history is as follows:

Aid and Abet Conspiracy to Obstruct ("Hobbs Act" - robbery) 18 USC sections 2 and 1951
and Conspiracy to Use a Firearm to Commit a Felony 18 USC section 371,
United States District Court, Northern District of California, Case #CR-94-0350 MHP
(offense date 7/7/94) (sentenced on 11/12/96 to 53 months in prison, followed by 3 years of
supervised release.

The People seek to impeach the defendant with his prior felony conviction.

II.                                    **ARGUMENT**

On March 11, 1985, the California Supreme Court decided People v. Castro (1985) 38

Cal.3d 301. The decision interpreted Article I, Section 28, subdivision (f) of the California

Constitution. Section 28(f) was enacted in 1982, as part of Proposition 8. It provided that prior

felony convictions shall be used for purposes of impeachment "without limitation."

In People v. Castro, supra, the defendant was convicted of receiving stolen property in

violation of Penal Code section 496. The defendant testified at her jury trial and was impeached

with her prior felony convictions for possession of heroin for sale and possession of heroin. The

court relied on section 28(f) in denying the defendant's motion to exclude impeachment with the

two prior felony convictions. The defendant was convicted by jury verdict.

In Castro, supra, the Supreme Court ruled that the defendant was properly impeached with

her felony conviction for possession of heroin for sale, but was improperly impeached with her

conviction for simple possession of heroin. However, the Court concluded that the error was

harmless and affirmed the conviction.

While the Castro opinion is a somewhat vague opinion, the following holdings are apparent:

1.   Section 28(f) was not intended to abrogate the inherent power of the trial court to
control the admission of evidence by the exercise of discretion to exclude prejudicial matter
as provided by Evidence Code section 352.

2.   Always subject to the trial court's discretion under section 352, section 28(f)   authorizes
the use of any felony conviction that necessarily involves moral turpitude, even if the
immoral trait is one other than dishonesty. On the other hand, section 352 as well as due
process forbids the use of felony convictions that do not necessarily involve moral turpitude.

1 3 5

Moral turpitude is defined in three different ways in the Court's opinion:

a.   A felony meets the first moral turpitude standard if it shows a "readiness to do evil."
     This phrase was taken from an 1884 Oliver Wendell Holmes opinion which stated the
     general proposition that a felony involving a general readiness to do evil demonstrates
     that the witness is of bad character and unworthy of credit. There is no further definition
     of what is meant by a "readiness to do evil."

b.   The question in determining whether a felony involves moral turpitude is somewhat
     broad: does the felony necessarily evince any character trait which can reasonably be
     characterized as "immoral"? The Court stated elsewhere in the opinion that the
     constitutional imperative of relevance prohibits impeachment with felonies which do not
     connote moral laxity of any kind. The Court also stated that in evaluating the relevancy
     of a felony offered for impeachment, the trial court must evaluate the moral defect
     shown by the conviction.

c.   Finally, the Supreme Court, in holding that it was proper to allow impeachment with a
     conviction for possession of heroin for sale, stated that although possession for sale does
     not involve dishonesty, it does involve "the intent to corrupt others." Therefore, it may
     be characterized as "immoral"; and impeachment was validly permitted.

The Castro Court set forth a two-part analysis for a trial court to follow in determining

whether a prior felony is admissible for impeachment purposes. First, the trial court must determine

whether a prior conviction involves "moral turpitude." If the court finds that the prior does not

involve moral turpitude the prior may not be admitted. Second, if the prior does involve moral

turpitude, the court must then exercise its discretion under Evidence Code section 352 in deciding

whether to admit or exclude the prior. People v. Castro, supra, 38 Cal.3d at p. 316.

Defendant's prior offense is a crime of moral turpitude: "Hobbs Act" robbery (see People v.

Mendoza (2000) 78 Cal.App.4[th] 918, 925); and "conspiracy to use firearm in crime of violence"

(see People v. Rivera (2003) 107 Cal.App.4[th] 1374, offense of "possession of deadly weapon with

intent to assault" (P.C. 12024) is a crime of moral turpitude; and see People v. Garrett (1987) 195

Cal.App.3d 795, 799 - 800, federal offense of conspiracy to possess unregistered firearm (sawed-off

shotgun) is crime of moral turpitude because the object of the conspiracy was a crime of moral

turpitude).

1    The California Supreme Court in <u>People</u> v. <u>Valentine</u> (1986) 42 Cal.3d 170, has stated that

2    "(i)n the impeachment context, probative value is weighed against prejudicial effect principally by

3    assessing the <u>nature</u> of the prior and whether it is recent or remote - all facts the jury will learn if

4    such a prior is admitted." (emphasis in original) <u>Id.</u>at 179.    Knowledge of the nature and

5    seriousness of defendant's prior crimes are critical to this jury's assessment of the weight they

6    should be given on the issue of defendant's credibility.   This is true even though the prior

7    conviction is similar (theft–related) to the present charges. The court has discretion to admit prior

8    convictions for impeachment that are identical to the charged offenses (<u>People</u> v. <u>Stewart</u> (1985)

9    171 Cal.App.3d 59, 66, <u>People</u> v. <u>Brown</u> (1985) 169 Cal.App.3d 800).

10    Counsel may argue that the prior conviction is too remote to reflect on defendant's

11    credibility in 2004.  However, the remoteness bar is intended to inure to the benefit of one who

12    committed a crime and has long since lived in society unsupervised and crime-free.

13    Defendant was convicted in 1996 and received a fifty-three month federal prison

14    commitment. There was a warrant for violation of federal supervised release outstanding when the

15    present crimes were allegedly committed in 2004.

16    In <u>People</u> v. <u>Burns</u> (1987) 189 Cal.App.3d 734, the appellate court held that a twenty-year-

17    old prior robbery conviction was not too remote, as a matter of law, to be used for impeachment of a

18    defendant in a burglary prosecution. The matter was remanded for further consideration by the trial

      court of the following factors:

19

20    (1) the length of time that has elapsed since the conviction (a twenty-year-old conviction is
          not *per se* too remote);

21    (2) the length of the sentence served on the prior conviction (the longer that defendant was
          kept out of society, the shorter was the test of his ability to remain crime-free);

22    (3) the nature of the felony (i.e., a crime involving dishonesty is more probative of veracity
          than a crime of violence);

23    (4) the age of the defendant at the time the previous crime was committed (i.e., the older the
          defendant was when he was previously convicted, the more probative the conviction is
          on the issue of his veracity);

24    (5) the defendant's conduct subsequent to the prior conviction (i.e., was he free of criminal
          behavior, unsupervised, and out-of-custody for some period after the felony conviction

25        in question).

1    The Burns rule was reaffirmed in People v. Waples (2000) 79 Cal. App. 4th 1389 (twenty-

2    year-old sex offense was not too remote to be used as "prior bad act" in a child molest case).

3    People v. Benton (1979) 11 Cal.App.3d 92 was a prosecution for discharging a firearm at an

4    inhabited dwelling. The defendant testified and denied the shooting. The court properly allowed him

5    to be impeached with an eleven-year-old felony conviction for attempted burglary.

6    In People v. De Cosse (1986) 183 Cal.App.3d 404, the defendant was properly impeached

7    with a twelve-year old burglary conviction in a prosecution for possession of weapon and dangerous

8    drugs.

9    The People respectfully urge the court to conclude that the probative effect of defendant's

10    conviction has not been "washed out" merely by the passage of time, given the Burns criteria.

11    The defense may argue that the court should not allow impeachment, citing section 352 of

12    the Evidence Code. This claim is without merit since the probative value certainly outweighs any

      prejudicial effect.

13

14    The prejudice referred to in Evidence Code section 352 applies to evidence
      which uniquely tends to evoke an emotional bias against defendant as an
15    individual and which has very little effect on the issues. In applying section
      352, "prejudicial" is not synonymous with "damaging." People v. Yu 143
16    Cal.App.3d 358, 377.

17    In People v. Muldrow (1988) 202 Cal.App.3d 636, defendant faced a jury trial in 1986 on

18    two counts of residential burglary. His prior record, which dated from 1965 to 1984, included

19    convictions for burglary (three counts), automobile theft, rape, and petty theft. Defendant moved to

20    exclude all of the priors other than the 1984 conviction for petty theft. The trial court weighed the

21    probative value of each of the six convictions against its prejudicial impact and concluded that

22    impeachment with any less than all of these priors would give the defendant a "false aura of

23    veracity."

24

25    The appellate court in Muldrow found no abuse of discretion even though three priors were

      identical to the crime charged (burglary); although three convictions dated from ten to twenty years

1  before the trial, but were not separated by appreciable periods of "legally blameless life"; and

2  despite the cumulative effect of impeachment by six priors.

3      If this court were to prohibit impeachment of defendant with his prior moral turpitude

4  conviction, it would allow him to enjoy a "false aura of veracity." People v. Muldrow, supra.

5  III.                    CONCLUSION

6      The People urge the court to exercise its discretion and to allow the defendant to be

7  impeached with his felony moral turpitude conviction.

8      Dated: 8/30/04

9                    Respectfully submitted,
                     JAMES P. FOX, DISTRICT ATTORNEY

10                   By _____
                     Mary Allhiser, Deputy

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1   JAMES P. FOX, DISTRICT ATTORNEY
    County of San Mateo, State of California
2   State Bar No. 45169
    400 County Center, 3rd Floor
3   Redwood City, California 94063
    By: Mary Allhiser, Deputy
4   Telephone: (650) 363-4636
    Attorney for Plaintiff
5

**FILED**
**SAN MATEO COUNTY**

AUG 3 0 2004

Clerk of the Superior Court
By _____
DEPUTY CLERK

6           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

7                 IN AND FOR THE COUNTY OF SAN MATEO

8   **THE PEOPLE OF THE STATE OF CALIFORNIA**

9                               **Plaintiff,**

10  **v.**

11  **HOA KHUU,**

12                            **Defendant.**

No. SC-56446A

**TRIAL MOTION #1**

**PEOPLE'S EVIDENCE CODE 455 OFFER OF EVIDENCE TO SUPPORT SPECIAL ALLEGATIONS RE: PRIOR FEDERAL FELONY CONVICTION (Penal Code sections 667(a) and 1170.12(c)(1)); REQUEST FOR JUDICIAL NOTICE OF FEDERAL STATUTES AND COURT RECORDS (Evidence Code section 452); POINTS AND AUTHORITIES RE: EQUIVALENCE OF PRIOR FEDERAL OFFENSE TO "SERIOUS FELONY" OFFENSE IN CALIORNIA**

**Dept: CR**
**Date: 8/30/04**
**Time: 8:30 A.M.**

21  <u>**I.**   **OFFER OF EVIDENCE RE: FEDERAL COURT RECORDS AND STATUTES**</u>

22          The People respectfully offer this information in support of the court taking judicial notice of

23  United States District Court records and Unites States Code sections pursuant to Evidence Code

24  section 455.

25  ///

1        The People will ask the court to take judicial notice under Evidence Code section 452 of the

2   following (copies attached)

3   (1)    United States District Court, Northern District of California, Case Number <u>CR 94-0350MHP</u>:

4          (a) Plea Agreement (fifteen pages);

5          (b) Judgment (fifteen pages); and

6   (2)    United States Code, Title 18: sections 2 ("principals"), 371 ("conspiracy"), 1951 (Hobbs Act),

7          and 3559 (sentencing classification of offenses).

8        On 6/9/04, the People filed an Information alleging the defendant's prior felony conviction in

9   CR 94-0350MHP under Penal Code sections 667(a) and 1170.12(c)(1). The People provided to

10  defense counsel a copy of the Judgment on 7/12/04; a copy of the Plea Agreement, on 8/27/04.

11

12  II.                **REQUEST FOR JUDICIAL NOTICE**

13  <u>Evidence Code section 452</u>. Matters which may be judicially noticed
    Judicial notice may be taken of the following matters to the extent that they are not embraced
14  within Section 451:
        (a) The decisional, constitutional, and statutory law of any state of the United States and the
15  resolutions and private acts of the Congress of the United States and of the Legislature of this
    state.
16          ***
        (c) Official acts of the legislative, executive, and judicial departments of the United States
17  and of any state of the United States.
        (d) Records of (1) any court of this state or (2) any court of record of the United States or of
18  any state of the United States.
    ***
19

20  <u>Evidence Code § 453</u>. Compulsory judicial notice upon request
    The trial court shall take judicial notice of any matter specified in Section 452 if a party
21  requests it and:
        (a) Gives each adverse party sufficient notice of the requests, through the pleadings or
22  otherwise, to enable such adverse party to prepare to meet the request; and
        (b) Furnishes the court with sufficient information to enable it to take judicial notice of the
    matter.

23

24  ///

25

Evidence Code section 455.  Opportunity to present information to court

With respect to any matter specified in Section 452 or in subdivision (f) of Section 451 that is of substantial consequence to the determination of the action:

   (a) If the trial court has been requested to take or has taken or proposes to take judicial notice of such matter, the court shall afford each party reasonable opportunity, before the jury is instructed or before the cause is submitted for decision by the court, to present to the court information relevant to (1) the propriety of taking judicial notice of the matter and (2) the tenor of the matter to be noticed.

   (b) If the trial court resorts to any source of information not received in open court, including the advice of persons learned in the subject matter, such information and its source shall be made a part of the record in the action and the court shall afford each party reasonable opportunity to meet such information before judicial notice of the matter may be taken.

III.   **POINTS AND AUTHORITIES RE: EQUIVALENCE OF PRIOR FELONY OFFENSE TO "SERIOUS FELONY" IN CALIFORNIA**

The court in People v. Kelii (1999) 21 Cal. 4th 452 established that the determination whether the criminal conduct that resulted in a prior conviction is a "serious felony" (Penal Code section 1192.7(c)) is a matter of law for the court.

An out-of-state or federal prior conviction may be used to enhance the sentence of a defendant who commits a crime in California if the "foreign" prior offense would be a qualifying felony if it had been committed in California, Penal Code section 668.

In 1999, Penal Code section 668 was amended to expressly provide that a prior conviction in another jurisdiction has the same effect on the sentencing of a recidivist as a comparable "prior" that was committed in California. This amendment was in accord with the case law that had developed relating to habitual offender enhancements (e.g., People v. Johnson (1995) 33 Cal.App.4[th] 623, 630 (P.C. 667.6(b)).

The nature of the "foreign" conviction can be established from the entire record of conviction, just as the nature of a California conviction can be established from the entire record of conviction, following the rule in People v. Guerrero (1988) 44 Cal.3d 343. "The court may look to the entire record of the conviction to determine the substance of the prior foreign conviction; but when the record does not disclose any of the facts of the offense actually committed, the court will presume

1  that the prior conviction was for the least offense punishable under the foreign law." ( *People v.*

2  *Guerrero, supra,* 44 Cal.3d at pp. 354-355.)

3      The Guerrero rule was applied to "foreign" priors in People v. Hazelton (1996) 14 Cal.4th

4  101, 109 (P.C. 1170.12(c)), People v. Myers (1993) 5 Cal.4th 1193, 1195 (P.C. 667(a)); and see

5  People v. Jones (1999) 75 Cal.App.4th 616, for application of the rule to a prior federal bank robbery

6  conviction.

7      A record establishing that the "foreign" offense is equivalent to a California offense may take

8  various forms. As examples: in People v. Riel (2000) 22 Cal.4th 1153, the transcript of defendant's

9  guilty plea to Washington "burglary" was sufficient to prove a P.C. 667.5(f) "prison prior"; in People

10  v. Hayes (1992) 6 Cal.App.4th 616, an information and guilty plea were sufficient to prove that a

11  prior "robbery" in Texas was the same as the "serious felony" of robbery in California; and In Re

12  Jones (1994) 27 Cal.App.4th 1032, judgments and sentencing orders were among the documents used

13  to establish the nature of the prior offenses committed in New Mexico and Texas.

14      If the record establishes that the "foreign" prior offense contains all the same elements as any

15  "serious felony" in California, it is immaterial that the foreign statute defines the crime differently

16  than does California (People v. Reynolds (1991) 232 Cal App.3d 1528, 1533-1534). There is no

17  magical significance to the name of the foreign crime.

18      In this case, the People have asked the court to take judicial notice of the statutes violated by

19  defendant in 94-0350MHP. It is evident from the federal statutes that his crime was a felony, in that

20  the maximum possible penalty was more than one year in prison (United States Code, Title 18

21  sections 2, 371, 1951 and 3559).

22      The People concede that a "Hobbs Act" violation could be based on either "robbery" or

23  "extortion." In California, the crime of extortion is not a listed "serious felony" in P.C. 1192.7(c).

24

25

1  Therefore, mere citation to the United States Code would not establish that defendant's prior federal

2  offense was equivalent to a California "serious felony."

3      Instead, the People will prove – based on the record of the Federal conviction (plea agreement

4  and judgment)– that defendant's prior criminal conduct satisfies the elements of a California "serious

5  felony" (P.C. 1192.7(c)) for the purposes of the sentencing allegations P.C. 667(a) and P.C.

6  1170.12(c)(1).

7      The records in the United States District Court for the Northern District of California Case

8  Number 94-0350MHP demonstrate that defendant was previously convicted of an offense (aiding and

9  abetting a conspiracy to commit a Hobbs Act robbery under 18 USC sections 2, 1951, and 371)

10  which is equivalent to the "serious felony" of <u>conspiracy to commit robbery</u> under Penal Code

11  sections 1192.7(c)(19) and (42), as well as to the "serious felony" of <u>attempted robbery</u> under Penal

12  Code sections 1192.7(c)(19) and (39).

13  <u>Conspiracy to Commit Robbery</u>

14      In California, a conspiracy (P.C. 182) to commit a "serious felony" is itself a "serious

15  felony," P.C. 1192.7(c)(42). Robbery is a listed "serious felony," P.C. 1192.7(c)(19).

16

17      The elements of conspiracy in P.C. 182 are defined in CALJIC 6.10:

18      A conspiracy is an agreement entered into between two or more persons with the specific intent
        to agree to commit the crime of [[or] ] and with the further specific intent to commit that crime
19      [[or] ], followed by an overt act committed in this state by one [or more] of the parties for the
        purpose of accomplishing the object of the agreement. Conspiracy is a crime.

20      In order to find a defendant guilty of conspiracy, in addition to proof of the unlawful agreement
21      and specific intent, there must be proof of the commission of at least one of the acts alleged in
        the (information, indictment) to be [an] overt act[s] and that the act found to have been
22      committed was an overt act. It is not necessary to the guilt of any particular defendant that [he]
        [she] personally committed an overt act [, if [he] [she] was one of the conspirators when the
23      alleged overt act was committed].

24      The term "overt act" means any step taken or act committed by one [or more] of the
        conspirators which goes beyond mere planning or agreement to commit a crime and which step
25      or act is done in furtherance of the accomplishment of the object of the conspiracy.

1    To be an "overt act", the step taken or act committed need not, in and of itself, constitute the
2    crime or even an attempt to commit the crime which is the ultimate object of the conspiracy.
     Nor is it required that the step or act, in and of itself, be a criminal or an unlawful act.

3
4    The plea agreement in 94-0350MHP (pages 2-3) establishes that the defendant conspired with

5    Tung Pham, George Gatan, Billy Vang, Howson Nguyen, and others with the specific intent to rob

6    computer chips from a truck occupied by employee(s) of Intel Corporation. The "overt acts" in

7    furtherance of the conspiracy included: defendant stole a Honda to use as a second car in the Intel

8    robbery; defendant met with co-conspirators and undercover federal agents the same day to discuss

9    the details of the Intel truck robbery; in that discussion, defendant affirmed that he had tape to

10   restrain the truck driver; in that discussion, co-conspirator Pham affirmed that he had brought two

11   guns to use in the robbery; and in that discussion, co-conspirators and federal undercover agents

12   reviewed a diagram of the planned robbery location and discussed how to deal with the Intel truck

13   driver (holding a gun to his head).

14       As described in the plea agreement, this was a "sting" operation. Defendant and co-conspirators

15   were arrested for federal crimes after the meeting. From one of the cars driven by co-conspirators to

16   the meeting, federal agents seized two loaded firearms, tape, six pairs of surgical gloves, rope, and a

17   dart gun.

18       The People will assume, without conceding, that a defense available to a defendant charged

19   with the California crime of conspiracy would have to have been available to a federal defendant

20   charged with conspiracy for the federal offense to be used as a "prior conviction." It is true that the

21   defendant could not have completed the object of the conspiracy described in the plea agreement

22   because it was a "sting" operation. However, under California law, factual impossibility is not a

23   defense to conspiracy (People v. Peppars (1983) 140 Cal.App.3d 677, 687-688).

24   ///

25

The object of the conspiracy described in the plea agreement qualifies as a California robbery under P.C. 211. Robbery is defined in CALJIC 9.40 as follows:

[Defendant is accused [in Count[s] ] of having committed the crime of robbery, a violation of § 211 of the Penal Code.]

Every person who takes personal property in the possession of another, against the will and from the person or immediate presence of that person, accomplished by means of force or fear and with the specific intent permanently to deprive that person of the property, is guilty of the crime of robbery in violation of Penal Code § 211.

The words "takes" or "taking" require proof of (1) taking possession of the personal property, and (2) carrying it away for some distance, slight or otherwise.

["Immediate presence" means an area within the alleged victim's reach, observation or control, so that he or she could, if not overcome by violence or prevented by fear, retain possession of the subject property.]

"Against the will" means without consent.

In order to prove this crime, each of the following elements must be proved:

1. A person had possession of property of some value however slight;

2. The property was taken from that person or from [his] [her] immediate presence;

3. The property was taken against the will of that person;

4. The taking was accomplished either by force or fear; and

5. The property was taken with the specific intent permanently to deprive that person of the property.

From the description of the crime in the plea agreement, it can be concluded that it would have been a violation of P.C. 211 if the crime had been carried out as the conspirators planned:

1. a truck driver/employee of Intel Corporation possessed computer chips;
2. the property would be taken from the presence of the driver/employee (in the truck);
3. the Intel employee's will would be overcome (truck's path blocked, driver tied up);
4. the employee would be threatened with two loaded guns;
5. the co-conspirators would escape with the loot, using two cars.

1    In sum, defendant would have been convicted of P.C. 182/211, a "serious felony" under P.C.

2    1192.7(c)(19) and (42) if he had been prosecuted in state court for the conduct described in the plea

3    agreement.

4    Attempted Robbery

5        In California, "attempt" within P.C. 664 is defined as follows (CALJIC 6.00):

6
7    An attempt to commit a crime consists of two elements, namely, a specific intent to commit
     the crime, and a direct but ineffectual act done toward its commission.

8    In determining whether this act was done, it is necessary to distinguish between mere
     preparation, on the one hand, and the actual commencement of the doing of the criminal
9    deed, on the other. Mere preparation, which may consist of planning the offense or of
     devising, obtaining or arranging the means for its commission, is not sufficient to constitute
10   an attempt. However, acts of a person who intends to commit a crime will constitute an
     attempt where those acts clearly indicate a certain, unambiguous intent to commit that
11   specific crime. These acts must be an immediate step in the present execution of the
     criminal design, the progress of which would be completed unless interrupted by some
12   circumstance not intended in the original design.

13
14       The conduct described in the federal plea agreement establishes that defendant and his

15   accomplices would have blocked off the Intel truck, bound and put a gun to the head of the driver,

16   taken the computer chips from the truck, and escaped in their two cars – if this had not been a "sting"

17   operation.

18       As is the California law on conspiracy, factual impossibility is not a defense to the crime of

19   attempt (People v. Rojas (1961) 55 Cal.2d 252 ("sting" operation by police using recovered "stolen"

20   property), People v. Meyer (1985) 169 Cal.App.3d 496, 504-505 (sale of contraband chemicals to an

21   undercover police officer)).

22       A person may be convicted of attempted robbery although he never progressed to applying

23   force or fear to a victim (People v. Vizcarra (1980) 110 Cal.App.3d 858).

24       In addition to establishing the "serous felony" of conspiracy to rob, the plea agreement

25   establishes the California "serious felony" of attempted robbery within P.C. 1192.7(c)(19) and (39).

1

2   IV.                          **CONCLUSION**

3          The People respectfully request that the court take judicial notice of the above-listed federal

4   statutes and court records as evidence of the special allegations under Penal Code sections 667(a) and

5   1170.12(c)(1); and then determine, as a matter of law, that the defendant's prior federal offense

6   qualifies as a "serious felony."

7

    Dated: 8/30/04

8

9                                    Respectfully submitted,

10                                   JAMES P. FOX, DISTRICT ATTORNEY

11                                   By_____
                                        Mary Allhiser, Deputy

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1  MICHAEL J. YAMAGUCHI
United States Attorney

2  CHARLES B. BURCH
3  Chief, Criminal Division

4  GEOFFREY A. ANDERSON
Chief, Organized Crime Strike Force

5  BARBARA BRENNAN SILANO
6  Assistant United States Attorney
Organized Crime Strike Force

7
450 Golden Gate Avenue, 11th Floor
8  San Francisco, California  94102
Telephone:  (415) 556-0764

9
Attorneys for Plaintiff

**FILED**

JUN 6 - 1995

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

I hereby certify that the annexed
instrument is a true and correct copy
of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By _____
Date _____  Deputy Clerk

10
UNITED STATES DISTRICT COURT

11
NORTHERN DISTRICT OF CALIFORNIA

12

13  UNITED STATES OF AMERICA,        )   Criminal Number:  CR 94-0350 MHP
                      Plaintiff,    )
14                                   )   PLEA AGREEMENT
              v.                     )
15                                   )
                                     )
16  HOA TRUNG KHUU                   )
                                     )
17              Defendant.           )
    _____    )

18

19        The United States Attorney for the Northern District of

20  California (hereafter "the government"), and the defendant, (Hua

21  Trung Khuu), with the advice of counsel, hereby enter into the

22  following agreement pursuant to Rule 11(e)(1)(B) of the Federal

23  Rules of Criminal Procedure:

24        1.  (a)  The defendant will plead guilty to Count One of

25  the Indictment charging him with conspiring to obstruct commerce in

26  violation of 18 U.S.C. § 1951. In addition, the defendant will

plead guilty to Count Two charging him with conspiracy to knowingly
carry and use a firearm during the commission of a violent felony
in violation of Title 18 U.S.C. 371. The defendant is pleading
guilty because he is guilty, and agrees that the following facts
are true:

   The defendant agreed and conspired with Tung Pham, George
Gatan, Billy Vang, Howson Nguyen and others to obstruct commerce by
robbery of a shipment of computer chips from Intel Corporation.  To
that end, the defendant attended a meeting to develop the details
of the planned robbery summarized below:

   On July 6, 1994, defendant was contacted by Howson
Nguyen and agreed to assist in a planned robbery of Intel
Computer chips from a shipment destined for Ireland.
Included as part of the plan was that Khuu would steal a
car for use in the robbery.

   On July 7, 1994, Khuu stole a Honda vehicle License
2ZXL063 with the use of a screwdriver for use in the
robbery.

   On 7/7/94 at approximately 9:00 A.M., Agents Wong and Siu
met, at the Lucky Penny Restaurant on Geary and Masonic,
San Francisco, with HOWSEN NGUYEN and TUNG PHAM.  Present
with HOWSEN NGUYEN and TUNG PHAM were two Asian males
which the agents had never seen.  The two Asian males
were identified as HOA KHUU and a juvenile male, Long
BUI.  Agent Wong asked if KHUU and BUI "knew what was
going on" and "were they okay" and both NGUYEN and PHAM
said that they were okay and knew what was going on.  The
agents discussed the robbery with NGUYEN and PHAM and
Agent Siu showed a hand drawn diagram showing the
supposed location of the planned robbery.  HOWSEN NGUYEN
and TUNG PHAM discussed the robbery with the agents and,
it is believed, speaking in Vietnamese, among themselves.
HOWSEN NGUYEN instructed the agents to block the path of the
targeted truck (carrying the computer chips) with the
undercover van.  TUNG PHAM concurred with HOWSEN NGUYEN's
instructions, stating that this arrangement had worked in
the past.  The agents asked if tape (for restraining the
driver) had been brought and HOA KHUU stated that he had
the tape.  During the meeting, in KHUU'S presence,
defendant Howson Nguyen discussed holding a gun to the
driver's head as part of the plan.  Agent Siu asked how
many guns had been brought and PHAM stated that they had
brought two.  PHAM then discussed what should be done

**PLEA AGREEMENT**

2

with the driver of the van and asked, do you want me to take him. The agents asked if anyone else had come along beyond the four individuals who were present in the restaurant. HOWSEN NGUYEN stated that they had brought one more person along for the job and he was outside. The fifth person in the car was later identified as David NGUYEN. It was determined that two cars had been used to transport the five individuals to the Lucky Penny.

As the agents and the four individuals in the restaurant were preparing to leave, Agents Siu and Wong gave the signal to execute the arrests. NGUYEN, PHAM, HOA, and BUI were immediately arrested. At the same time, David NGUYEN was arrested in a white Jeep Cherokee, license 3DYS966 which was parked in the lot outside the restaurant. Agents had earlier surveilled the arrival of the Jeep Cherokee and observed NGUYEN and PHAM exiting the vehicle and David NGUYEN remaining in the car. Agents also surveilled HOA and BUI exiting a white Honda Accord, license 2ZXL063. It was subsequently determined that the Honda Accord was stolen. David NGUYEN was lying in the back seat of the Jeep Cherokee. Agents discovered two firearms (Astra, A-70, .40 caliber, Serial Number X9755, with a fully loaded magazine and a Jennings, Bryco 59, 9mm, serial number 601014, also loaded) in the back storage area of the Cherokee.

The firearms had been brought by Tung Pham and Howsen Nguyen for use in the planned robbery.

In addition to the two firearms, agents recovered the following items from the Jeep Cherokee: (a) tape; (b) 6 pairs of surgical gloves; (3) a rope; and (4) a Harrington and Son, GAT model dart gun.

2.   The defendant understands that Count One of the Indictment carries the following penalty:  a maximum penalty of twenty (20) years imprisonment, a $250,000 fine, a $50 *$100* special assessment, a period of supervised release following any sentence of imprisonment, and restitution.  The defendant further understands that Count Two of the Indictment carries the following penalty: a mandatory consecutive five year sentence.  The defendant understands that he will not be eligible for parole during any term of imprisonment imposed.  The defendant further understands that

**PLEA AGREEMENT**

3

1  the sentence to be imposed is within the sole discretion of the

2  Court.

3      3.   The defendant acknowledges that he has had all of his

4  rights explained to him and expressly recognizes that he has the

5  following rights:

6      a.   The right to plead not guilty and persist in
        that plea.

7

8      b.   The right to a speedy and public jury trial.

9      c.   The right to assistance of counsel at that
        trial and in any subsequent appeal.

10     d.   The right to remain silent at trial.

11     e.   The right to testify at trial.

12     f.   The right to confront and cross-examine
        government witnesses.

13

14     g.   The right to present evidence and witnesses in
        his own behalf.

15     h.   The right to compulsory process of the court.

16     i.   The right to be presumed innocent.

17     j.   The right to a unanimous guilty verdict.

18     k.   The right to appeal a guilty verdict.

19  The defendant further understands that he waives each and every one

20  of the above rights by pleading guilty pursuant to this Plea

21  Agreement, and it is his knowing and voluntary intention to do so.

22  Defendant further acknowledges that if a guilty plea is accepted in

23  this case there will not be a trial of any kind.

24      The defendant also agrees to waive his right to appeal

25  any sentence within the sentencing guideline range which the

26  parties have agreed to in paragraph 10.

**PLEA AGREEMENT**

4

4.   The defendant acknowledges that the sentence to be imposed for this offense is governed by the Sentencing Guidelines (the "Guidelines") as promulgated by the Sentencing Commission under the Sentencing Reform Act of 1984.

The defendant acknowledges that he has thoroughly discussed with his lawyer the effect of the Guidelines with respect to the entry of his guilty plea.

5.   This agreement is not binding upon the court or the probation office. Both the court and the probation office will make their own determinations pursuant to the Guidelines as to the appropriate sentence. The defendant further acknowledges that the Court's determination will be based upon, among other things, an independent recommendation by the United States Probation Officer, who will prepare a presentence report in this case. The defendant understands that the court will make the final decision as to how the Sentencing Guidelines apply and what sentence will be imposed. The government retains the right to provide to the court and the probation office all information and evidence in its possession regarding either the facts concerning this case or the defendant, and the applicable law.

6.   The parties agree that if the defendant meets the criteria set out in U.S.S.G. §§ 3E1.1(a) and (b), relating to acceptance of responsibility and does not otherwise violate this plea agreement, the government will not oppose a two point reduction in the base offense level.

7.   The defendant acknowledges that defense counsel has

**PLEA AGREEMENT**

5

1    advised him of the nature of the charges, any possible defenses to

2    the charges, and the nature and range of possible sentences.  The

3    defendant is satisfied that his defense counsel has provided

4    competent representation.

5         8.   The defendant specifically agrees that:

6              (a)   A special assessment of $(~~20~~ /100 ^ s) will be imposed

7    as part of the sentence.  The defendant will pay the special

8    assessment before or at the time of the sentence.

9              (b)   The defendant agrees that he shall truthfully

10   disclose all information with respect to the activities of himself

11   and others concerning all matters about which the United States, or

12   any State inquires of him, and, further, shall testify truthfully

13   and completely when properly subpoenaed before the grand jury

14   and/or at any trial or proceeding with respect to any matters about

15   which the United States or any State may request his testimony.

16             (c)   It is further understood and agreed that the

17   United States will not use any such testimony and information to be

18   provided by the defendant, or information derived therefrom either

19   directly or indirectly, except for perjury and false swearing.  It

20   is understood that the Government's forbearance from prosecution is

21   conditioned upon testimony and information being complete and

22   truthful.

23             (d)   It is further understood and agreed that the

24   defendant shall at all times give complete, truthful and accurate

25   information and testimony.  Should it be proved by the Government,

26   by a preponderance of evidence, that he either has intentionally

**PLEA AGREEMENT**

6

1   given false, incomplete or misleading testimony or information, he

2   shall thereafter be subject to prosecution for any federal criminal

3   violation of which the United States has knowledge.  Any such

4   prosecutions may be premised upon any information, statement or

5   testimony provided by him and such information, and leads derived

6   therefrom, may be used against him.

7          (e)   In consideration of the full, complete truthful

8   cooperation with federal and state law enforcement officials, the

9   United States will fully and accurately disclose the extent of the

10   defendant's cooperation to the Court, Probation Office and to

11   whatever appropriate agency the defendant designates.

12          (f)   the defendant will not move for a downward

13   departure.

14       9.   In exchange for this agreement, the United States

15   Attorney for the Northern District of California agrees as follows:

16          (a)   It will not file any additional criminal

17   charges for offenses known to the government arising out of the

18   investigation conducted by the government, leading up to the filing

19   of this Indictment and this Plea Agreement.  Such promise of non-

20   prosecution does not foreclose any prosecution for an act of

21   murder, attempted murder, or act of physical violence against the

22   person of another, or conspiracy to commit any such act of

23   violence.

24          (b)   It will move to dismiss the remaining counts in

25   the Indictment at the time of sentencing.

26          (c)   If it is determined by the Office of the United

PLEA AGREEMENT

7

1   States Attorney for the Northern District of California that the

2   defendant has provided substantial assistance in the investigation

3   or prosecution of another individual or individuals, the United

4   States will file a motion pursuant to 5K1.1 of the guidelines for a

5   reduction in the defendant's sentence.

6           (d)  No promises are made with respect to the

7   calculation of defendant's criminal history category.

8           (e)  The defendant reserves the right to make an

9   allocution at the time of sentencing without any limitation as to

10  either what sentence the Government may recommend, or as to what

11  the defendant may state except as mentioned above.

12          (f)  The United States reserves the right to

13  allocute in its full discretion at the time of sentencing without

14  limitations as to what sentence the United States may recommend

15  except as stated in the agreement herein. Further, the United

16  States retains the right to correct any misstatements of fact or

17  misstatements of law submitted by the defense or found in the

18  presentence report notwithstanding any other provision of this

19  agreement.

20          (c)  It will not move for an upward departure in

21  this case.

22      10.  The parties agree that the following Sentencing

23  Guideline computations apply to this case.

24          (a)  The base offense level is a level 20 for 18

25  U.S.C. 1951 pursuant to 2B3.1 of the Guidelines.

26          (b)  That with respect to the specific offense

**PLEA AGREEMENT**

8

characters, there are the following agreements between the
parties:

1) that by virtue of his plea to Count Two, base offense
level for the Hobbs Act should __not__ increase by 5 levels, pursuant
to 2K2.4 and Commentary; Application Note. 2.

(c)   As to the other possible specific offense
characteristics for 2B3.2, each party is free to argue to the Court
and to probation as to which characteristics may or may not
increase the base offense level in this case.

(d)   Further, with respect to any possible
adjustment for role in the offense pursuant to 3B1.1 or 3B1.2, the
government agrees to recommend that the defendant's offense level
should be reduced by two (2) levels as he was a minor participant.

11.   The defendant acknowledges and agrees that this plea
agreement may be filed under seal and become a part of the record
in this case.

12.   The defendant is entering his guilty plea freely and
voluntarily, and not as the result of force, threats, assurances,
or promises other than the promises contained in this agreement.

13.   In signing this agreement, the defendant is not
under the influence of any drug, medication, liquor, intoxicant or
depressant, and is fully capable of understanding the terms and
condition of this plea agreement.

14.   All promises here made by each party are made
dependent on full performance of the promises made by the other

**PLEA AGREEMENT**

9

party.  Any promise regarding the government's sentencing
recommendation applies only to the sentencing upon this Indictment
and does not apply, for example, to any future proceedings relating
to an alleged violation of probation, a violation of parole, or a
violation of supervised release.  This agreement binds only the
United States Attorney's Office for the Northern District of
California and does not bind any other, local, state or federal
prosecuting authority.

15.  If the defendant commits any crimes, violates any of
the conditions of his release, or violates any term of this
agreement between signing this agreement and the date of
sentencing, or fails to appear for sentencing, or if the defendant
provides information to the probation officer or the court which is
intentionally misleading or intentionally incomplete or untruthful,
the United States will be free to recommend at sentencing on the
charges to which the defendant has pleaded guilty, a sentence
higher than that contemplated by this agreement.  If the government
pursues this course, the defendant will not be free to withdraw his
guilty plea entered pursuant to this plea agreement.  Furthermore,
in such an instance, the government will be free to charge,
reinstate or otherwise pursue any and all charges which could have
been brought but for this plea agreement.

16.  The defendant agrees that, if any applicable provi-
sion of the Sentencing Guidelines changes after entry of this plea
agreement, any request by the defendant to be sentenced pursuant to
the changed guideline will release the government from its

**PLEA AGREEMENT**

10

1   obligation to follow the sentence recommendation specified above.

2   In such a circumstance, the government will be free to recommend

3   any sentence it deems appropriate, including an upward departure,

4   and will be free to argue that any other adjustments apply.

5   The defendant will not be free to withdraw his/her guilty plea.

6         17.  The defendant also agrees to waive his

7   constitutional rights under the Double Jeopardy clause as to any

8   (prior or subsequent) forfeiture proceedings (civil, criminal or

9   administrative) arising out of the same offense(s) charged in the

10   indictment in this case.

11         18. If the defendant's guilty plea is rejected,

12   withdrawn, vacated, or reversed by any court in a later proceeding,

13   the government will be free to prosecute that defendant for all

14   charges as to which it has knowledge, including giving false

15   declarations before a grand jury. Further, any charges which have

16   been dismissed because of this plea agreement will be automatically

17   reinstated. In such event, the defendant waives any objections,

18   motions, or defenses based upon the Speedy Trial Act or the Sixth

19   Amendment to the Constitution as to the delay occasioned by the

20   later proceedings.

21         19.  The defendant understands the government's

22   obligation to provide all information in its file regarding each

23   defendant to the United States Probation Office and the Court.

24   ///

25   ///

26   ///

**PLEA AGREEMENT**

11

1   ///

2       20.   This agreement constitutes all the terms of the plea

3   bargain between the government and the defendant, and the

4   government has made no other representations to the defendant or

5   his attorney.

6   DATED:

7

8

9                          Respectfully submitted,

10                         MICHAEL J. YAMAGUCHI
                           United States Attorney

11

12

                           BARBARA BRENNAN SILANO
13                         Assistant U. S. Attorney

14

15

16

17

18

19

20

21

22

23

24

25

26

**PLEA AGREEMENT**
                                    12

## WAIVER OF DEFENDANT'S RIGHTS

1

2          I have consulted with my attorney and fully understand

3    all my rights with respect to the offenses charged in the pending

4    Indictment.   Further, I have consulted with my attorney and fully

5    understand my rights with respect to the provisions of the Sentenc-

6    ing Guidelines.   I understand this agreement and I voluntarily

7    agree to it.

8          I have read each of the provisions of the entire plea

9    agreement with the assistance of counsel.   I have discussed the

10   case and my constitutional and other rights with my attorney.   I

11   understand that by entering my plea of guilty, I will be giving up

12   my right to plead not guilty; to trial by jury; to confront, cross-

13   examine, and compel the attendance of witnesses; to present

14   evidence in my defense; to remain silent and refuse to be a witness

15   against myself by asserting my privilege against self-

16   incrimination; all with the assistance of counsel, and to be

17   presumed innocent until proven guilty beyond a reasonable doubt.

18          I agree to enter my guilty plea as indicated above on the

19   terms and conditions set forth in this agreement.

20          I have been advised by my attorney of the nature of the

21   charge to which I am entering my guilty plea.   I have further been

22   advised by my attorney of the nature and range of the possible

23   sentence.

24          My guilty plea is not the result of force, threats,

25   assurances or promises other than the promises contained in this

26   agreement.   I agree to the provisions of this agreement as a

**PLEA AGREEMENT**

13

voluntary act on my part, rather than at the direction of or
because of the recommendation of any other person, and I agree to
be bound according to its provisions. I fully understand that, if
I am granted probation by the Court, the terms and conditions of
such probation are subject to modification at any time during the
probation period. I further understand that, if I violate any of
the conditions of my probation, my probation may be terminated, and
I may be required to serve a term of imprisonment or my sentence
may otherwise be altered in accordance with Title 18, United States
Code, Section 3565.

I agree that this written plea agreement contains all the
terms and conditions of my plea and that promises made by anyone
(including my attorney) that are not contained within this written
plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented
me in a competent manner.

I am not now on or under the influence of any drug,
medication, liquor, or intoxicant or depressant, and I am fully
capable of understanding the terms and conditions of this plea
agreement.

DATED: June 5, 1995    X _____
                          Defendant
                          HOA KHUU

**PLEA AGREEMENT**

14

## DEFENSE ATTORNEY APPROVAL

I am /MtNTW SEBY attorney. I have fully
explained to him his rights with respect to the offenses charged in
the pending Indictment. Further, I have reviewed the provisions of
those Guidelines which may apply in this case. I have carefully
reviewed every part of this plea agreement with him. To my know-
ledge, his decision to enter into this agreement is an informed and
voluntary one.

I have discussed this case and the plea agreement with my
client in detail and have advised the defendant of all matters
within the scope of Rule 11 of the Federal Rules of Criminal
Procedure, the constitutional and other rights of any accused, the
factual basis for and the nature of the offense to which the guilty
plea will be entered, possible defenses, and the consequences of
the guilty plea. No assurances, promises, or representations have
been given to me or to the defendant by the government or by any of
its representative which are not contained in this written
agreement. I concur in the entry of the plea as indicated above
and on the terms and conditions set forth in this agreement as in
the best interests of my client. I agree to make a bona fide
effort to ensure that the guilty plea is entered in accordance with
all the requirements of Rule 11 of the Federal Rules of Criminal
Procedure.

DATED: 6/5/95

_____
Attorney for Defendant

I, Hong Ha, The Vietnamese Interpreter has
translated this document to Mr. Khieu, the defendant
**PLEA AGREEMENT** in this case, to the best of my knowledge
and my ability.

15

I hereby certify that the annexed
instrument is a true and correct copy
of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By _____
Deputy Clerk
Date _____



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CR-94-0350 MHP |
| Plaintiff, | ) | **JUDGMENT** |
| -vs.- | ) | |
| TRUNG HOA KHUU, | ) | **Defendant's Attorney:** Martin Selby |
| Defendant. | ) | **Assistant U.S. Attorney:** Barbara Silano |

SEALED BY ORDER

OF COURT

SEALED
BY COURT ORDER



PAGE.17

164
FILED
May 12  7 54 AM '96
RICHARD W. WIEKING
U.S. DISTRICT CLERK
NO. DIST. OF CA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR-94-0350 MHP |
| Plaintiff, | **JUDGMENT** |
| -vs.- | |
| TRUNG HOA KHUU, | **Defendant's Attorney:** Martin Selby |
| Defendant. | **Assistant U.S. Attorney:** Barbara Silano |

The defendant (has entered a plea of guilty) (has been found guilty by verdict/finding) of count(s) 1+2 of the Superseding (Indictment) (Information) Defendant has acknowledged that she/he has fully read and is familiar with the Presentence Investigation Report. Defendant was afforded his right of allocution. The attorneys for the defendant and the government state there is no legal cause why the defendant should not be sentenced.

This court has reviewed the Presentence Investigation Report and Recommendation, reviewed the applicable Guidelines, considered the written (if any) and oral

arguments of counsel and the allocution statement of defendant.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature Of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C., §§ 2 and 1951 | Aiding and Abetting Conspiracy to Obstruct | 7/7/94 | 1 |
| 18 U.S.C., § 317 | Conspiracy to Use a Firearm to Commit a Felony | 7/7/94 | 2 |

The defendant is sentenced as provided in pages 2 through ~~12~~ 13 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

~~(The defendant has been found not guilty on count(s)~~
~~and is discharged as to such count(s).)~~

All remaining counts, if any, are dismissed on the motion of the United States.

~~IT IS ORDERED that the appearance bond filed herein, if any, shall be exonerated.~~

IT IS ORDERED that the appearance bond filed herein is hereby exonerated upon confirmation of the surrender of the defendant.

Defendant's Soc. Sec. Number:   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

Defendant's Date of Birth:   12/4/74

Defendant's Mailing Address:   U.S. Marshal's Service

2

Defendant's Residence Address:  Same as above

Date of Imposition of Sentence:  10/15/96

## APPLICABLE GUIDELINE RANGE

The court finds that the applicable guideline range is

~~(correctly stated)~~ (modified as explained below from the

range set forth) in the Presentence Investigation Report and

is:

Cts. 1 & 2:    77-96 ~~100-125~~    months of imprisonment,

Cts. 1 & 2:    2-3        years of supervised release,

Cts. 1 & 2:    10,000 - 100,000 ~~$12,500~~- fine ~~125,000~~

other.

*See below*

## STATEMENT OF REASONS

The parties have had an opportunity to review and object

to the factual findings and guideline application in the

presentence report.  The court has considered the objections,

if any, and adopts the findings and guideline application

except as follows:

3

United States 'strict Court
For the Northern   of California

The court finds that the nature of defendant's prior offenses and the fact he was a juvenile at the time of those convictions overrepresents his criminal conduct and the criminal history category is reduced to a level III. The court denies defendant's motions to modify the role in the offense and acceptance of responsibility for the reasons stated on the record in the court's tentative order.

The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

Sentence imposed at the low end of the range in view of defendant's age

The sentence departs (~~upward~~) (downward) from the guideline range for the following reason(s):

Pursuant to the government's motion under USSG § 5K1.1 for defendant's cooperation. The sentence is reduced by 24 months.

4

United States District Court
For the Northern District of California

United State ~trict Court
For the Northern ~ of California

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of _53 months. The court recommends defendant receive credit for time served._

The court makes the following recommendation to the Bureau of Prisons: _An appropriate level facility a close to defendant's place of residence as possible. The court also recommends that Bureau of Prisons investigate whether defendant is eligible_ ~~held in the remainder~~ *

~~The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2:00 p.m. on _____ (as notified by the United States Marshal.)~~

(The defendant is remanded to the custody of the United States Marshal.)

~~(The defendant shall surrender to the United States Marshal for this district at ____ .m. on ____ .~~

* _If his sentence (approximately 24 months) for the shock incarceration program under 18 F/17._

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on a supervised release term of _3_ years subject to the terms and conditions set forth on pages 7-10 of this Judgment and any additional conditions specified below.

The defendant shall report in person the probation office in the district to which the defendant is released

5

within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

The defendant shall comply with the following additional conditions: *shall not associate with persons involved in criminal activity, including gangs or his co-defendants).*

### PROBATION

The defendant is hereby placed on probation for a term of _____ subject to the terms and conditions set forth on pages 7-10 of this Judgment and any additional conditions specified below.

~~The defendant shall comply with the following additional conditions:~~ _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

6

United State  trict Court
For the Northern  .t of California

## STANDARD CONDITIONS OF ~~PROBATION/~~SUPERVISION

While defendant is on ~~probation or~~ supervised release pursuant to this Judgment, the defendant shall not commit another federal, state or local crime.  In addition:

1)    The defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family obligations;

5)    the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

6)    the defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

7

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity, persons who possess, distribute or traffic in narcotics or other controlled substances, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours (72) of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

8

14) *if the Probation Officer determines defendant is using drugs or alcohol and requests* defendant ~~shall~~ participate in a drug treatment program approved by the probation officer and on such terms and conditions as are required by the officer, including residential treatment if deemed necessary by the probation officer.

15) defendant shall submit to drug or alcohol detection tests as required by the probation officer;

16) in addition to or instead of the requirement in paragraph 15), defendant shall submit to at least one drug test within fifteen (15) days of release on probation or supervised release and at least 2 drug tests thereafter as set and reuqired by the probation officer in accordance with 18 U.S.C. § 3563(a)(4) or § 3583(d);

17) defendant shall submit her/his person, residence, vehicle *but not limited to* or other property to a search for drugs or other *such as computer chips and weapons* contraband, upon reasonable request by the probation officer;

18) defendant shall participate in such mental health treatment program(s) as the probation officer may require;

19) defendant shall not possess, own, or use any firearm or deadly or dangerous weapon and shall submit her/his person, residence, vehicle or other property to a search for same upon reasonable request by the probation officer;

20) defendant shall submit to the probation officer any and all financial information, including but not limited to

9

United State 'strict Court
For the Northern  .t of California

173

books, records, tax returns, bank account records, credit and loan account records, and financial statements, required by the officer at such times and on such conditions as are set by the officer.

These conditions are in addition to any other conditions imposed by this Judgment.

### FINE

The defendant shall pay a fine of $ _none_.   The fine includes any costs of incarceration and/or supervision.

The amount is the total of the fines imposed on individual counts, as follows: _____

_____

_____

This fine plus any interest required shall be paid:

 In full immediately.

 In full not later than _____.

In equal monthly installments over a period of _____ months.   The first payment is due on the date of this judgment.   Subsequent payments are due monthly thereafter.

In installments according to the following schedule of payments:

 1.   During the period of incarceration, as determined by the Bureau of Prisons, under the Inmate Financial Responsibility Program.

10

United State District Court
For the Northern of California

174

2. During the period of supervised release, any balance that remains unpaid, at the direction of the Probation Office.

3. Defendant's obligation to pay this fine will continue even after supervised release is completed.

The court has determined that the defendant does not have the ability to pay interest. It is ordered that:

1. The interest requirement is waived.

2. The interest requirement is modified as follows:

_____

_____

_____

If the fine is not paid, the court may sentence the defendant to any sentence which might have been imposed originally. See 18 U.S.C. § 3614.

The fine shall be paid in the following manner:

_____

_____

_____

OR

The court finds that the imposition of a fine is not consistent with the purposes of the sentencing guidelines and will not serve any purposes of the guidelines. Therefore, a fine is not imposed.

11

United State  '''  trict Court
For the Northern  )  a of California

OR

The court finds that the defendant does not have the ability to pay a fine, costs of incarceration or supervision, and, therefore, no fine or costs are imposed.

### RESTITUTION

The defendant shall pay restitution to the following persons in the following amounts:

| Name of Payee | Amount of Restitution |
| --- | --- |
| None | |

Payments of restitution are to be made  to (the United States Attorney for transfer to the payees(s)) (through the United States Probation Officer on such terms and conditions as the Probation officer directs).

OR

Restitution shall be paid as follows:

This Judgment shall operate as an order and judgment of restitution enforceable under 18 U.S.C. § 3663(h).

IT IS ORDERED that the defendant shall pay a special

12

176

assessment of $ _50.⁰⁰_ , for each count _1 + 2_ for a total of $ _100.⁰⁰_ , which shall be due *paid through the Inmate Financial Responsibility Account*

    IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Signature of Judicial Officer _____

Name & Title of Judicial          Marilyn Hall Patel
Officer                           United States District Judge

Date: **NOV 12 1998**

13

United States District Court
For the Northern District of California

**RETURN**

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

_____ at _____

with a certified copy of this Judgment.


_____

United States Marshal


By _____
       Deputy Marshal

14

UNITED STATES CODE
TITLE 18. CRIMES AND CRIMINAL PROCEDURE
PART I. CRIMES

**18 USCS § 2 (2004)**

§ 2.  Principals

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

**HISTORY:**
(June 25, 1948, ch 645, § 1, 62 Stat. 684; Oct. 31, 1951, ch 655, § 17b, 65 Stat. 717.)

**HISTORY; ANCILLARY LAWS AND DIRECTIVES**
Prior law and revision:

This section is based on Act March 4, 1909, ch 321, § 332, 35 Stat. 1152 (former 18 U.S.C. § 550).

Section 2(a) is comprised of 18, U.S.C. § 550 1940 ed., without change except in minor matters of phraseology.

Section 2(b) is added to permit the deletion from many sections throughout the revision of such phrases as "causes or procures".

The section as revised makes clear the legislative intent to punish as a principal not only one who directly commits an offense and one who "aids, abets, counsels, commands, induces or procures" another to commit an offense, but also anyone who causes the doing of an act which if done by him directly would render him guilty of an offense against the United States.

It removes all doubt that one who puts in motion or assists in the illegal enterprise but causes the commission of an indispensable element of the offense by an innocent agent or instrumentality, is guilty as a principal even though he intentionally refrained from the direct act constituting the completed offense.

This accords with the following decisions: Rothenburg v. United States, 1918, 38 S. Ct. 18, 245 U.S. 480, 62 L. Ed. 414, and United States v. Hodorowicz, C. C. A. Ill. 1939, 105 F. 2d 218, certiorari denied, 60 S. Ct. 108, 308 U.S. 584, 84 L. Ed. 489. United States v. Giles, 1937, 57 S. Ct. 340, 300 U.S. 41, 81 L. Ed. 493, rehearing denied, 57 S. Ct. 505, 300 U.S. 687, 81 L. Ed. 888.

Amendments:
1951. Act Oct. 31, 1951, in subsec. (a), inserted "punishable as"; and in subsec. (b), inserted "willfully" and "or another", and substituted "is punishable as a principal" for "is also a principal and punishable as such".

**18 USCS § 371 (2004)**

§ 371. Conspiracy to commit offense or to defraud United States

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.

**HISTORY:**
    (June 25, 1948, ch 645, § 1, 62 Stat. 701.)
    (As amended Sept. 13, 1994, P.L. 103-322, Title XXXIII, § 330016(1)(L), 108 Stat. 2147.)

**HISTORY; ANCILLARY LAWS AND DIRECTIVES**

Prior law and revision:
    This section is based on Act March 4, 1909, ch 321, § 37, 35 Stat. 1096; March 4, 1909, ch 321, § 178a, as added Sept. 27, 1944, ch 425, 58 Stat. 752 (former 18 U.S.C. §§ 88 and 294).
    To reflect the construction placed upon former 18 U.S.C. § 88 by the courts, the words "or any agency thereof" were inserted. (See Haas v. Henkel, 216 US 462, 54 L Ed 569, 30 SCR 249, 17 AnnCas 1112, where court said: "The statute is broad enough in its terms to include any conspiracy for the purpose of impairing, obstructing, or defeating the lawful functions of any department of government." Also, see U. S. v. Walter, 263 US 15, 68 L Ed 137, 44 SCR 10, and definitions of department and agency in 18 USCS § 6.)
    The punishment provision is completely rewritten to increase the penalty from 2 years to 5 years except where the object of the conspiracy is a misdemeanor. If the object is a misdemeanor, the maximum imprisonment for a conspiracy to commit that offense, under the revised section, cannot exceed 1 year.
    The injustice of permitting a felony punishment on conviction for conspiracy to commit a misdemeanor is described by the late Hon. Grover M. Moscowitz, United States district judge for the eastern district of New York, in an address delivered March 14, 1944, before the section on Federal Practice of the New York Bar Association, reported in 3 Federal Rules Decisions, pages 380-392.
    Hon. John Paul, United States district judge for the western district of Virginia, in

a letter addressed to Congressman Eugene J. Keogh dated January 27, 1944, stresses the inadequacy of the 2-year sentence prescribed by existing law in cases

where the object of the conspiracy is the commission of a very serious offense.

The punishment provision of said former 18 U.S.C. § 294 was considered for inclusion in this revised section. It provided the same penalties for conspiracy to violate the provisions of certain counterfeiting laws, as are applicable in the case of conviction for the specific violations. Such a punishment would seem as desirable for all conspiracies as for such offenses as counterfeiting and transporting stolen property in interstate commerce.

A multiplicity of unnecessary enactments inevitably leads to confusion and disregard of law. (See reviser's note under 18 USCS § 493).

Since consolidation was highly desirable and because of the strong objections of prosecutors to the general application of the punishment provision of former 18 U.S.C. § 294, the revised section represents the best compromise that could be devised between sharply conflicting views.

A number of special conspiracy provisions, relating to specific offenses, which were contained in various sections incorporated in this title, were omitted because adequately covered by this section. A few exceptions were made, (1) where the conspiracy would constitute the only offense, or (2) where the punishment provided in this section would not be commensurate with the gravity of the offense. Special conspiracy provisions were retained in 18 USCS §§ 241, 286, 372, 757, 794, 956, 1201, 2271, 2384 and 2388. Special conspiracy provisions were added to 18 USC §§ 2153 and 2154.

Amendments:
1994. Act Sept. 13, 1994, in the first undesignated paragraph, substituted "under this title" for "not more than $ 10,000".

**18 USCS § 1951 (2004)**

§ 1951. Interference with commerce by threats or violence

(a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

(b) As used in this section--
   (1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.
   (2) The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.
   (3) The term "commerce" means commerce within the District of Columbia, or any Territory or Possession of the United States; all commerce between any point in a State, Territory, Possession, or the District of Columbia and any point outside thereof; all commerce between points within the same State through any place outside such State; and all other commerce over which the United States has jurisdiction.

(c) This section shall not be construed to repeal, modify or affect section 17 of Title 15 [15 USCS § 17], sections 52, 101-115, 151-166 of Title 29 or sections 151-188 of Title 45 [45 USCS §§ 151-188].

**HISTORY:**
   (June 25, 1948, ch 645, § 1, 62 Stat. 793; Sept. 13, 1994, P.L. 103-322, Title XXXIII, § 330016(1)(L), 108 Stat. 2147.)

**HISTORY; ANCILLARY LAWS AND DIRECTIVES**

Prior law and revision:
   This section is based on Act June 18, 1934, ch 569, §§ 1-6, 48 Stat. 979, 980; July 3, 1946, ch 537, 60 Stat. 420 (former 18 U.S.C. §§ 420a-420e-1).
   This section consolidates former 18 U.S.C. §§ 420a-420e-1, with the changes in phraseology and arrangement necessary to effect the consolidation.
   Provisions designating the offense as felony were omitted as unnecessary in view of definitive 18 USCS § 1.

Subsection (c) of the revised section is derived from Title II of the 1946 Amendment. It substitutes references to specific sections of the United States Code in place of references to numerous Acts of Congress, in conformity to the style of the revision bill. Subsection (c) as rephrased will preclude any construction of implied repeal of the specified Acts of Congress codified in the sections enumerated.

The words "attempts or conspires so to do" were substituted for §§ 3 and 4 of the 1946 Act, omitting as unnecessary the words "participates in an attempt" and the words "or acts in concert with another or with others", in view of 18 USCS § 2, which makes any person who participates in an unlawful enterprise or aids or assists the principal offender, or does anything towards the accomplishment of the crime, a principal himself.

The words "shall, upon conviction thereof," were omitted as surplusage, since punishment cannot be imposed until a conviction is secured.

References in text:

"Sections 101-115 of Title 29", referred to in subsec. (c), is a reference to Act March 23, 1932, ch 90, 47 Stat. 70, which is popularly known as the Norris-LaGuardia Act. For complete classification of that Act, consult USCS Tables volumes.

Former 45 U.S.C. § 164, included within the reference to "sections 151-188 of Title 45" in subsec. (c) of this section, was repealed by Act Oct. 10, 1940, ch 851, § 4, 54 Stat. 1111, and is now covered by 41 USCS § 5. Former 45 U.S.C. § 186, also included within that reference, was omitted from the Code.

Amendments:

1994. Act Sept. 13, 1994, in subsec. (a), substituted "under this title" for "not more than $ 10,000".

Short titles:

This section is popularly known as the "Hobbs Act".

**18 USCS § 3559 (2004)**

§ 3559.  Sentencing classification of offenses

(a) Classification. An offense that is not specifically classified by a letter grade in the section defining it, is classified if the maximum term of imprisonment authorized is--
    (1) life imprisonment, or if the maximum penalty is death, as a Class A felony;
    (2) twenty-five years or more, as a Class B felony;
    (3) less than twenty-five years but ten or more years, as a Class C felony;
    (4) less than ten years but five or more years, as a Class D felony;
    (5) less than five years but more than one year, as a Class E felony;
    (6) one year or less but more than six months, as a Class A misdemeanor;
    (7) six months or less but more than thirty days, as a Class B misdemeanor;
    (8) thirty days or less but more than five days, as a Class C misdemeanor; or
    (9) five days or less, or if no imprisonment is authorized, as an infraction.

(b) Effect of classification. Except as provided in subsection (c), an offense classified under subsection (a) carries all the incidents assigned to the applicable letter designation, except that, the maximum term of imprisonment is the term authorized by the law describing the offense.
    ***

**HISTORY:**
    (Added Oct. 12, 1984, P.L. 98-473, Title II, Ch II, § 212(a)(2), 98 Stat. 1991; Dec. 11, 1987, P.L. 100-185, § 5, 101 Stat. 1279; Nov. 18, 1988. P.L. 100-690, Title VII, Subtitle B, § 7041, 102 Stat. 4399; Sept. 13, 1994, P.L. 103-322, Title VII, § 70001, 108 Stat. 1984; Oct 30, 1998, P.L. 105-314, Title V, § 501, 112 Stat. 2980; Nov. 13, 1998, P.L. 105-386, § 1(b), 112 Stat. 3470.)
    (As amended April 30, 2003, P.L. 108-21, Title I, § 106(a), 117 Stat. 654.)

**HISTORY; ANCILLARY LAWS AND DIRECTIVES**

Effective date of section:
    This section became effective on the first day of the first calendar month beginning 36 months after enactment, pursuant to § 235(a)(1) of Act Oct. 12, 1984, P.L. 98-473, which appears as 18 USCS § 3551 note.

Amendments:
    1987. Act Dec. 11, 1987, substituted subsec. (b) for one which read:
    "(b) Effect of classification. An offense classified under subsection (a) carries all the incidents assigned to the applicable letter designation except that:
      "(1) the maximum fine that may be imposed is the fine authorized by the statute describing the offense, or by this chapter, whichever is the greater; and
      "(2) the maximum term of imprisonment is the term authorized by the statute describing the offense.".

1988. Act Nov. 18, 1988, in subsec. (a), in the introductory matter, substituted "classified if the maximum term of imprisonment authorized is--" for "classified--", deleted former para. (1), introductory matter, which read: "(1) if the maximum term of imprisonment authorized is--", redesignated former subparas. (A)-(I) as paras. (1)-(9), respectively, and in paras. (2) and (3) as redesignated, substituted "twenty-five" for "twenty".

1994. Act Sept. 13, 1994, in subsec. (b), substituted "Except as provided in subsection (c), an" for "An"; and added subsec. (c).

1998. Act Oct. 30, 1998 added subsec. (d).

Act Nov. 13, 1998, in subsec. (c)(2)(F)(i), inserted "firearms possession (as described in section 924(c));".

2003. Act April 30, 2003 added subsec. (e).

Other provisions:

Application of section. For the provisions as to the application of this section, see Act Oct. 12, 1984, P.L. 98-473, Title II, Ch II, § 235, 98 Stat. 2031, as amended, which appears as 18 USCS § 3551 note.