1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | GERALD A. ENGLER
Senior Assistant Attorney General
4 | PEGGY S. RUFFRA
Supervising Deputy Attorney General
5 | CHRISTOPHER J. WEI, State Bar No. 78958
Deputy Attorney General
6 |  455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
7 | Telephone:  (415) 703-5867
Fax:  (415) 703-1234
8 | Email:  Christopher.Wei@doj.ca.gov

9 | Attorneys for Respondent

10

11               IN THE UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                    SAN FRANCISCO DIVISION

14

**HOA TRUNG KHUU,**                          C 07-6351 SI (pr)

15                                  Petitioner,   **EXHIBIT 1 (part 3)**

16          v.

17   **JOHN TILTON, CDCR Secretary,**

18                                  Respondent.

19

20

21

22

23

24

25

26

27

28

Exhibit 1 (part 3)                                          Khuu v. Tilton
C 07-6351 SI (pr)

# EXHIBIT 1 (part 3)

1   JAMES P. FOX, DISTRICT ATTORNEY
    County of San Mateo, State of California
2   State Bar No. 45169
    400 County Center, 3rd Floor
3   Redwood City, California 94063
    By: Mary Allhiser, Deputy
4   Telephone: (650) 363-4636
    Attorney for Plaintiff

**FILED**
SAN MATEO COUNTY

AUG 3 0 2004

Clerk of the Superior Court
By _____
DEPUTY CLERK

5

6

7

8         IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9         IN AND FOR THE COUNTY OF SAN MATEO

| | |
|---|---|
| 10   THE PEOPLE OF THE STATE OF CALIFORNIA, | No. SC-56446A |
| 11              Plaintiff, | PEOPLE'S MOTION TO EXCLUDE |
| 12   v. | EVIDENCE OF AND REFERENCE TO "STRIKE" ALLEGATION AND |
| 13   HOA TRUNG KHUU, | CONSEQUENCES, EVIDENCE CODE 210, 352 |
| 14              Defendant. | |
| 15 | |
| 16 | Date: 8/30/04 |
| | Time: 8:30 A.M. |

17   I.           **STATEMENT OF THE CASE**

18       The People have charged that defendant committed two residential burglaries, an attempted

19   residential burglary, and two related receiving stolen property offenses. The residential burglaries and

20   the attempted residential burglaries are "serious felonies" within the meaning of Penal Code section

21   1192.7(c). If defendant were convicted of any of these three offenses, he would be exposed to "third

22   strike" sentencing were he to commit another felony offense in the future.

23       It is also alleged that defendant has a prior "strike" under Penal Code section 1170.12(c)(1)

    and a five-year "serious felony" prior conviction under Penal Code section 667(a).

24       The People anticipate that the defense will attempt to inform the jury of the "strike" allegation

25   and present and future penalty consequences for the defendant at some stage of the trial, either during

*voir dire*, opening statement, the taking of the evidence, or in closing argument.

## ISSUE PRESENTED

Should the "strike" allegation and present and future penalty consequences of this prosecution be excluded, either on the grounds of relevancy or under Evidence Code section 352?

## ARGUMENT

Evidence Code section 210 defines "relevant" evidence as "evidence relevant to the credibility of a witness or hearsay declarant, having any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action."

Not all evidence, even if offered by the defendant in a criminal case, is admissible. If it is irrelevant to the issues before the trier of fact, it must be excluded. People v. Babbitt (1988) 45 Cal.3d 660, 681 - 683.

Furthermore, the court is empowered by Evidence Code section 352 to make pre-trial rulings concerning admissibility of relevant evidence, following the procedures in Evidence Code section 402. If the court finds that the questioned evidence has more prejudicial impact than probative value, the court may exercise its discretion to exclude such evidence.

In a criminal case, the "prejudice" to be avoided is that which would tend to cause the jury to misuse the evidence; that is, to use it for an inadmissible purpose. People v. Hoze (1987) 195 Cal.App.3d 949, 954. Both the People and the defendant have the right to protection from "prejudicial" evidence within the meaning of section 352. People v. Hall (1986) 41 Cal.3d 826, 834.

It is black letter law that the jury, as finder of fact, must not discuss or consider the subject of penalty or punishment. The jury is instructed: "(t)hat subject must not in any way affect your verdict." CALJIC 17.42. Without this admonition, "a jury may permit their consideration of guilt to be deflected by a dread of seeing the accusing suffer the statutory punishment." People v. Shannon (1956) 147 Cal.App.2d 300, 306.

It is also black letter law that the jury "must not be influenced by pity for a defendant or by prejudice against him." CALJIC 0.50, 1.00.

This jury might be improperly affected if they were informed, either by the statements or arguments of defense counsel or during the taking of evidence, that defendant is exposed to "second strike" sentencing in the current prosecution and would be exposed to "third strike" sentencing were

\\daorwc02\users\mallhiser\jury trials\Khuu Hoa 402 2k + future 3K.doc    2

187

he to commit another felony in the future.

A defendant has no right to *voir dire* prospective jurors on their opinions of the "strikes" law. People v. <u>Cardenas</u> (1997) 53 Cal.App.4th 240.   A trial court should prohibit a defendant from referring to the "strikes" law during his testimony.  People v. <u>Alvarez</u> (1996) 49 Cal.App.4th 679 (defendant prohibited from trying to justify the recantation of his confession by referring to the "three strikes" law).  It is improper for the defense to instigate jury nullification.    See <u>People</u> v. <u>Fernandez</u> (1994) 26 Cal.App.4th 710, 713-716.

The People have an undisputed right to a fair trial by a jury who is not urged by the defense nor instructed by the court to disregard the law.  People v. <u>Baca</u> (1996) 48 Cal.App.4th 1703.

When a jury has no sentencing function, it should be admonished to reach a verdict without regard to what sentence may be imposed, <u>Shannon</u> v. <u>U.S.</u> (1994) 512 U.S. 573, 114 S.Ct. 2419, 2424, 129 L.Ed.3d. 459, 466-467 (cited in <u>Baca</u>, <u>supra</u>, at 1707).  Even if a jury asks whether "three strikes" applies to the charges, the court must inform them that this immaterial to their deliberations. People v. <u>Nichols</u> (1997) 54 Cal.App.4th 21.

## CONCLUSION

The People urge the court either to determine that the challenged evidence is irrelevant and therefore inadmissible; or, in the alternative, to exercise its discretion under Evidence Code section 352; and to exclude evidence of, and to prohibit any reference by the defense to, the "strike" allegation and present and future penalty consequences for defendant.

Dated: 8/30/04

Respectfully submitted,

JAMES P. FOX, DISTRICT ATTORNEY

By:

Mary Allhiser, Deputy

**FILED** 188

SAN MATEO COUNTY

AUG 3 0 2004

Clerk of the Superior Court
By _____
        DEPUTY CLERK

1  JAMES P. FOX, DISTRICT ATTORNEY
   County of San Mateo, State of California
2  State Bar No. 45169
   400 County Center, 3rd Floor
3  Redwood City, California 94063
   By: Mary Allhiser, Deputy
4  Telephone: (650) 363-4636
   Attorney for Plaintiff
5

6

7

8              IN AND FOR THE SUPERIOR COURT OF CALIFORNIA

9                        COUNTY OF SAN MATEO

10  THE PEOPLE OF THE STATE OF CALIFORNIA,

11                                      Plaintiff,

12  v.                                              No. SC-56446A

13  HOA TRUNG KHUU,                                 **JURY INSTRUCTIONS**

14                                      Defendant.  Date: August 30, 2004
                                                    Time: 8:30 A.M.
15

| 16 | 0.50 | 2.05 | 2.23 |
|----|------|------|------|
| 17 | 1.00 | 2.06 | 2.27 |
| 18 | 1.01 | 2.11 | 2.52 |
| 19 | 1.02 | 2.11.5 | 2.71 |
| 20 | 1.03 | 2.13 | 2.72 |
| 21 | 1.05 | 2.15 | 2.80 |
| 22 | 2.00 | 2.20 | 2.81 |
| 23 | 2.01 | 2.21.1 | 2.82 |
| 24 | 2.03 | 2.21.2 | 2.90 |
| 25 | 2.04 | 2.22 | 3.30 |

| | | |
|---|---|---|
| 1 | 3.31 | 17.26 | 17.47 |
| 2 | 6.00 | 17.30 | 17.50 |
| 3 | 14.50 | 17.31 | 17.52 |
| 4 | 14.51 | 17.40 | 17.53 |
| 5 | 14.52 | 17.41 | 17.60 |
| 6 | 14.65 | 17.42 | |
| 7 | 17.02 | 17.43 | |
| 8 | 17.25 | 17.45 | |

10    DATED:  August 25, 2004

11                                    Respectfully submitted,

12                                    JAMES P. FOX, DISTRICT ATTORNEY

13

14    By _____

                                       Mary L. Allhiser, Deputy

15

16    MLA:eba

2

1  JAMES P. FOX, DISTRICT ATTORNEY
   County of San Mateo, State of California
2  State Bar No. 45169
   400 County Center, 3rd Floor
3  Redwood City, California 94063
   By: Mary Allhiser, Deputy
4  Telephone: (650) 363-4636
   Attorney for Plaintiff

**FILED**
SAN MATEO COUNTY

AUG 3 0 2004

Clerk of the Superior Court
By
   DEPUTY CLERK

5

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    IN AND FOR THE COUNTY OF SAN MATEO

10  THE PEOPLE OF THE STATE OF CALIFORNIA

11                              Plaintiff,          No. SC-56446A

12  v.                                              PEOPLE'S RESPONSE TO
                                                    DEFENDANT'S MOTION TO
13  HOA TRUNG KHUU,                                 EXCLUDE DEFENDANT'S
                                                    STATEMENT TO POLICE
14                              Defendant.

15                                                  Date: 8/30/04
                                                    Time: 8:30 a.m.
16

17      I.                STATEMENT OF THE CASE

18          A. SUMMARY OF EVIDENCE OF THE ALLEGED OFFENSES

19          The following is a summary of the evidence that will be offered at the trial.

20      On 3/10/04, at around noon,  Tommy Hui, the resident at 57 Williams Lane, Foster City, ignored

21  the fact that someone was ringing his front doorbell. Then, maybe 10 or 15 minutes later, he heard

22  noises at his rear sliding door. Through a window covering, he saw one man trying to pry open the

23  rear sliding door and another man standing right behind him. Mr. Hui called the Foster City Police

24  Department (FCPD). Mr. Hui told the police that the two males fled in black Range Rover.

25

1    Blocks away, FCPD Officer Bill Sandri saw a black Range Rover and started to follow it. The

2    Rover drove away at high speed into the parking lot of Albertsons in the Edgewater Plaza in Foster

3    City. As Officer Sandri followed, the Rover stopped and the two men bailed out in parking lot.

4    Officer Sandri, with the help of other police officers and sheriff's deputies, tried to locate them.

5        The two men left behind in the Range Rover: a large screwdriver under the right front floor mat,

6    large sums of currency (U.S. and Taiwanese) and stolen property (laptop, jewelry, watches, and other

7    valuable items) from two unreported residential burglaries (361 Beach Park Boulevard, Foster City

8    and 1295 Beach Park Boulevard, Foster City).

9        A witness saw the two men running from the police and picked up a cell phone that one had

10    dropped. The witness gave the cell phone to the police.

11        The police found defendant Khuu hiding under a boat cover in a nearby yard. Khuu then

12    jumped into the lagoon. When the FCPD officer ordered him to stop, Khuu said: "go ahead and

13    shoot!" Khuu was later found hiding in a garbage can. Khuu gave the police a false name (his

14    brother's).

15        The police found the alleged accomplice Ryan Bui in a nearby yard. In the path of his flight

16    from police, Bui had left behind his temporary driver's license and what appeared to be a "hit list" of

17    more than thirty residences. The residences at <u>361</u> and <u>1295 Beach Park Boulevard</u> were lined out.

18        Stolen property from the Range Rover was identified by George and Pamela Hung (361

19    Beach Park Boulevard) and by Yao and Sharon Chi (1295 Beach Park Boulevard).

20        The break-ins to the Hung and Chi residences had not been noticed by the occupants. It

21    appeared to the police that entry had been made by prying a garage door at 361and by prying a

22    bathroom window at 1295.

23        Defendant's date of birth is 12/4/74. He was committed to the California Youth Authority as a

24    juvenile. His adult criminal history includes a Federal "Hobbs Act" (18 USC section 1951)

25    conviction in 1996. This is alleged in the Information as a "strike" (P.C. 1170.12(c)(1)) and as a five-

1    year P.C. 667(a) prior conviction. In 1996, defendant was sentenced to fifty-three months in federal

2    prison, to be followed by three years supervised release. On 3/10/04, there was a no-bail federal

3    warrant outstanding against him for violation of supervised release.

4

5    B. <u>OFFER OF PROOF RE: DEFENDANT'S STATEMENT TO POLICE</u>

6          After he was arrested in the afternoon on 3/10/04, defendant was kept in a locked interview

7    room at the FCPD. He was handcuffed behind his back, but was able to move around in the room.

8    Other than periodic "checks" on him by personnel at FCPD, defendant was left alone. There is a

9    videotape showing defendant in that room for about two hours.

10         After about one hour and fifteen minutes, the videotape recorded the (off-camera) voice of

11   FCPD Pierre Morrison talking with defendant. Detective Morrison told defendant to sit down and

12   offered to get defendant some dry clothes. Defendant's clothes were wet because he had jumped into

13   the lagoon.

14         At about one hour and eighteen minutes, Detective Morrison and Officer Bill Sandri entered

15   the interview room. Detective Morrison asked defendant how to spell and pronounce his first name

16   ("Hieu"). It was later determined that that was defendant's brother's name.

17         At about one hour and nineteen minutes, Officer Bill Sandri read defendant his <u>Miranda</u>

18   rights. Officer Sandri asked defendant if he understood these rights. Defendant answered: "yes, sir."

19   Officer Sandri showed defendant a cell phone and asked if it belonged to him. Defendant said it was

20   his mother's cell phone. Officer Sandri asked about a number of photographs of women that appeared

21   on the cell phone. Defendant said that they were pictures of his ex-wife, his child, and his girlfriend.

22         At about one hour and twenty-one minutes, Officer Sandri removed defendant's handcuffs.

23         Detective Morrison asked some routine booking questions. Defendant answered. Defendant

24   gave his residence address (in Oakland), his residence phone number, his cell phone number, and

25

1   stated that he was unemployed and single. He answered Morrison's questions about his country of

2   origin (Viet Nam) and stated that he had been in the U.S. since around 1984 or 1985.

3      *Detective Morrison asked if he had a criminal history or had been arrested. Defendant stated*

4   *that he had been arrested once for "possessing a stolen car."* The defendant is expected to move to

5   bifurcate the "priors" allegations for trial. In this event, the People would not intend to offer this

6   question and answer in evidence in their case-in-chief.

7      Detective Morrison asked whose car (the Range Rover) it was. Defendant answered that he

8   didn't know and then indicated it was "his" car (referring to accomplice, Ryan Bui). Officer Sandri

9   told defendant that Bui had told them that it was Khuu's car.

10      Detective Morrison asked defendant the name of his alleged accomplice. Defendant gave his

11   accomplice's American name ("Brian") and his Vietnamese name (pronounced like "Vee-zoo").

12      *At about one hour and twenty-six minutes, defendant said something like: "Don't I have to*

13   *talk to my lawyer before I talk to you?"* Detective Morrison acknowledged that it was up to him. The

14   People do not intend to offer either this question and answer – nor any of the balance of the interview

15   - in evidence in their case in chief.

16      Throughout their interaction with defendant, the police found Khuu to be alert and oriented to

17   his surroundings. He complained of being cold (from the wet clothes), but did not otherwise complain

18   of pain or discomfort. He did not appear to be under the influence of an alcoholic beverage or a drug.

19   Defendant did not ask for food or to rest. The police had provided him with water. The interview was

20   conducted in English. The defendant and the police detectives did not have any difficulty

21   communicating with one another. Khuu appeared to have at least average intelligence.

22      The police did not make any promises, offer any benefit, threaten, or use any force to get

23   Khuu to talk with them. Defendant's free will was not overborne. He had had considerable prior

24   experience with the police.

25

II.                              <u>ISSUE PRESENTED</u>

<u>WAS DEFENDANT'S STATEMENT VOLUNTARY AND ADMISSIBLE IN</u>

<u>EVIDENCE?</u>

III.                             <u>ARGUMENT</u>

<u>DEFENDANT'S STATEMENTS TO THE POLICE WERE VOLUNTARILY GIVEN</u>

The prosecution has the burden of showing that a defendant's statements were voluntary and

not the result of any form of compulsion or promise of reward. Since 6/8/82, California has followed

federal law that the standard of proof of voluntariness is by a preponderance of the evidence. <u>People</u>

v <u>Bradford</u> (1997) 14 Cal.4th 1005, 1033, <u>People</u> v. <u>Markham</u> (1989) 49 Cal.3d 63.

The court must determine whether the statements are "the product of a rational intellect and

free will." <u>Blackburn</u> v <u>Alabama</u> (1960) 361 U.S. 199, 208, 80 S.Ct. 274, 4 L.Ed.2d 242. The court

will consider whether the police acted to undermine the person's ability to exercise his free will and

whether his will was thereby broken down.

Voluntariness is determined by examining the totality of the circumstances. <u>Schneckloth</u> v.

<u>Bustamonte</u> (1973) 412 U.S. 218, 226, 93 S.Ct. 2041, 36 L.Ed. 2d 854.   Relevant considerations are

" 'the crucial element of police coercion [citation]; the length of the interrogation [citation]; its

location [citation]; its continuity" as well as " 'the defendant's maturity [citation]; education [citation];

physical condition [citation]; and mental health'." <u>People</u> v. <u>Williams</u> (1997) 16 Cal. 4th 635, 660

(quoting <u>Withrow</u> v. <u>Williams</u> (1993) 507 U.S. 680, 693-94,  113 S.Ct. 1745, 123 L.Ed.2d 407).

The existence of a threat or an implied promise does not automatically render a statement

involuntary. The proper inquiry is "whether the influences brought to bear upon the accused were

'such as to overbear [defendant's] will to resist and bring about confessions not freely self-

determined'." <u>People</u> v. <u>Hogan</u> (1982) 31 Cal.3d 815, 841 (quoting <u>Rogers</u> v. <u>Richmond</u> (1961) 365

U.S. 534, 544, 81 S.Ct. 735, 5 L.Ed.2d 760) (<u>Hogan</u> was disapproved on other grounds in <u>People</u> v.

<u>Cooper</u> (1991) 53 Cal.3d 771, at 835).

1    The issue is whether the statements were "extracted" by the threats, violence or promises. <u>Hutto</u>

2    <u>v. Ross</u> (1976) 429 U.S. 28, 30, 97 S.Ct. 202, 50 L.Ed.2d 194 (quoting <u>Bram v. United States</u> (1897)

3    168 U.S. 532, 542-43, 18 S.Ct. 183, 42 L.Ed. 568).    A statement is constitutionally involuntary only

4    if the improper police conduct actually induced defendant to make that statement.    <u>People v. Benson</u>

5    (1990) 52 Cal.3d 754, 778-79; <u>see also People v. Lucas</u> (1995) 12 Cal.4[th] 415, 442.    The coercive

6    state action must proximately cause the defendant to make the statement.

7        "If the test was whether a statement would have been made *but for* the law enforcement

8    conduct, virtually no statement would be deemed voluntary because few people give incriminating

9    statements in the absence of some kind of official action" <u>U.S.</u> v. <u>Leon Guerrero</u> (9th Cir. 1988) 847

10    F2d 1363, 1366, fn. 1 (quoted with approval in <u>Benson,</u> at 778-779) (emphasis added).

11        In the instant case, the evidence will show that defendant was almost thirty years old at the

12    time of the interview. He had been in custody at the California Youth Authority as a juvenile and in

13    federal prison as an adult. He evidently understood his <u>Miranda</u> rights and was willing to engage in

14    the interview – until he asked about having a lawyer present.

15        Defendant was no novice at dealing with the police. This is the man who told a pursuing

16    police officer: "go ahead and shoot me!" There is no evidence in the tone or in the content of the

17    taped statement that defendant's free will was overborne by police tactics. Rather, it appears that

18    defendant asked about having an attorney present at the point in time he chose.

19        The courts have found that a defendant's ill-conceived statements may demonstrate

20    foolishness and lack of judgment. "His predicament would have been bettered by silence; it was

21    worsened by speech.    Yet, foolishness, poor judgment and self-destructive impulses are the inner

22    qualities of many mortals.    Such qualities emerge without coercion." <u>People v Sigal</u> (1963) 221

23    Cal.App.2d 684.

24    ///

25

IV.                         CONCLUSION

The People respectfully urge the court to admit the above-summarized evidence of

defendant's 3/10/04 statement to the Foster City police.

Dated: 8/30/04

Respectfully submitted,

JAMES P. FOX, DISTRICT ATTORNEY

By _____

Mary Allhiser, Deputy

197

```
J2411H1          SUPERIOR COURT - HALL OF JUSTICE & RECORDS        09/01/04
SAN MATEO CJIS           IN AND FOR THE COUNTY OF SAN MATEO           08:12
ORGANIZATION: SC
```

CASE NO. SC056446 A     DATE: 08/31/04     TIME: 09:00     DEPT.: 18

PEOPLE VS. HOA TRUNG KHUU

JUDGE:    JOHN G SCHWARTZ, JUDGE       CLERK:      FRANCOISE ESPINOZA
REPORTER: KATHY LEZCHUK                2ND CLERK:  NONE
D.A.:     ALLHISER                     DEFENSE CO: BELL

PROCEEDINGS: FURTHER JURY TRIAL

CHARGES:  1.  PC 460(A)
          2.  PC 664/460(A)
          3.  PC 460(A)
          4.  PC 496(A)
          5.  PC 496(A) W/PC 1203(K) W/PC 1170.12(C)(1) W/PC 667(A)

TRIAL DAY 2.

DEFENDANT PRESENT IN CUSTODY.

9:11 A.M.: COURT CONVENED. COUNSEL PRESENT. DEFENDANT
     PRESENT IN CUSTODY.

PEOPLE'S MOTION TO EXCLUDE EVIDENCE OF AND REFERENCE TO
     "STRIKE" ALLEGATION AND CONSEQUENCES, EC 210 AND 352 IS
     GRANTED.

PEOPLE'S MOTION TO ADMIT EVIDENCE OF FELONY CONVICTION
     FOR  IMPEACHMENT OF DEFENDANT IF HE WERE TO TESTIFY IS
     GRANTED.

PEOPLE'S TRIAL MOTION #1 WILL BE ADDRESSED AT THE END
     OF THE TRIAL IF A THE JURY FINDS THE DEFENDANT GUILTY.

9:34 A.M. : COURT RECESSED.

9:45 A.M. : COURT AND COUNSEL HELD UNREPORTED
     CONFERENCE IN CHAMBERS. DEFENDANT NOT PRESENT.

9:50 A.M. : UNREPORTED CONFERENCE CONCLUDED.

10:03 A.M. : CLERK CALLED ROLL, ALL PROSPECTIVE JURORS
     PRESENT.

CASE NO. SC056446 A      DATE: 08/31/04      TIME: 09:00      DEPT.: 18
PEOPLE VS. HOA TRUNG KHUU


10:07 A.M. : COURT RECONVENED. COUNSEL PRESENT.
    PROSPECTIVE JURORS PRESENT.

10:07 A.M. : THE PERJURY ADMONITION TO ANSWER ALL
    QUESTIONS TOUCHING UPON THEIR QUALIFICATIONS TO SERVE AS
    JURORS IN THIS CASE WAS ADMINISTERED.

THE COURT INFORMED THE JURY OF THE TRIAL SCHEDULE.

10:11 A.M. : THE COURT, COUNSEL, DEFENDANT AND COURT
    REPORTER RETIRED TO CHAMBERS TO HEAR HARDSHIP REQUESTS.

10:41 A.M. : COURT RECONVENED. COUNSEL PRESENT.
    PROSPECTIVE JURORS PRESENT.

DEFENDANT PRESENT IN CUSTODY.

THE COURT INTRODUCED THE PARTIES AND READ THE WITNESS
    LIST.

THE COURT INFORMED THE PROSPECTIVE JURORS AS TO THE
    NATURE OF THE ABOVE-ENTITLED CAUSE.

10:50 A.M. : JURY SELECTION COMMENCED.

11:09 A.M. : COURT RECESSED FOR 15 MINUTES.

PROSPECTIVE JURORS ADMONISHED.

11:30 A.M. : COURT RECONVENED.

11:30 A.M. : JURY SELECTION RESUMED.

PROSPECTIVE JURORS ADMONISHED.

11:57 A.M. : COURT RECESSD FOR LUNCH.

1:40 P.M. : COURT RECONVENED. COUNSEL PRESENT.
    PROSPECTIVE JURORS PRESENT.

1:40 P.M. : JURY SELECTION RESUMED.

PROSPECTIVE JURORS ADMONISHED.

2:30 P.M. : COURT RECESSED FOR 15 MINUTES.

CASE NO. SC056446 A      DATE: 08/31/04      TIME: 09:00      DEPT.: 18
PEOPLE VS. HOA TRUNG KHUU

2:53 P.M. :  COURT RECONVENED.  COUNSEL PRESENT.
        PROSPECTIVE JURORS PRESENT.

2:53 P.M. :  JURY SELECTION RESUMED.

3:48 P.M. :  JURY SELECTION COMPLETED, BOTH SIDES WERE
        SATISFIED WITH THE CURRENT PANEL.  THE JURY WILL BE
        SWORN IN THE MORNING.

3:48 P.M. :  THE REMAINING PROSPECTIVE JURORS WERE
        THANKED AND EXCUSED BY THE COURT.  PROSPECTIVE JURORS'
        FINAL STATUS IS REFLECTED ON THE TRIAL SUMMARY LIST
        ATTACHED.

3:52 P.M. :  COURT ADJOURNED TO RECONVENE ON 09/01/2004
        AT 9:30 A.M. IN SCRWC, D- 18 FOR FURTHER JURY TRIAL.

DEFENDANT REMAINS IN CUSTODY.

DEFENDANT ORDERED TO RETURN.

ENTERED ON CJIS BY F.ESPINOZA DATE 08/31/2004.

200

```
J2411H1           SUPERIOR COURT - HALL OF JUSTICE & RECORDS      09/01/04
SAN MATEO CJIS            IN AND FOR THE COUNTY OF SAN MATEO          16:18
ORGANIZATION: SC
```

CASE NO. SC056446 A    DATE: 09/01/04    TIME: 09:30    DEPT.: 18

PEOPLE VS. HOA TRUNG KHUU

| | | |
|---|---|---|
| JUDGE: JOHN G SCHWARTZ, JUDGE | CLERK: | FRANCOISE ESPINOZA |
| REPORTER: KATHY LEZCHUK | 2ND CLERK: | NONE |
| D.A.: ALLHISER | DEFENSE CO: | BELL |

PROCEEDINGS:

CHARGES: 1. PC 460(A)
         2. PC 664/460(A)
         3. PC 460(A)
         4. PC 496(A)
         5. PC 496(A) W/PC 1203(K) W/PC 1170.12(C)(1) W/PC 667(A)

TRIAL DAY 3.

DEFENDANT PRESENT IN CUSTODY.

9:52 A.M. : COURT CONVENED. COUNSEL PRESENT. JURY
      PRESENT.

9:52 A.M. : THE COURT PRE-INSTRUCTS THE JURY

9:57 A.M. : JURY SWORN

THE INFORMATION WAS READ BY THE CLERK.

10:01 A.M. : THE OPENING STATEMENT OF THE PEOPLE WAS
      MADE TO THE COURT AND JURY BY MARY ALLHISER.

10:21 A.M. : THE OPENING STATEMENT OF THE PEOPLE
      CONCLUDED.

10:21 A.M. : THE OPENING STATEMENT OF THE DEFENSE WAS
      MADE TO THE COURT AND JURY BY FRANK BELL.

EVIDENCE PRESENTED BY THE PEOPLE/PETITIONER.

10:38 A.M. : TOMMY HUI, CALLED BY THE PEOPLE WAS SWORN
      AND TESTIFIED UNDER DIRECT EXAMINATION.

CASE NO. SC056446 A    DATE: 09/01/04    TIME: 09:30    DEPT.: 18
PEOPLE VS. HOA TRUNG KHUU

THE EXHIBITS LISTED BELOW WERE PRE-MARKED FOR
    IDENTIFICATION ON BEHALF OF THE THE PEOPLE.

EXHIBIT 1: POSTER BOARD WITH PICTURES LABELED A THOROUGH
    J (PICTURES OF HOUSE AND ITS INTERIOR).

11:04 A.M. : COURT RECESSED.

JURORS ADMONISHED.

11:24 A.M. : COURT RECONVENED. COUNSEL PRESENT. JURY
    PRESENT.

11:24 A.M. : TOMMY HUI, PREVIOUSLY SWORN, RESUMED THE
    STAND AND TESTIFIED FURTHER UNDER CROSS EXAMINATION.

11:38 A.M. : WITNESS EXCUSED.

11:38 A.M. : WILLIAM SANDRI, CALLED BY THE PEOPLE WAS
    SWORN AND TESTIFIED UNDER DIRECT EXAMINATION.

THE EXHIBITS LISTED BELOW WERE PRE-MARKED FOR
    IDENTIFICATION ON BEHALF OF THE THE PEOPLE.

EXHIBIT 2: POSTER SIZE COLORED STREET MAP WITH CERTAIN
    NEIGHBORHOODS NUMBERED.

JURORS ADMONISHED.

11:55 A.M. : COURT RECESSED UNTIL 1:30 P.M..

1:37 P.M. : COURT RECONVENED. COUNSEL PRESENT. JURY
    PRESENT.

DEFENDANT PRESENT IN CUSTODY.

1:37 P.M. : WITNESS TESTIFIED OUT OF ORDER.

1:37 P.M. : MARY ELKINGTON, CALLED BY THE PEOPLE WAS
    SWORN AND TESTIFIED UNDER DIRECT EXAMINATION.

THE EXHIBITS LISTED BELOW WERE PRE-MARKED FOR
    IDENTIFICATION ON BEHALF OF THE THE PEOPLE.

EXHIBIT 6: PHOTOCOPY OF A TEMPORARY CDL.

CASE NO. SC056446 A    DATE: 09/01/04    TIME: 09:30    DEPT.: 18
PEOPLE VS. HOA TRUNG KHUU

EXHIBIT 7: 2 PAGE DOCUMENT, PHOTOCOPY OF A LIST OF
    ADDRESSES.

1:46 P.M. :   WITNESS EXCUSED.

1:46 P.M. :   WITNESS TESTIFIED OUT OF ORDER.

1:46 P.M. :   JOHN ELKINGTON, CALLED BY THE PEOPLE WAS
    SWORN AND TESTIFIED UNDER DIRECT EXAMINATION.

1:48 P.M. :   WITNESS EXCUSED.

1:48 P.M. :   WILLIAM SANDRI, PREVIOUSLY SWORN, RESUMED
    THE STAND AND TESTIFIED FURTHER UNDER DIRECT
    EXAMINATION.

THE EXHIBITS LISTED BELOW WERE INTRODUCED AND MARKED FOR
    IDENTIFICATION ON BEHALF OF THE: PEOPLE.

EXHIBIT 8: CERTIFIED COPY OF BOOKING PHOTOGRAPH OF
    DEFENDANT.

THE EXHIBITS LISTED BELOW WERE PRE-MARKED FOR
    IDENTIFICATION ON BEHALF OF THE THE PEOPLE.

EXHIBIT 3: POSTER BOARD WITH PICTURES LABELED A THROUGH
    L (PICTURES OF STREETS AND PARKING LOTS).

EXHIBIT 4: ENLARGEMENT OF NEIGHBORHOOD # 8 OF EXHIBIT 2.

EXHIBIT 5: POSTER BOARD WITH PICTURES LABELED A THROUGH
    J (PICTURES OF BLACK RANGE ROVER AND ITS INTERIOR).

2:11 P.M. :   WITNESS TESTIFIED UNDER CROSS EXAMINATION.

2:28 P.M. :   WITNESS EXCUSED.

2:28 P.M. :   COURT RECESSED FOR 10 MINUTES.

JURORS ADMONISHED.

OUTSIDE THE PRESENCE OF THE JURY COURT AND COUNSEL
    DISCUSS AMENDING THE INFORMATION

INFORMATION AMENDED ORALLY ON PAGE 3, LINE 8 TO READ
    SHARON INSTEAD OF SUSAN.

CASE NO. SC056446 A      DATE: 09/01/04      TIME: 09:30      DEPT.: 18
PEOPLE VS. HOA TRUNG KHUU

2:45 P.M. :  COURT RECONVENED.  COUNSEL PRESENT.  JURY
      PRESENT.

2:46 P.M. : MARK LEE, CALLED BY THE PEOPLE WAS SWORN AND
      TESTIFIED UNDER DIRECT EXAMINATION.

3:04 P.M. :  WITNESS TESTIFIED UNDER CROSS EXAMINATION.

THE EXHIBITS LISTED BELOW WERE INTRODUCED AND MARKED FOR
      IDENTIFICATION ON BEHALF OF THE: DEFENSE.

EXHIBIT A: 8.5 BY 11 INCHES ENLARGED PHOTOGRAPH OF  THE
      FACE OF THE DEFENDANT.

3:09 P.M. :  WITNESS EXCUSED.

3:09 P.M. : DANIEL CAPODANNOS, CALLED BY THE PEOPLE WAS
      SWORN AND TESTIFIED UNDER DIRECT EXAMINATION.

THE EXHIBITS LISTED BELOW WERE INTRODUCED AND MARKED FOR
      IDENTIFICATION ON BEHALF OF THE: PEOPLE.

EXHIBIT 9: 17 INCH SCREW DRIVER WITH BLACK PLASTIC
      HANDLE.

EXHIBIT 10: PHOTOCOPY OF CURRENCY TALLY.

EXHIBIT 11: POSTER BOARD WITH PICTURES LABELED A THROUGH
      H (PICTURES OF WALLET, ELECTRONIC GOODS, JEWELRY,
      LAPTOP).

3:27 P.M. : COURT RECESSED FOR 10 MINUTES.

JURORS ADMONISHED.

3:42 P.M. :  COURT RECONVENED.  COUNSEL PRESENT.  JURY
      PRESENT.

3:42 P.M. : DANIEL CAPODANNOS, PREVIOUSLY SWORN, RESUMED
      THE STAND AND TESTIFIED FURTHER UNDER CROSS EXAMINATION.

THE EXHIBITS LISTED BELOW WERE PRE-MARKED FOR
      IDENTIFICATION ON BEHALF OF THE THE DEFENSE.

EXHIBIT B: EVIDENCE ENVELOPE CONTAINING TOOL IMPRINTS.

CASE NO. SC056446 A        DATE: 09/01/04      TIME: 09:30        DEPT.: 18
PEOPLE VS. HOA TRUNG KHUU

EXHIBIT C: EVIDENCE ENVELOPE CONTAINING PICTURES AND
      NEGATIVES OF TOOL MARKINGS ON A DOOR.

3:49 P.M. :  WITNESS TESTIFIED UNDER CROSS EXAMINATION.

3:59 P.M. :  WITNESS TESTIFIED UNDER RE-CROSS
      EXAMINATION.

4:00 P.M. :  WITNESS TESTIFIED UNDER RE-DIRECT
      EXAMINATION.

4:01 P.M. :  WITNESS EXCUSED.

4:02 P.M. : ERIC EGAN, CALLED BY THE PEOPLE WAS SWORN
      AND TESTIFIED UNDER DIRECT EXAMINATION.

COUNSEL STIPULATE THAT THE WALLET IN EXHIBIT 12 WAS
      SEIZED BY OFFICER  EGAN AND BOOKED INTO EVIDENCE BY
      OFFICER SANDRI.

THE EXHIBITS LISTED BELOW WERE INTRODUCED AND MARKED FOR
      IDENTIFICATION ON BEHALF OF THE: THE PEOPLE.

EXHIBIT 12: LARGE ENVELPE CONTAINING A BLACK WALLET  AND
      CELL PHONE.

4:13 P.M. : JURY EXCUSED FOR THE DAY.

OUTSIDE THE PRESENCE OF THE JURY COURT AND COUNSEL
      DISCUSS THE DEFENSE'S MOTION FOR A MISTRIAL

BASED ON THE GROUNDS PROVIDED BY DEFENSE COUNSEL, THE
      COURT WILL NOT GRANT THE MOTION AT THIS TIME.   THE
      COURT WILL ALLOW COUNSEL TO FURTHER RESEARCH THE
      MATTER.

4:15 P.M. : COURT ADJOURNED TO RECONVENE ON 09/02/2004
      AT 9:30 A.M. IN SCRWC, D- 18 FOR FURTHER JURY TRIAL.

DEFENDANT REMAINS IN CUSTODY.

DEFENDANT ORDERED TO RETURN.

ENTERED ON CJIS BY F.ESPINOZA DATE 09/01/2004.

J2411H1            SUPERIOR COURT - HALL OF JUSTICE & RECORDS        09/03/04
SAN MATEO CJIS          IN AND FOR THE COUNTY OF SAN MATEO           08:22
ORGANIZATION: SC


CASE NO. SC056446 A      DATE: 09/02/04      TIME: 09:30      DEPT.: 18

PEOPLE VS. HOA TRUNG KHUU

JUDGE:    JOHN G SCHWARTZ, JUDGE        CLERK:      FRANCOISE ESPINOZA
REPORTER: KATHY LEZCHUK                 2ND CLERK:  NONE
D.A.:     ALLHISER                      DEFENSE CO: BELL

PROCEEDINGS: FURTHER JURY TRIAL

---

CHARGES:  1. PC 460(A)
          2. PC 664/460(A)
          3. PC 460(A)
          4. PC 496(A)
          5. PC 496(A) W/PC 1203(K) W/PC 1170.12(C)(1) W/PC 667(A)

---

DEFENDANT PRESENT IN CUSTODY.

TRIAL DAY 4.

9:39 A.M. : COURT CONVENED.  COUNSEL PRESENT.  DEFENDANT
     PRESENT IN CUSTODY.

OUTSIDE THE PRESENCE OF THE JURY COURT AND COUNSEL
     DISCUSS 0939;SCHEDULING AND JURY INSTRUCTIONS

DEFENSE REQUEST FOR LIMITING INSTRUCTIONS FILED.

DEFENSE POINTS AND AUTHORITIES FOR MOTION FOR MISTRIAL
     FILED.

DEFENSE MOTION FOR MISTRIAL IS DENIED.

9:52 A.M. : JURORS NOW PRESENT.

9:52 A.M. : KEVIN MICHAEL TALIAFERRO, CALLED BY THE
     PEOPLE WAS SWORN AND TESTIFIED UNDER DIRECT EXAMINATION.

10:03 A.M. : WITNESS EXCUSED.

10:04 A.M. : BILL BONIFACIO, CALLED BY THE PEOPLE WAS
     SWORN AND TESTIFIED UNDER DIRECT EXAMINATION.

CASE NO. SC056446 A     DATE: 09/02/04     TIME: 09:30     DEPT.: 18
PEOPLE VS. HOA TRUNG KHUU

10:10 A.M. : WITNESS EXCUSED.

10:10 A.M. : SHARON CHI, CALLED BY THE PEOPLE WAS SWORN
    AND TESTIFIED UNDER DIRECT EXAMINATION.

WITNESS TESTIFIED THROUGH AN INTERPRETER.

MARY MA PRESENT AND DULY SWORN/HAS OATH ON FILE AS
    MANDARIN LANGUAGE INTERPRETER.

THE EXHIBITS LISTED BELOW WERE INTRODUCED AND MARKED FOR
    IDENTIFICATION ON BEHALF OF THE: PEOPLE.

EXHIBIT 13: POSTER BOARD WITH PICTURES LABELED A THROUGH
    G (EXTERIOR AND INTERIOR OF HOUSE 1295 BEACH PARK BLVD)

10:32 A.M. : WITNESS TESTIFIED UNDER CROSS EXAMINATION.

10:48 A.M. : WITNESS TESTIFIED UNDER RE-DIRECT
    EXAMINATION.

10:50 A.M. : WITNESS TESTIFIED UNDER RE-CROSS
    EXAMINATION.

10:50 A.M. : WITNESS EXCUSED.

10:50 A.M. : COURT RECESSED FOR 15 MINUTES.

JURORS ADMONISHED.

11:09 A.M. : COURT RECONVENED. COUNSEL PRESENT. JURY
    PRESENT.

11:10 A.M. : YAO WU CHI, CALLED BY THE PEOPLE WAS SWORN
    AND TESTIFIED UNDER DIRECT EXAMINATION.

WITNESS TESTIFIED THROUGH AN INTERPRETER.

MARY MA PRESENT AND DULY SWORN/HAS OATH ON FILE AS
    MANDARIN LANGUAGE INTERPRETER.

11:29 A.M. : WITNESS TESTIFIED UNDER CROSS EXAMINATION.

11:43 A.M. : WITNESS EXCUSED.

CASE NO. SC056446 A    DATE: 09/02/04    TIME: 09:30    DEPT.: 18
PEOPLE VS. HOA TRUNG KHUU

11:43 A.M. : SOLOMON CHI, CALLED BY THE PEOPLE WAS SWORN
    AND TESTIFIED UNDER DIRECT EXAMINATION.

11:51 A.M. : WITNESS TESTIFIED UNDER CROSS EXAMINATION.

11:58 A.M. : WITNESS EXCUSED.

11:58 A.M. : COURT RECESSED FOR LUNCH.

JURORS ADMONISHED.

1:39 P.M. : COURT RECONVENED. COUNSEL PRESENT. JURY
    PRESENT.

1:39 P.M. : KENNETH KAMMULLER, CALLED BY THE PEOPLE WAS
    SWORN AND TESTIFIED UNDER DIRECT EXAMINATION.

1:45 P.M. : WITNESS EXCUSED.

1:45 P.M. : GEORGE HUNG, CALLED BY THE PEOPLE WAS SWORN
    AND TESTIFIED UNDER DIRECT EXAMINATION.

THE EXHIBITS LISTED BELOW WERE INTRODUCED AND MARKED FOR
    IDENTIFICATION ON BEHALF OF THE: PEOPLE.

EXHIBIT 14: POSTER BOARD WITH PICTURES LABELED A
    THROUGH I ( PICTURES OF A HOUSE , ITS INTERIOR, AND
    BRIEFCASE, 361 BEACH PARK BLVD)

2:03 P.M. : WITNESS TESTIFIED UNDER CROSS EXAMINATION.

2:16 P.M. : WITNESS TESTIFIED UNDER RE-DIRECT
    EXAMINATION.

THE EXHIBITS LISTED BELOW WERE INTRODUCED AND MARKED FOR
    IDENTIFICATION ON BEHALF OF THE: THE PEOPLE.

EXHIBIT 15: 2 COLOR PHOTOCOPIES OF TAIWANESE DOLLARS.

2:20 P.M. : WITNESS EXCUSED.

2:20 P.M. : PAMELA HUNG, CALLED BY THE PEOPLE WAS SWORN
    AND TESTIFIED UNDER DIRECT EXAMINATION.

CASE NO. SC056446 A        DATE: 09/02/04      TIME: 09:30        DEPT.: 18
PEOPLE VS. HOA TRUNG KHUU

THE EXHIBITS LISTED BELOW WERE INTRODUCED AND MARKED FOR
    IDENTIFICATION ON BEHALF OF THE: THE PEOPLE.

EXHIBIT 16: PLASTIC ENVELOPE CONTAINING A $100 GIFT
    CERTIFICATE TO STANFORD SHOPPING MALL.

EXHIBIT 17: ENLARGED COLOR PICTURE OF A SHIRTLESS MAN
    WITH TATTOOS.

2:32 P.M. :  WITNESS TESTIFIED UNDER CROSS EXAMINATION.

2:37 P.M. :  WITNESS EXCUSED.

2:39 P.M. :  COURT RECESSED FOR 10 MINUTES..

JURORS ADMONISHED.

2:54 P.M. :  COURT RECONVENED.  COUNSEL PRESENT.  JURY
    PRESENT.

2:54 P.M. :  JOSEPH CAVALLERO, CALLED BY THE PEOPLE WAS
    SWORN AND TESTIFIED UNDER DIRECT EXAMINATION.

THE EXHIBITS LISTED BELOW WERE INTRODUCED AND MARKED FOR
    IDENTIFICATION ON BEHALF OF THE: PEOPLE.

EXHIBIT 18: CERTIFIED COPY OF  A DMV VEHICLE
    REGISTRATION OF BLACK RANGE ROVER.

EXHIBIT 19: BROWN PAPER BAG CONTAINING 2 FABRIC GLOVES.

EXHIBIT 20: PHOTOCOPY OF A PLASTIC BAG CONTAINING
    CURRENCY AND A CURRENCY TALLY.

EXHIBIT 21: 4 PAGE COLOR PHOTOCOPY OF US CURRENCY.

3:15 P.M. :  WITNESS EXCUSED.

3:16 P.M. :  SHARON DERRIS, CALLED BY THE PEOPLE WAS
    SWORN AND TESTIFIED UNDER DIRECT EXAMINATION.

THE EXHIBITS LISTED BELOW WERE INTRODUCED AND MARKED FOR
    IDENTIFICATION ON BEHALF OF THE: PEOPLE.

EXHIBIT 22: 4 PAGE DOCUMENT, CLETS PRINT-OUT.

CASE NO. SC056446 A      DATE: 09/02/04      TIME: 09:30      DEPT.: 18
PEOPLE VS. HOA TRUNG KHUU

EXHIBIT 23: 3 PAGE DOCUMENT, CAD PRINT-OUT.

3:35 P.M. :  WITNESS TESTIFIED UNDER CROSS EXAMINATION.

3:52 P.M. :  WITNESS TESTIFIED UNDER RE-DIRECT
             EXAMINATION.

3:53 P.M. :  WITNESS EXCUSED.

3:53 P.M. :  COURT RECESSED FOR 10 MINUTES.

JURORS ADMONISHED.

4:07 P.M. :  COURT RECONVENED.  COUNSEL PRESENT.  JURY
             PRESENT.

4:07 P.M. :  JOEL BOUZA, CALLED BY THE PEOPLE WAS SWORN
             AND TESTIFIED UNDER DIRECT EXAMINATION.

4:15 P.M. :  WITNESS TESTIFIED UNDER CROSS EXAMINATION.

4:22 P.M. :  WITNESS EXCUSED.

JURORS ADMONISHED.

4:22 P.M. :  COURT ADJOURNED TO RECONVENE ON 09/03/2004
             AT 9:30 A.M. IN SCRWC, D- 18 FOR FURTHER JURY TRIAL.

DEFENDANT ORDERED TO RETURN.

DEFENDANT REMAINS IN CUSTODY.

ENTERED ON CJIS BY F.ESPINOZA DATE 09/02/2004.

1  Frank Bell, SBN 038955
   Attorney at Law
2  303 Bradford Street, Suite C
   Redwood City, CA 94063-1529
3  Tel: 650 365-8300
   Fax: 650 366-8987
4
   Attorney for Defendant
5  HOA TRUNG KHUU

**FILED**
SAN MATEO COUNTY

SEP 0 2 2004

Clerk of the Superior Court

By _____
         DEPUTY CLERK

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF SAN MATEO

10

11  THE PEOPLE OF THE STATE OF          )     NO. SC56446
    CALIFORNIA,                         )
12                  PLAINTIFF           )
                                        )
13               v.                     )     POINTS AND AUTHORITIES
                                        )     IN SUPPORT OF MOTION FOR
14                                      )     MISTRIAL
                                        )
15  HOA TRUNG KHUU,                     )
                                        )
16               DEFENDANT              )
                                        )
17                                      )
                                        )
18  _____

19         During questioning of one of the People's witnesses, after defense counsel elicited

20  testimony from the witness that an exhibit (tool mark impressions from the residence

21  which was the subject of an alleged attempted burglary charged in Count 2 of the

22  Information) had not been sent to the crime lab for expert examination by tool mark

23  experts at the lab, the prosecutor was allowed to elicit testimony (over defendant's

24  objections) that no request had been made for the release of the same evidence for the

25  purpose of having it examined by defense experts.  At a break in the proceedings,

26  defense counsel renewed his objections and asked the court to declare a mistrial on the

27

28  P&A'S IN SUPPORT OF MOT FOR MISTRIAL                                    1

1  same grounds.

2      Allowing the prosecutor to elicit that testimony impermissibly shifts the burden of

3  proof to the defendant in violation of his Due Process and Fifth Amendment rights. In

4  addition, it is improper comment on the defendant's failure to produce any evidence.

5      In People v. Bradford (1997) 15 Cal.4th. 1229, 1340, the California Supreme

6  Court stated:

7          "In the present case, there were brief comments by the
        prosecution during closing argument noting the absence of
8          evidence contradicting what was produced by the
        prosecution on several points, and the failure of the defense
9          to introduce material evidence or any alibi witnesses. These
        comments, however, cannot fairly be interpreted as referring
10         to defendant's failure to testify. Neither the general comment
        directed to the lack of defense evidence or testimony, nor the
11         more particularized comments regarding the possibly
        bloodstained mat, the coroner's opinion, or the absence of
12         alibi for a particular time period, would have required
        defendant to take the stand. Contrary to defendant's assertion,
13         the prosecutor's comment that "there is no evidence to the
        contrary," in arguing the victims had been killed for pleasure,
14         does not constitute Griffin error within the meaning of our
        decision in People v. Murtishaw, supra, 29 Cal. 3d 733,
15         757-758, and footnotes 19-20, and similar cases. The
        prosecutor did not allude to the lack of refutation or denial by
16         the sole remaining witness, defendant, but rather to the lack
        of evidence, which might have been presented in the form of
17         physical evidence or testimony other than that of defendant.
        In any event, "indirect, brief and mild references to a
18         defendant's failure to testify, without any suggestion that an
        inference of guilt be drawn therefrom, are uniformly held to
19         constitute harmless error. [Citations.]" ( People v. Hovey,
        supra, 44 Cal. 3d 543, 572.)

20
21         Nor did the prosecutor's comments impermissibly shift the
        burden of proof to defendant. At the outset, and following
        advisement by the trial court, Prosecutor Conn reiterated that
22         the prosecution had the burden of proof by sufficient
        evidence to establish defendant's guilt, and that defendant had
23         no duty or burden to produce any evidence. (See People v.
        Ratliff (1986) 41 Cal. 3d 675, 691 [224 Cal. Rptr. 705, 715
24         P.2d 665].) A distinction clearly exists between the
        permissible comment that a defendant has not produced any
25         evidence, and on the other hand an improper statement that a
        defendant has a duty or burden to produce evidence, or a duty
26         or burden to prove his or her innocence. (Emphasis added.)

27     Note, however, that in Bradford the comments were made in closing argument. In

28 P&A'S IN SUPPORT OF MOT FOR MISTRIAL            2

1    this case they were made during the taking of evidence and questioning about it was

2    permitted by the court.  Therefore, <u>Bradford</u> is a case that deals only with improper

3    comment by the prosecutor during what might be otherwise fair argument to the jury.

4    Here, because of the manner in which the information was elicited by the prosecution, it

5    more clearly implicates the shifting of the burden of proof to the defendant to prove his

6    innocence  in violation of his rights to Due Process of law and the Fifth Amendment.

7         Finally, if the court is to deny the motion for mistrial, the court should now

8    admonish the jury that the prosecution has the burden of proof of the defendant's guilt

9    beyond a reasonable doubt and that the defendant has no obligation to call any witnesses

10   or produce any evidence or a duty or burden to prove his innocence and that the

11   defendant may rely upon the prosecution's failure to prove guilt beyond a reasonable

12   doubt.

13

14   Dated: September 2, 2004                Respectfully submitted,

15

16

17                                   _____

18                                   FRANK BELL
                                     Attorney for Defendant
19                                   HOA TRUNG KHUU

20

21

22

23

24

25

26

27

28   P&A'S IN SUPPORT OF MOT FOR MISTRIAL                                          3

213

```
J2411H1          SUPERIOR COURT - HALL OF JUSTICE & RECORDS        09/03/04
SAN MATEO CJIS          IN AND FOR THE COUNTY OF SAN MATEO          11:08
ORGANIZATION: SC


  CASE NO. SC056446 A      DATE: 09/03/04      TIME: 09:30      DEPT.: 18

  PEOPLE VS. HOA TRUNG KHUU

  JUDGE:    JOHN G SCHWARTZ, JUDGE        CLERK:      FRANCOISE ESPINOZA
  REPORTER: KATHY LEZCHUK                 2ND CLERK:  NONE
  D.A.:     ALLHISER                      DEFENSE CO: BELL

  PROCEEDINGS: FURTHER JURY TRIAL
  ───────────────────────────────────────────────────────────────────
  CHARGES: 1. PC 460(A)
           2. PC 664/460(A)
           3. PC 460(A)
           4. PC 496(A)
           5. PC 496(A) W/PC 1203(K) W/PC 1170.12(C)(1) W/PC 667(A)
  ───────────────────────────────────────────────────────────────────
  DEFENDANT PRESENT IN CUSTODY.

  TRIAL DAY 5.

  9:37 A.M. : COURT CONVENED. COUNSEL PRESENT. JURY
             PRESENT.

  9:39 A.M. : MARTIN TICAS, CALLED BY THE PEOPLE WAS SWORN
             AND TESTIFIED UNDER DIRECT EXAMINATION.

  9:46 A.M. : WITNESS TESTIFIED UNDER CROSS EXAMINATION.

  9:50 A.M. : WITNESS EXCUSED.

  9:51 A.M. : ANNE-MARIE TOENSING, CALLED BY THE PEOPLE
             WAS SWORN AND TESTIFIED UNDER DIRECT EXAMINATION.

  THE COURT FINDS THE WITNESS TO BE AN EXPERT IN THE AREA
      OF LATENT PRINT EXAMINER AND IDENTIFICATION SPECIALIST

  THE EXHIBITS LISTED BELOW WERE INTRODUCED AND MARKED FOR
      IDENTIFICATION ON BEHALF OF THE PEOPLE.

  EXHIBIT 24: SAN MATEO COUNTY CRIME LAB EVIDENCE
      ENVELOPE CONTAINING A SHEET OF PRINTED PAPER  WITH
      ADDRESSES AND NAMES ON IT.
```

CASE NO. SC056446 A      DATE: 09/03/04      TIME: 09:30      DEPT.: 18
PEOPLE VS. HOA TRUNG KHUU

EXHIBIT 25: SAN MATEO COUNTY CRIME LAB EVIDENCE ENVELOPE
      CONTAINING A 2 PRINT CARDS, 1 LATENT PRINT LIFT.

EXHIBIT 26: SAN MATEO COUNTY CRIME LAB EVIDENCE ENVELOPE
      CONTAINING A NEGATIVE AND BLACK AND WHITE PHOTOGRAPH.

10:24 A.M. : WITNESS TESTIFIED UNDER CROSS EXAMINATION.

10:25 A.M. : WITNESS EXCUSED.

10:26 A.M. : PIERRE MORRISON, CALLED BY THE PEOPLE WAS
      SWORN AND TESTIFIED UNDER DIRECT EXAMINATION.

THE EXHIBITS LISTED BELOW WERE INTRODUCED AND MARKED FOR
      IDENTIFICATION ON BEHALF OF THE: PEOPLE.

EXHIBIT 27: CERTIFIED COPY OF SAN MATEO COUNTY BOOKING
      PHOTO.

EXHIBIT 28: CERTIFIED COPY OF CDL OF HOA TRUNG KHUU.

10:56 A.M. : WITNESS TESTIFIED UNDER CROSS EXAMINATION.

THE EXHIBITS LISTED BELOW WERE INTRODUCED AND MARKED FOR
      IDENTIFICATION ON BEHALF OF THE: DEFENSE.

EXHIBIT D: CERTIFIED COPY OF CDL OF BRIAN BUI.

11:02 A.M. : SIDEBAR CONFERENCE HELD.

11:03 A.M. : SIDEBAR CONFERENCE CONCLUDED.

11:05 A.M. : WITNESS EXCUSED.

( 11:05 A.M. ): PEOPLE REST SUBJECT TO THE ADMISSION OF
      EVIDENCE.

( 11:05 A.M. ): DEFENSE REST SUBJECT TO THE ADMISSION OF
      EVIDENCE.

11:06 A.M. : JURORS ADMONISHED AND ORDERED TO RETURN ON
      09/07/2004 AT 2:00 P.M..

11:09 A.M. : COURT ADJOURNED TO RECONVENE ON 09/07/2004
      AT 9:00 A.M. IN SCRWC, D- 18 FOR FURTHER JURY TRIAL.

CASE NO. SC056446 A        DATE: 09/03/04        TIME: 09:30        DEPT.: 18
PEOPLE VS. HOA TRUNG KHUU

THE COURT AND COUNSEL WILL DISCUSS JURY INSTRUCIONS ON
    TUESDAY MORNING.

DEFENDANT REMAINS IN CUSTODY.

DEFENDANT ORDERED TO RETURN.

ENTERED ON CJIS BY F.ESPINOZA DATE 09/03/2004.

J2411H1            SUPERIOR COURT - HALL OF JUSTICE & RECORDS        09/08/04
SAN MATEO CJIS            IN AND FOR THE COUNTY OF SAN MATEO            09:13
ORGANIZATION: SC

CASE NO. SC056446 A        DATE: 09/07/04        TIME: 09:00        DEPT.: 18

PEOPLE VS. HOA TRUNG KHUU

JUDGE:    JOHN G SCHWARTZ, JUDGE        CLERK:      FRANCOISE ESPINOZA
REPORTER: KATHY LEZCHUK                2ND CLERK:  NONE
D.A.:     ALLHISER                     DEFENSE CO: BELL

PROCEEDINGS: FURTHER JURY TRIAL

CHARGES:  1. PC 460(A)
          2. PC 664/460(A)
          3. PC 460(A)
          4. PC 496(A)
          5. PC 496(A) W/PC 1203(K) W/PC 1170.12(C)(1) W/PC 667(A)

DEFENDANT PRESENT IN CUSTODY.

TRIAL DAY 6.

9:18 A.M. : COURT CONVENED. COUNSEL PRESENT. DEFENDANT
     PRESENT IN CUSTODY.

JURY NOT PRESENT

COURT AND COUNSEL DISCUSS FURTHER THE DEFENSE'S MOTION
     FOR MISTRIAL.

DEFENSE MOTION FOR MISTRIAL IS DENIED.

COURT AND COUNSEL DISCUSS FURTHER THE PEOPLE'S
     OBJECTION OF LAST FRIDAY.

FOR REASONS FULLY STATED ON THE RECORD, THE OBJECTION
     IS STILL SUSTAINED.

THE FOLLOWING EXHIBITS WERE ADMITTED INTO EVIDENCE ON
     BEHALF OF THE PEOPLE :

EXHIBITS 1 THROUGH 28 (INCLUSIVE)

THE FOLLOWING EXHIBITS WERE ADMITTED INTO EVIDENCE ON
     BEHALF OF THE DEFENSE :

CASE NO. SC056446 A    DATE: 09/07/04    TIME: 09:00    DEPT.: 18
PEOPLE VS. HOA TRUNG KHUU

EXHIBITS A, B, C, D.

COURT AND COUNSEL RETIRE TO CHAMBERS TO DISCUSS JURY
    INSTRUCTION.

THE DEFENDANT WAIVES HIS RIGHT TO BE PRESENT DURING
    THIS PROCESS.

DEFENDANT TO BE BROUGHT BACK TO THE COURTROOM BY 2 P.M.
    DRESSED OUT.

2:05 P.M. :  COURT RECONVENED.  COUNSEL PRESENT.  JURY
    PRESENT.

DEFENDANT PRESENT IN CUSTODY.

2:05 P.M. :  THE CLOSING ARGUMENT OF THE PEOPLE WAS MADE
    TO THE COURT AND JURY BY MARY ALLHISER.

2:43 P.M. :  THE CLOSING ARGUMENT OF THE PEOPLE
    CONCLUDED.

2:43 P.M. :  THE CLOSING ARGUMENT OF THE DEFENSE WAS
    MADE TO THE COURT AND JURY BY FRANK BELL.

3:39 P.M. :  THE CLOSING ARGUMENT OF THE DEFENSE
    CONCLUDED.

3:39 P.M. :  COURT RECESSED FOR 5 MINUTES.

JURORS ADMONISHED.

3:52 P.M. :  COURT RECONVENED.  COUNSEL PRESENT.  JURY
    PRESENT.

3:52 P.M. :  PEOPLE'S FINAL ARGUMENT WAS MADE TO THE
    COURT AND JURY BY MARY ALLHISER.

4:16 P.M. :  PEOPLE'S FINAL ARGUMENT CONCLUDES.

4:16 P.M. :  THE COURT INSTRUCTS THE JURY.

4:49 P.M. :  BAILIFF, DEB TITONE, IS DULY SWORN TO TAKE
    CHARGE OF THE JURY.

218

CASE NO. SC056446 A    DATE: 09/07/04    TIME: 09:00    DEPT.: 18
PEOPLE VS. HOA TRUNG KHUU

4:49 P.M. : THE JURY RETIRED FOR DELIBERATION.

ALTERNATE JUROR PUT ON TELEPHONE STAND-BY

OUTSIDE THE PRESENCE OF THE JURY COURT AND COUNSEL
     DISCUSS BIRFUCATED PRIORS

THE DEFENDANT WAIVES HIS RIGHT TO A JURY TRIAL ON THE
     BIFURCATED PRIORS.

THE COURT INDICATED THAT IF A CONVICTION WERE TO ENSUE
     THE COURT TRIAL ON THE PRIORS WOULD TAKE PLACE AT TIME
     OF SENTENCING.

4:55 P.M. : JURY ADJOURNED FOR THE DAY.

JURY INSTRUCTIONS READ TO JURY AND SENT INTO JURY ROOM
     FILED.

DEFENDANT TO REMAIN ON STAND-BY IN JAIL DURING
     DELIBERATIONS.

JURY INSTRUCTIONS EDITED BY COURT AND COUNSEL FILED.

JURY INSTRUCTIONS REFUSED FILED.

JURY INSTRUCTIONS WITHDRAWN FILED.

5:00 P.M. : COURT ADJOURNED TO RECONVENE ON 09/08/2004
     AT 9:00 A.M. IN SCRWC, D- 18 FOR FURTHER JURY TRIAL.

FOR JURY DELIBERATIONS

ENTERED ON CJIS BY F.ESPINOZA DATE 09/07/2004.

**FILED**
**SAN MATEO COUNTY**

SEP 0 7 2004

Clerk of the Superior Court

By _____
         DEPUTY CLERK

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN MATEO

People of the State of California,

       Plaintiff,     Case No.  SC056446A

Vs.

Hoa Trung Khuu,

       Defendant,
                /

JURY INSTRUCTIONS REFUSED

Date:  SEP 0 7 2004

           Judge of the Superior Court

## CALJIC 2.06

### EFFORTS TO SUPPRESS EVIDENCE

2.06

If you find that a defendant attempted to suppress evidence against [himself] [herself] in any manner, such as [by the intimidation of a witness] [by a offer to compensate a witness] [by destroying evidence] [by concealing evidence] [by _____], this attempt may be considered by you as a circumstance tending to show a consciousness of guilt. However, this conduct is not sufficient by itself to prove guilt, and its weight and significance, if any, are for you to decide.

| Requested by People | ✓ | Requested by Defendant<br>Obj by D | | Requested by | |
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | ✓ | | | | |
| Withdrawn | | | _____ | | Judge |

Print Date: 4/2003

Jury Instructions

221

**FILED**
**SAN MATEO COUNTY**

SEP 0 7 2004

Clerk of the Superior Court

By _____
         DEPUTY CLERK

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### IN AND FOR THE COUNTY OF SAN MATEO

People of the State of California,

                    Plaintiff,                    Case No. SC056446A

Vs.

Hoa Trung Khuu,

                    Defendant,

                                                    /

JURY INSTRUCTIONS
WITHDRAWN

Date:    SEP 0 7 2004                _____
                                              Judge of the Superior Court

## CALJIC 2.62

222

DEFENDANT TESTIFYING--WHEN ADVERSE INFERENCE MAY BE DRAWN

2.62

In this case defendant has testified to certain matters.

If you find that [a] [the] defendant failed to explain or deny any evidence against [him] [her] introduced by the prosecution which [he] [she] can reasonably be expected to deny or explain because of facts within [his] [her] knowledge, you may take that failure into consideration as tending to indicate the truth of this evidence and as indicating that among the inferences that may reasonably be drawn therefrom those unfavorable to the defendant are the more probable.

The failure of a defendant to deny or explain evidence against [him] [her] does not, by itself, warrant an inference of guilt, nor does it relieve the prosecution of its burden of proving every essential element of the crime and the guilt of the defendant beyond a reasonable doubt.

If a defendant does not have the knowledge that [he] [she] would need to deny or to explain evidence against [him,] [her,] it would be unreasonable to draw an inference unfavorable to [him] [her] because of [his] [her] failure to deny or explain this evidence.

| Requested by People | ✓ | Requested by Defendant | Requested by |
|---|---|---|---|
| Given as Requested | . | Given as Modified | Given on Court's Motion |
| Refused | | | |
| Withdrawn | ✓ | | Judge |

Print Date: 4/2003

Jury Instructions

## CALJIC 2.23

### BELIEVABILITY OF WITNESS--CONVICTION OF A FELONY

2.23

   The fact that a witness has been convicted of a felony, if this is a fact, may be considered by you only for the purpose of determining the believability of that witness. The fact of a conviction does not necessarily destroy or impair a witness's believability. It is one of the circumstances that you may consider in weighing the testimony of that witness.

| Requested by People | ✓ | Requested by Defendant | Requested by | |
|---|---|---|---|---|
| Given as Requested | | Given as Modified | Given on Court's Motion | |
| Refused | | | | |
| Withdrawn | ✓ | | | Judge |

Print Date: 4/2003

---

Jury Instructions

## CALJIC 2.05

2 2 4

EFFORTS OTHER THAN BY DEFENDANT TO FABRICATE EVIDENCE

2.05

If you find that an effort to procure false or fabricated evidence was made by another person for the defendant's benefit, you may not consider that effort as tending to show the defendant's consciousness of guilt unless you also find that the defendant authorized that effort. If you find defendant authorized the effort, that conduct is not sufficient by itself to prove guilt, and its weight and significance, if any, are for you to decide.

| Requested by People | ✓ | Requested by Defendant | Requested by |
|---|---|---|---|
| Given as Requested | | Given as Modified | Given on Court's Motion |
| Refused | | | |
| Withdrawn | ✓ | | Judge |

Print Date: 4/2003

## CALJIC 2.04

### EFFORTS BY DEFENDANT TO FABRICATE EVIDENCE

2.04

If you find that a defendant [attempted to] [or] [did] persuade a witness to testify falsely or [attempted to [or] [did]] fabricate evidence to be produced at the trial, that conduct may be considered by you as a circumstance tending to show a consciousness of guilt. However, that conduct is not sufficient by itself to prove guilt and its weight and significance, if any, are for you to decide.

| Requested by People | ✓ | Requested by Defendant | Requested by | |
| Given as Requested | | Given as Modified | Given on Court's Motion | |
| Refused | | | | |
| Withdrawn | ✓ | | Judge | |

Print Date: 4/2003

Jury Instructions

**CALJIC 2.03**

2 2 6

## CONSCIOUSNESS OF GUILT--FALSEHOOD

2.03

If you find that before this trial ▮ [the] defendant made a willfully false or deliberately misleading statement concerning the crime[s] for which [he] ▮▮▮ is now being tried, you may consider that statement as a circumstance tending to prove a consciousness of guilt. However, that conduct is not sufficient by itself to prove guilt, and its weight and significance, if any, are for you to decide.

| Requested by People | ✓ Requested by Defendant | Requested by |
|---|---|---|
| Given as Requested | Given as Modified | Given on Court's Motion |
| Refused | | |
| Withdrawn ✓ | | Judge |

Print Date: 4/2003

FILED
SAN MATEO COUNTY

SEP 0 7 2004

Clerk of the Superior Court
By _____
DEPUTY CLERK

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN MATEO

People of the State of California,

                   Plaintiff,                  Case No.  SC056446A

Vs.

Hoa Trung Khuu,

                   Defendant,

_____ /

JURY INSTRUCTIONS READ TO JURY
AND SENT INTO JURY ROOM

Date:

    SEP 0 7 2004                             Judge of the Superior Court

## CALJIC 1.00

228

### RESPECTIVE DUTIES OF JUDGE AND JURY

1.00

Members of the Jury:
You have heard all the evidence and the arguments of the attorneys, and now it is my duty to instruct you on the law that applies to this case. The law requires that I read the instructions to you. You will have these instructions in written form in the jury room to refer to during your deliberations.

You must base your decision on the facts and the law.

You have two duties to perform. First, you must determine what facts have been proved from the evidence received in the trial and not from any other source. A "fact" is something proved by the evidence or by stipulation. A stipulation is an agreement between attorneys regarding the facts. Second, you must apply the law that I state to you, to the facts, as you determine them, and in this way arrive at your verdict and any finding you are instructed to include in your verdict.

You must accept and follow the law as I state it to you, regardless of whether you agree with it. If anything concerning the law said by the attorneys in their arguments or at any other time during the trial conflicts with my instructions on the law, you must follow my instructions.

You must not be influenced by pity for or prejudice against a defendant. You must not be biased against a defendant because he has been arrested for this offense, charged with a crime, or brought to trial. None of these circumstances is evidence of guilt and you must not infer or assume from any or all of them that a defendant is more likely to be guilty than not guilty. You must not be influenced by sentiment, conjecture, sympathy, passion, prejudice, public opinion or public feeling. Both the People and a defendant have a right to expect that you will conscientiously consider and weigh the evidence, apply the law, and reach a just verdict regardless of the consequences.

## CALJIC 1.01

### INSTRUCTIONS TO BE CONSIDERED AS A WHOLE

1.01

    If any rule, direction or idea is repeated or stated in different ways in these instructions, no emphasis is intended and you must not draw any inference because of its repetition. Do not single out any particular sentence or any individual point or instruction and ignore the others. Consider the instructions as a whole and each in light of all the others.

    The order in which the instructions are given has no significance as to their relative importance.

## CALJIC 1.02

### STATEMENTS OF COUNSEL--EVIDENCE STRICKEN OUT--
### INSINUATIONS OF QUESTIONS--STIPULATED FACTS

1.02

Statements made by the attorneys during the trial are not evidence. However, if the attorneys have stipulated or agreed to a fact, you must regard that fact as proven.

If an objection was sustained to a question, do not guess what the answer might have been. Do not speculate as to the reason for the objection.

Do not assume to be true any insinuation suggested by a question asked a witness. A question is not evidence and may be considered only as it helps you to understand the answer. Do not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken by the court; treat it as though you had never heard of it.

# CALJIC 1.03

## JUROR FORBIDDEN TO MAKE ANY INDEPENDENT INVESTIGATION

1.03

You must decide all questions of fact in this case from the evidence received in this trial and not from any other source. When a witness has testified through a Certified Court Interpreter, you must accept the English interpretation of that testimony even if you would have translated the foreign language differently.

You must not independently investigate the facts or the law or consider or discuss facts as to which there is no evidence. This means, for example, that you must not on your own visit the scene, conduct experiments, or consult reference works or persons for additional information.

You must not discuss this case with any other person except a fellow juror, and then only after the case is submitted to you for your decision and only when all twelve jurors are present in the jury room.

# CALJIC 1.05

232

## JUROR'S USE OF NOTES

1.05

    Notes are only an aid to memory and should not take precedence over recollection. A juror who does not take notes should rely on his or her recollection of the evidence and not be influenced by the fact that other jurors do take notes. Notes are for the note-taker's own personal use in refreshing his or her recollection of the evidence.

    Finally, should any discrepancy exist between a juror's recollection of the evidence and a juror's notes, or between one juror's recollection and that of another, you may request that the reporter read back the relevant testimony which must prevail.

## CALJIC 2.00

### DIRECT AND CIRCUMSTANTIAL EVIDENCE--INFERENCES

2.00

Evidence consists of the testimony of witnesses, writings, material objects, or anything presented to the senses and offered to prove the existence or non-existence of a fact.

Evidence is either direct or circumstantial.

Direct evidence is evidence that directly proves a fact. It is evidence which by itself, if found to be true, establishes that fact. Circumstantial evidence is evidence that, if found to be true, proves a fact from which an inference of the existence of another fact may be drawn.

An inference is a deduction of fact that may logically and reasonably be drawn from another fact or group of facts established by the evidence. It is not necessary that facts be proved by direct evidence. They also may be proved by circumstantial evidence or by a combination of direct and circumstantial evidence. Both direct and circumstantial evidence are acceptable as a means of proof. Neither is entitled to any greater weight than the other.

## CALJIC 2.01

### SUFFICIENCY OF CIRCUMSTANTIAL EVIDENCE--GENERALLY

2.01

However, a finding of guilt as to any crime may not be based on circumstantial evidence unless the proved circumstances are not only (1) consistent with the theory that the defendant is guilty of the crime, but (2) cannot be reconciled with any other rational conclusion.

Further, each fact which is essential to complete a set of circumstances necessary to establish the defendant's guilt must be proved beyond a reasonable doubt. In other words, before an inference essential to establish guilt may be found to have been proved beyond a reasonable doubt, each fact or circumstance on which the inference necessarily rests must be proved beyond a reasonable doubt.

Also, if the circumstantial evidence as to any particular count permits two reasonable interpretations, one of which points to the defendant's guilt and the other to his innocence, you must adopt that interpretation that points to the defendant's innocence, and reject that interpretation that points to his guilt.

If, on the other hand, one interpretation of this evidence appears to you to be reasonable and the other interpretation to be unreasonable, you must accept the reasonable interpretation and reject the unreasonable.

# CALJIC 2.09

## EVIDENCE LIMITED AS TO PURPOSE

2.09

The Prosecution has offered evidence that the defendant, in response to police questioning at the time of his arrest, stated that he was not employed at the time. This evidence may not be used by you as evidence that it is more likely than not that the defendant committed the offenses with which he is charged for some economic gain because he was unemployed. The law does not permit and it would not be proper for you as a juror to consider evidence of a person's unemployment as a motive for the commission of an economic crime such as theft or burglary. This evidence is admitted for the limited purpose of showing that the defendant was not employed in the Foster City area and was therefore not present in the area because of his employment there. Your consideration of the evidence must be limited to that purpose for which it was admitted.

Evidence that there was a federal warrant for the arrest of the defendant on March 10, 2004 was permitted in this trial. You are not to speculate as to the reason the warrant was issued. The fact that the defendant was wanted by federal authorities is not to be used by you as a form of negative character evidence from which you can conclude that it is more likely than not that the defendant is guilty of the crimes charged in this case because he is a bad man and wanted by the federal government. The evidence may be considered, however, for other relevant purposes. For example, another instruction given by the court indicates that flight of a person after the commission of a crime might be evidence of consciousness of guilt of that person. However, such evidence as the fact that the defendant had a federal warrant for his arrest might be an explanation for why the defendant fled from the police before his arrest. Whether you utilize this evidence for that purpose is a matter for you to decide.

# CALJIC 2.11

## PRODUCTION OF ALL AVAILABLE EVIDENCE NOT REQUIRED

2.11

    Neither side is required to call as witnesses all persons who may have been present at any of the events disclosed by the evidence or who may appear to have some knowledge of these events. Neither side is required to produce all objects or documents mentioned or suggested by the evidence.

# CALJIC 2.11.5

## UNJOINED PERPETRATORS OF SAME CRIME

2.11.5

There has been evidence in this case indicating that a person other than a defendant was or may have been involved in the crime for which that defendant is on trial.

There may be many reasons why that person is not here on trial. Therefore, do not discuss or give any consideration as to why the other person is not being prosecuted in this trial or whether he has been or will be prosecuted. Your sole duty is to decide whether the People have proved the guilt of the defendant on trial.

## CALJIC 2.13

## PRIOR CONSISTENT OR INCONSISTENT STATEMENTS AS EVIDENCE

2.13

Evidence that at some other time a witness made a statement or statements that is or are inconsistent or consistent with his or her testimony in this trial, may be considered by you not only for the purpose of testing the credibility of the witness, but also as evidence of the truth of the facts as stated by the witness on that former occasion. If you disbelieve a witness' testimony that he or she no longer remembers a certain event, that testimony is inconsistent with a prior statement or statements by him or her describing that event.

## CALJIC 2.15

### POSSESSION OF STOLEN PROPERTY

2.15

If you find that a defendant was in conscious possession of recently stolen property, the fact of that possession is not by itself sufficient to permit an inference that the defendant is guilty of the crime of Burglary and/or Posession of Stolen Property. Before guilt may be inferred, there must be corroborating evidence tending to prove defendant's guilt. However, this corroborating evidence need only be slight, and need not by itself be sufficient to warrant an inference of guilt.

As corroboration, you may consider the attributes of possession--time, place and manner, that the defendant had an opportunity to commit the crime charged, the defendant's conduct, any other evidence which tends to connect the defendant with the crime charged.

# CALJIC 2.20

## BELIEVABILITY OF WITNESS

2.20

Every person who testifies under oath or affirmation is a witness. You are the sole judges of the believability of a witness and the weight to be given the testimony of each witness.

In determining the believability of a witness you may consider anything that has a tendency reasonably to prove or disprove the truthfulness of the testimony of the witness, including but not limited to any of the following:

The extent of the opportunity or ability of the witness to see or hear or otherwise become aware of any matter about which the witness testified; The ability of the witness to remember or to communicate any matter about which the witness has testified;

The character and quality of that testimony;

The demeanor and manner of the witness while testifying;

The existence or nonexistence of a bias, interest, or other motive;

The existence or nonexistence of any fact testified to by the witness; The attitude of the witness toward this action or toward the giving of testimony;

A statement previously made by the witness that is consistent or inconsistent with his or her testimony.

## CALJIC 2.21.1

### DISCREPANCIES IN TESTIMONY

2.21.1

Discrepancies in a witness's testimony or between a witness's testimony and that of other witnesses, if there were any, do not necessarily mean that any witness should be discredited. Failure of recollection is common. Innocent misrecollection is not uncommon. Two persons witnessing an incident or a transaction often will see or hear it differently. You should consider whether a discrepancy relates to an important matter or only to something trivial.

## CALJIC 2.21.2

### WITNESS WILLFULLY FALSE

2.21.2

A witness, who is willfully false in one material part of his or her testimony, is to be distrusted in others. You may reject the whole testimony of a witness who willfully has testified falsely as to a material point, unless, from all the evidence, you believe the probability of truth favors his or her testimony in other particulars.

## CALJIC 2.22

### WEIGHING CONFLICTING TESTIMONY

2.22

    You are not required to decide any issue of fact in accordance with the testimony of a number of witnesses, which does not convince you, as against the testimony of a lesser number or other evidence, which you find more convincing. You may not disregard the testimony of the greater number of witnesses merely from caprice, whim or prejudice, or from a desire to favor one side against the other. You must not decide an issue by the simple process of counting the number of witnesses. The final test is not in the number of witnesses, but in the convincing force of the evidence.

# CALJIC 2.27

## SUFFICIENCY OF TESTIMONY OF ONE WITNESS

2.27

   You should give the testimony of a single witness whatever weight you think it deserves. Testimony concerning any fact by one witness, which you believe, is sufficient for the proof of that fact. You should carefully review all the evidence upon which the proof of that fact depends.

## CALJIC 2.52

### FLIGHT AFTER CRIME

2.52

The flight or attempted flight of a person immediately after the commission of a crime, or after he is accused of a crime, is not sufficient in itself to establish his guilt, but is a fact which, if proved, may be considered by you in the light of all other proved facts in deciding whether a defendant is guilty or not guilty. The weight to which this circumstance is entitled is a matter for you to decide.

## CALJIC 2.60

### DEFENDANT NOT TESTIFYING--NO INFERENCE OF GUILT MAY BE DRAWN

2.60

A defendant in a criminal trial has a constitutional right not to be compelled to testify. You must not draw any inference from the fact that a defendant does not testify. Further, you must neither discuss this matter nor permit it to enter into your deliberations in any way.

## CALJIC 2.61

### DEFENDANT MAY RELY ON STATE OF EVIDENCE

2.61

    In deciding whether or not to testify, the defendant may choose to rely on the state of the evidence and upon the failure, if any, of the People to prove beyond a reasonable doubt every essential element of the charge against him. No lack of testimony on defendant's part will make up for a failure of proof by the People so as to support a finding against him on any essential element.

# CALJIC 2.71

## ADMISSION--DEFINED

2.71

An admission is a statement made by the defendant which does not by itself acknowledge his guilt of the crimes for which the defendant is on trial, but which statement tends to prove his guilt when considered with the rest of the evidence.

You are the exclusive judges as to whether the defendant made an admission, and if so, whether that statement is true in whole or in part. Evidence of an oral admission of the defendant not made in court should be viewed with caution.

## CALJIC 2.72

### CORPUS DELICTI MUST BE PROVED INDEPENDENT
### OF ADMISSION

2.72

No person may be convicted of a criminal offense unless there is some proof of each element of the crime independent of any admission made by him outside of this trial.

The identity of the person who is alleged to have committed a crime is not an element of the crime. The identity may be established by an admission.

## CALJIC 2.80

### EXPERT TESTIMONY--QUALIFICATIONS OF EXPERT

2.80

A witness who has special knowledge, skill, experience, training or education in a particular subject has testified to certain opinions. This type of witness is referred to as an expert witness. In determining what weight to give to any opinion expressed by an expert witness, you should consider the qualifications and believability of the witness, the facts or materials upon which each opinion is based, and the reasons for each opinion.

An opinion is only as good as the facts and reasons on which it is based. If you find that any fact has not been proved, or has been disproved, you must consider that in determining the value of the opinion. Likewise, you must consider the strengths and weaknesses of the reasons on which it is based.

You are not bound by an opinion. Give each opinion the weight you find it deserves. You may disregard any opinion if you find it to be unreasonable.

**CALJIC 2.82**

HYPOTHETICAL QUESTIONS

2.82

In examining an expert witness, counsel may ask a hypothetical question. This is a question in which the witness is asked to assume the truth of a set of facts, and to give an opinion based on that assumption.

In permitting this type of question, the court does not rule, and does not necessarily find that all of the assumed facts have been proved. It only determines that those assumed facts are within the possible range of the evidence. It is for you to decide from all the evidence whether or not the facts assumed in a hypothetical question have been proved. If you should decide that any assumption in a question has not been proved, you are to determine the effect of that failure of proof on the value and weight of the expert opinion based on the assumed facts.

**CALJIC 2.81**

OPINION TESTIMONY OF LAY WITNESS

2.81

    In determining the weight to be given to an opinion expressed by any witness who did not testify as an expert witness, you should consider his or her believability, the extent of his or her opportunity to perceive the matters upon which his or her opinion is based and the reasons, if any, given for it. You are not required to accept an opinion but should give it the weight, if any, to which you find it entitled.

## CALJIC 2.90

PRESUMPTION OF INNOCENCE--REASONABLE DOUBT--BURDEN OF PROOF

2.90

   A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to a verdict of not guilty. This presumption places upon the People the burden of proving him guilty beyond a reasonable doubt.

   Reasonable doubt is defined as follows: It is not a mere possible doubt; because everything relating to human affairs is open to some possible or imaginary doubt. It is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction of the truth of the charge.

**CALJIC 3.30**

CONCURRENCE OF ACT AND GENERAL CRIMINAL INTENT

3.30

In the crimes charged in Counts Four and Five, namely, Receiving Stolen Property, there must exist a union or joint operation of act or conduct and general criminal intent. General criminal intent does not require an intent to violate the law. When a person intentionally does that which the law declares to be a crime, he is acting with general criminal intent, even though he may not know that his act or conduct is unlawful.

# CALJIC 3.31

255

## CONCURRENCE OF ACT AND SPECIFIC INTENT

3.31

In the crimes and allegations charged in Counts One, Two and Three, namely, Residential Burglary, and Attempted Residential Burglary, there must exist a union or joint operation of act or conduct and a certain specific intent in the mind of the perpetrator. Unless this specific intent exists the crime to which it relates is not committed.

The specific intent required is included in the definitions of the crimes set forth elsewhere in these instructions.

## CALJIC 14.50

### BURGLARY--DEFINED
### (PEN. CODE, § 459)

14.50

Defendant is accused in Counts One and Three of having committed the crime of burglary, a violation of section 459 of the Penal Code.

Every person who enters any building with the specific intent to steal, take, and carry away the personal property of another of any value and with the further specific intent to deprive the owner permanently of that property is guilty of the crime of burglary in violation of Penal Code section 459.

It does not matter whether the intent with which the entry was made was thereafter carried out.

In order to prove this crime, each of the following elements must be proved:

1. A person entered a building; and

2. At the time of the entry, that person had the specific intent to steal and take away someone else's property, and intended to deprive the owner permanently of that property.

257

# CALJIC 6.00

## ATTEMPT--DEFINED

6.00

Defendant is accused in Count Two of having committed the crime of Attempted Burglary a violation of Penal Code Sections 664/459.

An attempt to commit a crime consists of two elements, namely, a specific intent to commit the crime, and a direct but ineffectual act done toward its commission.

In determining whether this act was done, it is necessary to distinguish between mere preparation, on the one hand, and the actual commencement of the doing of the criminal deed, on the other. Mere preparation, which may consist of planning the offense or of devising, obtaining or arranging the means for its commission, is not sufficient to constitute an attempt. However, acts of a person who intends to commit a crime will constitute an attempt where those acts clearly indicate a certain, unambiguous intent to commit that specific crime. These acts must be an immediate step in the present execution of the criminal design, the progress of which would be completed unless interrupted by some circumstance not intended in the original design.

## CALJIC 14.51

### FIRST AND SECOND DEGREE BURGLARY--DEFINED
### (PEN. CODE, § 460)

14.51

If you should find the defendant guilty of Burglary and/or Attempted Burglary, you must determine the degree thereof and state that degree in your verdict.

There are two degrees of burglary. Every burglary of an inhabited dwelling house is burglary of the first degree.

All other kinds of burglary are of the second degree.

## CALJIC 14.52

259

## BURGLARY--INHABITED DWELLING--DEFINED

14.52

    An inhabited dwelling house is a structure which is currently used as a dwelling whether occupied or not. It is inhabited although the occupants are temporarily absent.

## CALJIC 14.65

260

### RECEIVING STOLEN PROPERTY--DEFINED
### (PEN. CODE, § 496, subd. (a))

14.65

Defendant is accused in Counts Four and Five of having committed the crime of receiving stolen property, a violation of section 496, subdivision (a) of the Penal Code.

Every person who buys or receives any property which has been stolen or which has been obtained by theft, knowing the property to be stolen or so obtained, ████████████████████████████████ is guilty of the crime of receiving stolen property in violation of Penal Code section 496, subdivision (a).

In order to prove this crime, each of the following elements must be proved:

1. A person received property which had been stolen; and

2. That person actually knew the property was stolen or obtained by theft at the time he received the property.

# CALJIC 17.02

261

## SEVERAL COUNTS--DIFFERENT OCCURRENCES--JURY MUST FIND ON EACH

17.02

Each Count charges a distinct crime. You must decide each Count separately. The defendant may be found guilty or not guilty of any or all of the crimes charged. Your finding as to each Count must be stated in a separate verdict.

## CALJIC 17.30

262

### JURY NOT TO TAKE CUE FROM THE JUDGE

17.30

I have not intended by anything I have said or done, or by any questions that I may have asked, or by any ruling I may have made, to intimate or suggest what you should find to be the facts, or that I believe or disbelieve any witness.

If anything I have done or said has seemed to so indicate, you will disregard it and form your own conclusion.

## CALJIC 17.31

### ALL INSTRUCTIONS NOT NECESSARILY APPLICABLE

17.31

The purpose of the court's instructions is to provide you with the applicable law so that you may arrive at a just and lawful verdict. Whether some instructions apply will depend upon what you find to be the facts. Disregard any instruction which applies to facts determined by you not to exist. Do not conclude that because an instruction has been given I am expressing an opinion as to the facts.

## CALJIC 17.40

### INDIVIDUAL OPINION REQUIRED--DUTY TO DELIBERATE

17.40

The People and the defendant are entitled to the individual opinion of each juror.

Each of you must consider the evidence for the purpose of reaching a verdict if you can do so. Each of you must decide the case for yourself, but should do so only after discussing the evidence and instructions with the other jurors.

Do not hesitate to change an opinion if you are convinced it is wrong. However, do not decide any question in a particular way because a majority of the jurors, or any of them, favor that decision.

Do not decide any issue in this case by the flip of a coin, or by any other chance determination.

## CALJIC 17.41

### HOW JURORS SHOULD APPROACH THEIR TASK

17.41

The attitude and conduct of jurors at all times are very important. It is rarely helpful for a juror at the beginning of deliberations to express an emphatic opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may be aroused, and one may hesitate to change a position even if shown it is wrong. Remember that you are not partisans or advocates in this matter. You are impartial judges of the facts.

266

## CALJIC 17.42

### JURY MUST NOT CONSIDER PENALTY--NON-CAPITAL CASE

17.42

In your deliberations do not discuss or consider the subject of penalty or punishment. That subject must not in any way affect your verdict.

## CALJIC 17.43

### JURY DELIBERATIONS

17.43

During deliberations, any question or request you may have should be addressed to the Court on a form that will be provided.

If there is any disagreement as to the actual testimony, you have the right, if you choose, to request a readback by the reporter. You may request a partial or total readback, but any readback should be a fair presentation of that evidence. If a readback of testimony is requested, the reporter will delete objections, rulings, and sidebar conferences so that you will hear only the evidence that was actually presented.

Please understand that counsel must first be contacted, and it may take time to provide a response, or readback. Continue deliberating until you are called back into the courtroom.

**CALJIC 17.45**

## MANNER OF RECORDING INSTRUCTION OF NO SIGNIFICANCE--
## CONTENT ONLY GOVERNS

17.45

The instructions which I am now giving to you will be made available in written form for your deliberations. They must not be defaced in any way.

You will find that the instructions may be typed, printed or handwritten. Portions may have been added or deleted. You must disregard any deleted part of an instruction and not speculate as to what it was or as to the reason for its deletion. You are not to be concerned with the reasons for any modification.

Every part of the text of an instruction, whether, typed, printed or handwritten, is of equal importance. You are to be governed only by the instruction in its final wording.

# CALJIC 17.47

## ADMONITION AGAINST DISCLOSURE OF JURY BALLOTING

17.47

    Do not disclose to anyone outside the jury, not even to me or any member of my staff, either orally or in writing, how you may be divided numerically in your balloting as to any issue, unless I specifically direct otherwise.

## CALJIC 17.50

### CONCLUDING INSTRUCTION

17.50

You shall now retire and select one of your number to act as foreperson. He or she will preside over your deliberations. In order to reach verdicts, all twelve jurors must agree to the decision and to any finding you have been instructed to include in your verdict. As soon as you have agreed upon a verdict, so that when polled each may state truthfully that the verdicts express his or her vote, have it or them dated and signed by your foreperson and then return with it or them to this courtroom. Return any unsigned verdict forms.

## CALJIC 17.52

271

### SEPARATION ADMONITION

17.52

You will be permitted to separate at the noon and evening recesses. During your absence the courtroom will be locked. You are to return following the recesses at the times announced and on the next succeeding court date. During periods of recess, you must not discuss with anyone any subject connected with this trial, and you must not deliberate further upon the case until all 12 of you are together and reassembled in the jury room.

**CALJIC 17.53**

## ADMONITION TO ALTERNATE JURORS

272

17.53

As for the Alternate Juror, you are still bound by the admonition that you are not to converse with anyone else on any subject connected with this trial, or to form or express any opinion on it until the case is submitted to you, which means until such time as you are substituted in for one of the 12 jurors now deliberating on the case. This also means that you are not to decide how you would vote if you were deliberating with the other jurors.

**FILED**
SAN MATEO COUNTY

SEP 0 7 2004

Clerk of the Superior Court

By _____
DEPUTY CLERK

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN MATEO

People of the State of California,

                    Plaintiff,            Case No. SC056446A

Vs.

Hoa Trung Khuu,

                    Defendant,

_____/

JURY INSTRUCTIONS EDITED BY
COURT AND COUNSEL

Date:    SEP 0 7 2004        _____
                                  Judge of the Superior Court

# CALJIC 1.00

## RESPECTIVE DUTIES OF JUDGE AND JURY

1.00 - 1 of 2

Members of the Jury:

You have heard all the evidence [and the arguments of the attorneys], and now it is my duty to instruct you on the law that applies to this case. [The law requires that I read the instructions to you.] [You will have these instructions in written form in the jury room to refer to during your deliberations.]

You must base your decision on the facts and the law.

You have two duties to perform. First, you must determine what facts have been proved from the evidence received in the trial and not from any other source. A "fact" is something proved by the evidence [or by stipulation. A stipulation is an agreement between attorneys regarding the facts]. Second, you must apply the law that I state to you, to the facts, as you determine them, and in this way arrive at your verdict [and any finding you are instructed to include in your verdict].

You must accept and follow the law as I state it to you, regardless of whether you agree with it. If anything concerning the law said by the attorneys in their arguments or at any other time during the trial conflicts with my instructions on the law, you must follow my instructions.

You must not be influenced by pity for or prejudice against a defendant. You must not be biased against a defendant because [he] ███ has been arrested for this offense, charged with a crime, or brought to trial. None of these circumstances is evidence of guilt and you must not infer or assume from any or all of them that a defendant is more likely to be guilty than not guilty. You must not be influenced by sentiment, conjecture, sympathy, passion, prejudice, public opinion or public feeling. Both the People and a defendant have a right to expect

| Requested by People | | Requested by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

Print Date: 4/2003

Jury Instructions

**CALJIC 1.00**

## RESPECTIVE DUTIES OF JUDGE AND JURY

1.00 - 2 of 2

that you will conscientiously consider and weigh the evidence, apply the law, and reach a just verdict regardless of the consequences.

## CALJIC 1.01

### INSTRUCTIONS TO BE CONSIDERED AS A WHOLE

**1.01**

If any rule, direction or idea [is] ▮▮▮▮▮ repeated or stated in different ways in these instructions, no emphasis [is] ▮▮▮ intended and you must not draw any inference because of its repetition. Do not single out any particular sentence or any individual point or instruction and ignore the others. Consider the instructions as a whole and each in light of all the others.

The order in which the instructions [are] ▮▮▮▮▮ given has no significance as to their relative importance.

| Requested by People | | Requested by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

Print Date: 4/2003

Jury Instructions

# CALJIC 1.02

277

## STATEMENTS OF COUNSEL--EVIDENCE STRICKEN OUT--
## INSINUATIONS OF QUESTIONS--STIPULATED FACTS

1.02

Statements made by the attorneys during the trial are not evidence. [However, if the attorneys have stipulated or agreed to a fact, you must regard that fact as proven█████████████████████████████████████]

If an objection was sustained to a question, do not guess what the answer might have been. Do not speculate as to the reason for the objection.

Do not assume to be true any insinuation suggested by a question asked a witness. A question is not evidence and may be considered only as it helps you to understand the answer. Do not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken by the court; treat it as though you had never heard of it.

| Requested by People | ✓ | Requested by Defendant | ✓ | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | ✓ Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | Judge |

Print Date: 4/2003

Jury Instructions

**CALJIC 1.03**                                              2⁄78

### JUROR FORBIDDEN TO MAKE ANY INDEPENDENT INVESTIGATION

1.03

You must decide all questions of fact in this case from the evidence received in this trial and not from any other source. [When a witness has testified through a Certified Court Interpreter, you must accept the English interpretation of that testimony even if you would have translated the foreign language differently.]

You must not independently investigate the facts or the law or consider or discuss facts as to which there is no evidence. This means, for example, that you must not on your own visit the scene, conduct experiments, or consult reference works or persons for additional information.

You must not discuss this case with any other person except a fellow juror, and then only after the case is submitted to you for your decision and only when all twelve jurors are present in the jury room.

| Requested by People | ✓ | Requested by Defendant | ✓ | Requested by | |
| Given as Requested | ✓ | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

Print Date: 4/2003

Jury Instructions

**CALJIC 1.05**

279

### JUROR'S USE OF NOTES

1.05



   Notes are only an aid to memory and should not take precedence over recollection. A juror who does not take notes should rely on his or her recollection of the evidence and not be influenced by the fact that other jurors do take notes. Notes are for the note-taker's own personal use in refreshing his or her recollection of the evidence.

   Finally, should any discrepancy exist between a juror's recollection of the evidence and a juror's notes, or between one juror's recollection and that of another, you may request that the reporter read back the relevant testimony which must prevail.

| Requested by People | | Requested by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

Print Date: 4/2003

Jury Instructions

**CALJIC 2.00**

280

### DIRECT AND CIRCUMSTANTIAL EVIDENCE--INFERENCES

2.00

Evidence consists of the testimony of witnesses, writings, material objects, or anything presented to the senses and offered to prove the existence or non-existence of a fact.

Evidence is either direct or circumstantial.

Direct evidence is evidence that directly proves a fact. It is evidence which by itself, if found to be true, establishes that fact. Circumstantial evidence is evidence that, if found to be true, proves a fact from which an inference of the existence of another fact may be drawn.

An inference is a deduction of fact that may logically and reasonably be drawn from another fact or group of facts established by the evidence. [It is not necessary that facts be proved by direct evidence. They also may be proved by circumstantial evidence or by a combination of direct and circumstantial evidence. Both direct and circumstantial evidence are acceptable as a means of proof. Neither is entitled to any greater weight than the other.]

| Requested by People | ✓ Requested by Defendant | ✓ Requested by |
|---|---|---|
| Given as Requested | ✓ Given as Modified | Given on Court's Motion |
| Refused | | |
| Withdrawn | | Judge |

Print Date: 4/2003

**CALJIC 2.01**

281

## SUFFICIENCY OF CIRCUMSTANTIAL EVIDENCE--GENERALLY

2.01

*one word - no hyphen*

However, a finding of guilt as to any crime may not be based on circumstantial evidence unless the proved circumstances are not only (1) consistent with the theory that the defendant is guilty of the crime, but (2) cannot be reconciled with any other rational conclusion.

Further, each fact which is essential to complete a set of circumstances necessary to establish the defendant's guilt must be proved beyond a reasonable doubt. In other words, before an inference essential to establish guilt may be found to have been proved beyond a reasonable doubt, each fact or circumstance on which the inference necessarily rests must be proved beyond a reasonable doubt.

Also, if the circumstantial evidence [as to any particular count] permits two reasonable interpretations, one of which points to the defendant's guilt and the other to [his] ▓▓▓ innocence, you must adopt that interpretation that points to the defendant's innocence, and reject that interpretation that points to [his] ▓▓▓ guilt.

If, on the other hand, one interpretation of this evidence appears to you to be reasonable and the other interpretation to be unreasonable, you must accept the reasonable interpretation and reject the unreasonable.

| Requested by People | ✓ | Requested by Defendant | ✓ | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | ✓ Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

Print Date: 4/2003