1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  CHRISTOPHER J. WEI, State Bar No. 78958
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone:  (415) 703-5867
     Fax:  (415) 703-1234
8    Email:  Christopher.Wei@doj.ca.gov

9  Attorneys for Respondent

10

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANCISCO DIVISION

14

15  **HOA TRUNG KHUU,**                          C 07-6351 SI (pr)

                                  Petitioner,    **EXHIBIT 1 (part 4)**
16

17         v.

   **JOHN TILTON, CDCR Secretary,**
18
                                  Respondent.
19

20

21

22

23

24

25

26

27

28

Exhibit 1 (part 4)                                    Khuu v. Tilton
                                                      C 07-6351 SI (pr)

# EXHIBIT 1 (part 4)

282

1   Frank Bell, SBN 038955
    Attorney at Law
2   303 Bradford Street, Suite C
    Redwood City, CA 94063-1529
3   Tel: 650 365-8300
    Fax: 650 366-8987
4
    Attorney for Defendant
5   HOA TRUNG KHUU

**FILED**
SAN MATEO COUNTY

SEP 0 2 2004

Clerk of the Superior Court
By _____
        DEPUTY CLERK

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         FOR THE COUNTY OF SAN MATEO

10

11  THE PEOPLE OF THE STATE OF            )    NO. SC56446
    CALIFORNIA,                           )
12                       PLAINTIFF        )
                                          )
13              v.                        )
                                          )
14                                        )    CALJIC 2.09
15  HOA TRUNG KHUU,                       )
                                          )    Evidence Limited As To Purpose
16                       DEFENDANT        )
                                          )
17                                        )

18

19

20

21

22      *The prosecution has offered evidence that the defendant, in response to

23  police questioning at the time of his arrest, stated that he was not employed at the

24  time. This evidence may not be used by you as evidence that it is more likely than

25  not that the defendant committed the offenses with which he is charged for some

26  economic gain because he was unemployed.  The law does not permit and it would

27

28  DEF'S REQUEST FOR LIMITING INSTRUCTIONS                              1

1   not be proper for you as a juror to consider evidence of a person's unemployment

2   as a motive for the commission of an economic crime such as theft or burglary.

3   This evidence is admitted for the limited purpose to show that the defendant was

4   not employed in the Foster City area and was therefore not present in the area

5   because of his employment there.  Your consideration of the evidence must be

6   limited to that purpose for which it was admitted.

7

8   ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

9   ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

10  ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

11  Evidence that there was a federal warrant for the arrest of the defendant on

12  March 10, 2004 was permitted in this trial.  The fact that the defendant was wanted

13  by federal authorities is not to be used by you as a form of negative character

14  evidence from which you can conclude that it is more likely than not that the

15  defendant is guilty of the crimes charged in this case because he is a bad man and

16  wanted by the federal government.  The evidence may be considered, however, for

17  other relevant purposes. (For example, another instruction given by the court

18  indicates that flight of a person after the commission of a crime might be evidence

19  of consciousness of guilt of that person.  However, such evidence as the fact that the

20  defendant had a federal warrant for his arrest might be an explanation for why the

21  defendant fled from the police before his arrest.

22  Dated: September 2, 2004                    Respectfully submitted,

23

24

25

26                                              FRANK BELL
                                                Attorney for Defendant
27                                              HOA TRUNG KHUU

28  DEF'S REQUEST FOR LIMITING INSTRUCTIONS                          2

1  Frank Bell, SBN 038955
   Attorney at Law
2  303 Bradford Street, Suite C
   Redwood City, CA 94063-1529
3  Tel: 650 365-8300
   Fax: 650 366-8987
4
   Attorney for Defendant
5  HOA TRUNG KHUU

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF SAN MATEO

10

11 THE PEOPLE OF THE STATE OF          )      NO. SC56446
   CALIFORNIA,                         )
12              PLAINTIFF              )
                                       )
13         v.                          )      DEFENDANT'S REQUEST FOR
                                       )      LIMITING INSTRUCTIONS, SECOND
14                                     )
                                       )
15 HOA TRUNG KHUU,                     )
                                       )
16              DEFENDANT             )
                                       )
17                                     )

18 _____

19     Concerning the evidence that the defendant was wanted on a federal warrant,

20 defendant asks the court to instruct that the jury should not speculate as to the reason the

21 warrant was issued.

22 Dated: September 3, 2004                    Respectfully submitted,

23

24    *incorporated*
      *in prior limiting*
25    *instruction 2-04*

26                                           FRANK BELL,
                                             Attorney for Defendant
27                                           HOA TRUNG KHUU

28 DEF'S SECOND REQUEST FOR LIMITING INSTRUCTIONS                    1

**CALJIC 2.11**

285

### PRODUCTION OF ALL AVAILABLE EVIDENCE NOT REQUIRED

2.11

   Neither side is required to call as witnesses all persons who may have been present at any of the events disclosed by the evidence or who may appear to have some knowledge of these events. Neither side is required to produce all objects or documents mentioned or suggested by the evidence.

| Requested by People | ✓ | Requested by Defendant | ✓ | Requested by | |
| Given as Requested | ✓ | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

Print Date: 4/2003

## CALJIC 2.11.5

## UNJOINED PERPETRATORS OF SAME CRIME

2.11.5

There has been evidence in this case indicating that a person other than a defendant was or may have been involved in the crime for which that defendant is on trial.

There may be many reasons why that person is not here on trial. Therefore, do not discuss or give any consideration as to why the other person is not being prosecuted in this trial or whether [he] ████ has been or will be prosecuted. Your [sole] duty is to decide whether the People have proved the guilt of ████ [the] defendant on trial.

| Requested by People | ✓ | Requested by Defendant | Requested by | |
|---|---|---|---|---|
| Given as Requested | ✓ | Given as Modified | Given on Court's Motion | |
| Refused | | | | |
| Withdrawn | | | | Judge |

Print Date: 4/2003

Jury Instructions

**CALJIC 2.13**

PRIOR CONSISTENT OR INCONSISTENT STATEMENTS AS EVIDENCE

2.13

Evidence that at some other time a witness made a [statement] [or] [statements] that [is] [or] [are] inconsistent [or consistent] with [his] [her] testimony in this trial, may be considered by you not only for the purpose of testing the credibility of the witness, but also as evidence of the truth of the facts as stated by the witness on that former occasion.   [If you disbelieve a witness' testimony that [he] [she] no longer remembers a certain event, that testimony is inconsistent with a prior statement or statements by [him] [her] describing that event.]

| Requested by People | | Requested by Defendant | Requested by | |
|---|---|---|---|---|
| Given as Requested | | Given as Modified | Given on Court's Motion | |
| Refused | | | | |
| Withdrawn | | | Judge | |

Print Date: 4/2003

Jury Instructions

# CALJIC 2.15

## POSSESSION OF STOLEN PROPERTY

288

2.15

If you find that a defendant was in [conscious] possession of recently [stolen] ▓▓▓▓] property, the fact of that possession is not by itself sufficient to permit an inference that the defendant ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is guilty of the crime of *larceny and/or Possessing Stolen Property*. Before guilt may be inferred, there must be corroborating evidence tending to prove defendant's guilt. However, this corroborating evidence need only be slight, and need not by itself be sufficient to warrant an inference of guilt.

As corroboration, you may consider [the attributes of possession--time, place and manner,] [that the defendant had an opportunity to commit the crime charged,] [the defendant's conduct,] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓ [any other evidence which tends to connect the defendant with the crime charged].

| Requested by People | ✓ | Requested by Defendant | Requested by |  |
|---|---|---|---|---|
| Given as Requested | ✓ | Given as Modified | Given on Court's Motion |  |
| Refused |  |  |  |  |
| Withdrawn |  |  | Judge |  |

Print Date: 4/2003

## CALJIC 2.20

## BELIEVABILITY OF WITNESS

2.20

Every person who testifies under oath [or affirmation] is a witness. You are the sole judges of the believability of a witness and the weight to be given the testimony of each witness.

In determining the believability of a witness you may consider anything that has a tendency reasonably to prove or disprove the truthfulness of the testimony of the witness, including but not limited to any of the following:

The extent of the opportunity or ability of the witness to see or hear or otherwise become aware of any matter about which the witness testified; The ability of the witness to remember or to communicate any matter about which the witness has testified;

The character and quality of that testimony;

The demeanor and manner of the witness while testifying;

The existence or nonexistence of a bias, interest, or other motive;

The existence or nonexistence of any fact testified to by the witness; The attitude of the witness toward this action or toward the giving of testimony█[;]

[A statement [previously] made by the witness that is [consistent] [or] [in consistent] with [his] [her] testimony][.]

| Requested by People | ✓ | Requested by Defendant | ✓ | Requested by | |
| Given as Requested | ✓ | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

Print Date: 4/2003

# CALJIC 2.21.1

290

## DISCREPANCIES IN TESTIMONY

2.21.1

Discrepancies in a witness's testimony or between a witness's testimony and that of other witnesses, if there were any, do not necessarily mean that [any] witness should be discredited. Failure of recollection is common. Innocent misrecollection is not uncommon. Two persons witnessing an incident or a transaction often will see or hear it differently. You should consider whether a discrepancy relates to an important matter or only to something trivial.

| Requested by People | ✓ | Requested by Defendant | ✓ | Requested by | |
| Given as Requested | ✓ | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

Print Date: 4/2003

291

# CALJIC 2.21.2

## WITNESS WILLFULLY FALSE

2.21.2

A witness, who is willfully false in one material part of his or her testimony, is to be distrusted in others. You may reject the whole testimony of a witness who willfully has testified falsely as to a material point, unless, from all the evidence, you believe the probability of truth favors his or her testimony in other particulars.

| Requested by People | ✓ Requested by Defendant | ✓ Requested by |
|---|---|---|
| Given as Requested | ✓ Given as Modified | Given on Court's Motion |
| Refused | | |
| Withdrawn | | Judge |

Print Date: 4/2003

**CALJIC 2.22**

292

## WEIGHING CONFLICTING TESTIMONY

2.22

You are not required to decide any issue of fact in accordance with the testimony of a number of witnesses, which does not convince you, as against the testimony of a lesser number or other evidence, which you find more convincing. You may not disregard the testimony of the greater number of witnesses merely from caprice, whim or prejudice, or from a desire to favor one side against the other. You must not decide an issue by the simple process of counting the number of witnesses, ████████████████████████ The final test is not in the ████████ number of witnesses, but in the convincing force of the evidence.

| | | | | |
|---|---|---|---|---|
| Requested by People | ✓ | Requested by Defendant | ✓ | Requested by |
| Given as Requested | ✓ | Given as Modified | | Given on Court's Motion |
| Refused | | | | |
| Withdrawn | | | | Judge |

Print Date: 4/2003

## CALJIC 2.27

### SUFFICIENCY OF TESTIMONY OF ONE WITNESS

2.27

You should give the ▇▇▇▇▇▇▇▇ testimony of a single witness whatever weight you think it deserves. Testimony concerning any fact by one witness, which you believe, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇ is sufficient for the proof of that fact. You should carefully review all the evidence upon which the proof of that fact depends.

| Requested by People | ✓ | Requested by Defendant | ✓ | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | ✓ | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | Judge |

Print Date: 4/2003

Jury Instructions

## CALJIC 2.52

294

### FLIGHT AFTER CRIME

2.52

The [flight] [attempted flight] ████████████████████████ of a person [immediately] after the commission of a crime, or after [he] ████ is accused of a crime, is not sufficient in itself to establish [his] ████ guilt, but is a fact which, if proved, may be considered by you in the light of all other proved facts in deciding whether a defendant is guilty or not guilty. The weight to which this circumstance is entitled is a matter for you to decide.

| Requested by People | ✔ | Requested by Defendant | ✔ | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | ✔ | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

Print Date: 4/2003

---

Jury Instructions

## CALJIC 2.60

295

# DEFENDANT NOT TESTIFYING--NO INFERENCE OF GUILT
## MAY BE DRAWN

2.60

A defendant in a criminal trial has a constitutional right not to be compelled to testify. You must not draw any inference from the fact that a defendant does not testify. Further, you must neither discuss this matter nor permit it to enter into your deliberations in any way.

| Requested by People | ✔ | Requested by Defendant | ✔ | Requested by | |
| Given as Requested | ✔ | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

Print Date: 4/2003

# CALJIC 2.61

296

## DEFENDANT MAY RELY ON STATE OF EVIDENCE

2.61

In deciding whether or not to testify, the defendant may choose to rely on the state of the evidence and upon the failure, if any, of the People to prove beyond a reasonable doubt every essential element of the charge against [him] [█████]. No lack of testimony on defendant's part will make up for a failure of proof by the People so as to support a finding against [him] [█████] on any essential element.

| Requested by People | ✓ | Requested by Defendant | ✓ | Requested by | |
| Given as Requested | ✓ | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | Judge |

Print Date: 4/2003

## CALJIC 2.71

297

### ADMISSION--DEFINED

2.71

An admission is a statement made by ▮▮ [the] defendant which does not by itself acknowledge [his] ▮▮▮ guilt of the crime[s] for which the defendant is on trial, but which statement tends to prove [his] ▮▮▮ guilt when considered with the rest of the evidence.

You are the exclusive judges as to whether the defendant made an admission, and if so, whether that statement is true in whole or in part.  [Evidence of an oral admission of ▮▮ [the] defendant not made in court should be viewed with caution.]

| Requested by People | ✓ | Requested by Defendant | Requested by | |
|---|---|---|---|---|
| Given as Requested | ✓ | Given as Modified | Given on Court's Motion | |
| Refused | | | | |
| Withdrawn | | | | Judge |

Print Date: 4/2003

**CALJIC 2.72**

298

### CORPUS DELICTI MUST BE PROVED INDEPENDENT
### OF ADMISSION ███████      ◄      note

2.72

No person may be convicted of a criminal offense unless there is some proof of each element of the crime independent of any ███████ [admission] made by [him] ████ outside of this trial.

The identity of the person who is alleged to have committed a crime is not an element of the crime ██████████████. The identity ███████ ██████ may be established by █ [an] █████████ [admission].

| Requested by People | ✔ Requested by Defendant | ✔ Requested by | |
|---|---|---|---|
| Given as Requested | ✔ Given as Modified | Given on Court's Motion | |
| Refused | | | |
| Withdrawn | | | Judge |

Print Date: 4/2003

## CALJIC 2.80

### EXPERT TESTIMONY--QUALIFICATIONS OF EXPERT

2.80

[A witness] ████████] who [has] [████] special knowledge, skill, experience, training or education in a particular subject [has] ████ testified to certain opinions. This type of witness is referred to as an expert witness. In determining what weight to give to any opinion expressed by an expert witness, you should consider the qualifications and believability of the witness, the facts or materials upon which each opinion is based, and the reasons for each opinion.

An opinion is only as good as the facts and reasons on which it is based. If you find that any fact has not been proved, or has been disproved, you must consider that in determining the value of the opinion. Likewise, you must consider the strengths and weaknesses of the reasons on which it is based.

You are not bound by an opinion. Give each opinion the weight you find it deserves. You may disregard any opinion if you find it to be unreasonable.

| Requested by People | ✓ | Requested by Defendant | ✓ | Requested by |
|---|---|---|---|---|
| Given as Requested | ✓ | Given as Modified | | Given on Court's Motion |
| Refused | | | | |
| Withdrawn | | | | Judge |

Print Date: 4/2003

## CALJIC 2.82

### HYPOTHETICAL QUESTIONS

2.82

    In examining an expert witness, counsel may ask a hypothetical question. This is a question in which the witness is asked to assume the truth of a set of facts, and to give an opinion based on that assumption.

    In permitting this type of question, the court does not rule, and does not necessarily find that all of the assumed facts have been proved. It only determines that those assumed facts are within the possible range of the evidence. It is for you to decide from all the evidence whether or not the facts assumed in a hypothetical question have been proved. If you should decide that any assumption in a question has not been proved, you are to determine the effect of that failure of proof on the value and weight of the expert opinion based on the assumed facts.

| Requested by People | | Requested by Defendant ✓ | | Requested by ✓ |
|---|---|---|---|---|
| Given as Requested | ✓ | Given as Modified | | Given on Court's Motion |
| Refused | | | | |
| Withdrawn | | | | Judge |

Print Date: 4/2003

# CALJIC 2.81

301

## OPINION TESTIMONY OF LAY WITNESS

2.81

   In determining the weight to be given to an opinion expressed by any witness [who did not testify as an expert witness], you should consider [his]ʹ[her] believability, the extent of [his]ʹ[her] opportunity to perceive the matters upon which [his]ʹ[her] opinion is based and the reasons, if any, given for it. You are not required to accept an opinion but should give it the weight, if any, to which you find it entitled.

| Requested by People | ✓ Requested by Defendant | ✓ Requested by | |
|---|---|---|---|
| Given as Requested | ✓ Given as Modified | Given on Court's Motion | |
| Refused | | | |
| Withdrawn | | | Judge |

Print Date: 4/2003

## CALJIC 2.90

### PRESUMPTION OF INNOCENCE--REASONABLE DOUBT--BURDEN OF PROOF

2.90

A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether [his] ▮▮▮ guilt is satisfactorily shown, [he] ▮▮▮ is entitled to a verdict of not guilty. This presumption places upon the People the burden of proving [him] ▮▮▮ guilty beyond a reasonable doubt.

Reasonable doubt is defined as follows: It is not a mere possible doubt; because everything relating to human affairs is open to some possible or imaginary doubt. It is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction of the truth of the charge.

| Requested by People | ✓ Requested by Defendant | ✓ Requested by | |
|---|---|---|---|
| Given as Requested | ✓ Given as Modified | Given on Court's Motion | |
| Refused | | | |
| Withdrawn | | | Judge |

Print Date: 4/2003

## CALJIC 3.30

## CONCURRENCE OF ACT AND GENERAL CRIMINAL INTENT

3.30

In the crime[s] ███████████████████████████ charged in
Count[s] Four ███████ and Five , [namely,
Receiving Stolen Property , ███████████████████████
█████████████████████████████████████ there must exist a
union or joint operation of act or conduct and general criminal intent. General
criminal intent does not require an intent to violate the law. When a person
intentionally does that which the law declares to be a crime, [he] ███ is acting
with general criminal intent, even though [he] [██] may not know that [his] [██]
act or conduct is unlawful.

| | | | |
|---|---|---|---|
| Requested by People | ✓ | Requested by Defendant | Requested by |
| Given as Requested | ✓ | Given as Modified | Given on Court's Motion |
| Refused | | | |
| Withdrawn | | | Judge |

Print Date: 4/2003

Jury Instructions

**CALJIC 3.31**

## CONCURRENCE OF ACT AND SPECIFIC INTENT

3.31

In the [crime[s]] [and] [allegation[s]] charged in Count[s] _One_ ,
_Two_ and _Three_ ███████████████ and _attempted_
███████] _Residential Burglary_ ████████████████ and a _attempted_
_Residential Burglary_ , there must exist a union or joint operation of act or
conduct and a certain specific intent in the mind of the perpetrator. Unless this
specific intent exists the [crime] ███████████ to which it relates [is not
committed] ██████████ .

[The specific intent required is included in the definition[s] of the [crime[s]] ███
██████] set forth elsewhere in these instructions.]

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████.]

███████████████████████████████████████████████

| Requested by People | ✓ | Requested by Defendant | ✓ | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | ✓ | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

Print Date: 4/2003

## CALJIC 14.50

### BURGLARY--DEFINED
### (PEN. CODE, § 459)

14.50

[Defendant is accused [in Count[s] *One and Three* ] of having committed the crime of burglary, a violation of section 459 of the Penal Code.]

Every person who enters any [building] ███████████████ [with the specific intent to steal, take, and carry away the personal property of another of any value and with the further specific intent to deprive the owner permanently of that property] ███████████████ is guilty of the crime of burglary in violation of Penal Code section 459.

It does not matter whether the intent with which the entry was made was thereafter carried out.

In order to prove this crime, each of the following elements must be proved:

1. A person entered a [building] ███████████████ ; and

[2. At the time of the entry, that person had the specific intent to steal and take away someone else's property, and intended to deprive the owner permanently of that property.]

███████████████

| Requested by People | ✓ | Requested by Defendant | ✓ | Requested by |
|---|---|---|---|---|
| Given as Requested | ✓ | Given as Modified | | Given on Court's Motion |
| Refused | | | | |
| Withdrawn | | | | Judge |

Print Date: 4/2003

Jury Instructions

## CALJIC 6.00

### ATTEMPT--DEFINED

6.00 *Defendant is accused in Count Two of having committed the crime of attempted burglary a violation of Penal Code Sections 604/459.*

An attempt to commit a crime consists of two elements, namely, a specific intent to commit the crime, and a direct but ineffectual act done toward its commission.

In determining whether this act was done, it is necessary to distinguish between mere preparation, on the one hand, and the actual commencement of the doing of the criminal deed, on the other. Mere preparation, which may consist of planning the offense or of devising, obtaining or arranging the means for its commission, is not sufficient to constitute an attempt. However, acts of a person who intends to commit a crime will constitute an attempt where those acts clearly indicate a certain, unambiguous intent to commit that specific crime. These acts must be an immediate step in the present execution of the criminal design, the progress of which would be completed unless interrupted by some circumstance not intended in the original design.

| Requested by People | ✓ | Requested by Defendant | ✓ | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | ✓ | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | Judge |

Print Date: 4/2003

**CALJIC 14.51**

FIRST AND SECOND DEGREE BURGLARY--DEFINED

307

← *Note*

*and/or Attempted Burglary*

14.51

If you should find the defendant guilty of burglary, you must determine the degree thereof and state that degree in your verdict.

There are two degrees of burglary. Every burglary of an inhabited [dwelling house] ███████████████████████ is burglary of the first degree.

All other kinds of burglary are of the second degree.

| Requested by People | ✓ | Requested by Defendant | ✓ | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | ✓ | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | Judge |

Print Date: WTHDRWN

Jury Instructions

## CALJIC 14.52

BURGLARY--INHABITED DWELLING--DEFINED

14.52

An inhabited [dwelling house] ▓▓▓▓▓▓▓▓▓▓▓▓ is a structure which is currently used as a dwelling whether occupied or not. It is inhabited although the occupants are temporarily absent.

| | | | | | |
|---|---|---|---|---|---|
| Requested by People | | ✓ Requested by Defendant | ✓ | Requested by | |
| Given as Requested | | ✓ Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | Judge |

Print Date: 4/2003

Jury Instructions

## CALJIC 14.65

### RECEIVING STOLEN PROPERTY--DEFINED
### (PEN. CODE, § 496, subd. (a))

14.65

[Defendant is accused [in Count[s] _Four and Five_ ] of having committed the crime of receiving stolen property, a violation of section 496, subdivision (a) of the Penal Code.]

Every person [who buys or receives any property [which has been stolen] [or] [which has been obtained by [theft] ████████,knowing the property to be [stolen] [or] [so obtained],] ████████████████████████████████████████████ is guilty of the crime of receiving stolen property in violation of Penal Code section 496, subdivision (a).

In order to prove this crime, each of the following elements must be proved:

[1. A person ████████ [received] property which had been [stolen] ██████████ ; and]

2. That person actually knew the property was [stolen] [or] [obtained by theft] ████████ at the time [he] ████████ [received] ████████ the property.

| Requested by People | ✓ Requested by Defendant | ✓ Requested by | |
|---|---|---|---|
| Given as Requested | ✓ Given as Modified | Given on Court's Motion | |
| Refused | | | |
| Withdrawn | | | Judge |

Print Date: 4/2003

---

# CALJIC 17.02

## SEVERAL COUNTS--DIFFERENT OCCURRENCES--JURY
## MUST FIND ON EACH

17.02

Each Count ███████████████████████ charge[s] a distinct crime. You must decide each Count ████████████████████████ separately. The defendant may be found guilty or not guilty of [any or all] ██████████ of the crimes charged ████████████████]. Your finding as to each Count must be stated in a separate verdict.

| Requested by People | ✓ | Requested by Defendant | ⌐ | Requested by |
|---|---|---|---|---|
| Given as Requested | ✓ | Given as Modified | | Given on Court's Motion |
| Refused | | | | |
| Withdrawn | | | | Judge |

Print Date: 4/2003

Jury Instructions

**CALJIC 17.30**

311

## JURY NOT TO TAKE CUE FROM THE JUDGE

17.30

I have not intended by anything I have said or done, or by any questions that I may have asked, or by any ruling I may have made, to intimate or suggest what you should find to be the facts, or that I believe or disbelieve any witness.

If anything I have done or said has seemed to so indicate, you will disregard it and form your own conclusion.

| Requested by People | ✓ | Requested by Defendant | ✓ | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | ✓ | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

Print Date: 4/2003

Jury Instructions

312

## CALJIC 17.31

### ALL INSTRUCTIONS NOT NECESSARILY APPLICABLE

17.31

The purpose of the court's instructions is to provide you with the applicable law so that you may arrive at a just and lawful verdict. Whether some instructions apply will depend upon what you find to be the facts. Disregard any instruction which applies to facts determined by you not to exist. Do not conclude that because an instruction has been given I am expressing an opinion as to the facts.

| Requested by People | ⁔ | Requested by Defendant | ✓ | Requested by | |
| Given as Requested | ⁔ | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

Print Date: 4/2003

## CALJIC 17.40

313

INDIVIDUAL OPINION REQUIRED--DUTY TO DELIBERATE

17.40

The People and the defendant are entitled to the individual opinion of each juror.

Each of you must consider the evidence for the purpose of reaching a verdict if you can do so. Each of you must decide the case for yourself, but should do so only after discussing the evidence and instructions with the other jurors.

Do not hesitate to change an opinion if you are convinced it is wrong. However, do not decide any question in a particular way because a majority of the jurors, or any of them, favor that decision.

Do not decide any issue in this case by the flip of a coin, or by any other chance determination.

| Requested by People | | Requested by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | Judge |

Print Date: 4/2003

Jury Instructions

## CALJIC 17.41

## HOW JURORS SHOULD APPROACH THEIR TASK

17.41

    The attitude and conduct of jurors at all times are very important. It is rarely helpful for a juror at the beginning of deliberations to express an emphatic opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may be aroused, and one may hesitate to change a position even if shown it is wrong. Remember that you are not partisans or advocates in this matter. You are impartial judges of the facts.

| Requested by People | | Requested by Defendant | Requested by |
|---|---|---|---|
| Given as Requested | ✓ | Given as Modified | Given on Court's Motion |
| Refused | | | |
| Withdrawn | | | Judge |

Print Date: 4/2003

Jury Instructions

**CALJIC 17.42**

## JURY MUST NOT CONSIDER PENALTY--NON-CAPITAL CASE

17.42

    In your deliberations do not discuss or consider the subject of penalty or punishment. That subject must not in any way affect your verdict.

| Requested by People | | Requested by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

Print Date: 4/2003

---

Jury Instructions

**CALJIC 17.43**

JURY DELIBERATIONS

17.43

During deliberations, any question or request you may have should be addressed to the Court [on a form that will be provided].

If there is any disagreement as to the actual testimony, you have the right, if you choose, to request a readback by the reporter. You may request a partial or total readback, but any readback should be a fair presentation of that evidence. If a readback of testimony is requested, the reporter will delete objections, rulings, and sidebar conferences so that you will hear only the evidence that was actually presented.

Please understand that counsel must first be contacted, and it may take time to provide a [response][, or] [readback]. Continue deliberating until you are called back into the courtroom.

| Requested by People | ✓ | Requested by Defendant | ✓ | Requested by | |
| Given as Requested | ✓ | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | | Judge |

Print Date: 4/2003

Jury Instructions

## CALJIC 17.45

### MANNER OF RECORDING INSTRUCTION OF NO SIGNIFICANCE-- CONTENT ONLY GOVERNS

17.45

The instructions which I am now giving to you will be made available in written form ███████████ for your deliberations. They must not be defaced in any way.

[You will find that the instructions may be typed, printed or handwritten. Portions may have been added or deleted. You must disregard any deleted part of an instruction and not speculate as to what it was or as to the reason for its deletion. You are not to be concerned with the reasons for any modification.

Every part of the text of an instruction, whether, typed, printed or handwritten, is of equal importance. You are to be governed only by the instruction in its final wording.]

| Requested by People | | Requested by Defendant ✓ | | Requested by ✓ | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified ✓ | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

Print Date: 4/2003

Jury Instructions

**CALJIC 17.47**

318

ADMONITION AGAINST DISCLOSURE OF JURY BALLOTING

17.47

   Do not disclose to anyone outside the jury, not even to me or any member of my staff, either orally or in writing, how you may be divided numerically in your balloting as to any issue, unless I specifically direct otherwise.

| Requested by People | | Requested by Defendant | | Requested by | |
|---|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

Print Date: 4/2003

Jury Instructions

# CALJIC 17.50

## CONCLUDING INSTRUCTION

17.50

You shall now retire and select one of your number to act as foreperson. He or she will preside over your deliberations. In order to reach ▇ [verdict][s], all twelve jurors must agree to the decision [and to any finding you have been instructed to include in your verdict]. As soon as you have agreed upon a verdict, so that [when polled] each may state truthfully that the verdict[s] express ▇ his or her vote, have [it] [them] dated and signed by your foreperson ▇ and then return with [it] [them] to this courtroom. Return any unsigned verdict forms.

| Requested by People | | Requested by Defendant | | Requested by |
|---|---|---|---|---|
| Given as Requested | | Given as Modified | | Given on Court's Motion |
| Refused | | | | |
| Withdrawn | | | | Judge |

Print Date: 4/2003

Jury Instructions

**CALJIC 17.52**

SEPARATION ADMONITION

17.52

You will be permitted to separate at the [noon] [and] [evening] recess[es]. [During your absence the courtroom will be locked. You are to return following the recess[es] [at ~~the third annual board~~ on the next succeeding court date.] During periods of recess, you must not discuss with anyone any subject connected with this trial, and you must not deliberate further upon the case until all 12 of you are together and reassembled in the jury room. ███████████████

| | | |
|---|---|---|
| Requested by People | ✓ Requested by Defendant | ✓ Requested by |
| Given as Requested | ✓ Given as Modified | Given on Court's Motion |
| Refused | | |
| Withdrawn | | Judge |

Print Date: 4/2003

Jury Instructions

**CALJIC 17.53**

## ADMONITION TO ALTERNATE JURORS

17.53

    As for the Alternate Juror████ you are still bound by the admonition that you are not to converse ███████████████ with anyone else on any subject connected with this trial, or to form or express any opinion on it until the case is submitted to you, which means until such time as you are substituted in for one of the 12 jurors now deliberating on the case. This also means that you are not to decide how you would vote if you were deliberating with the other jurors.

| Requested by People | ✔ | Requested by Defendant | ↰ | Requested by | |
| Given as Requested | ↙ | Given as Modified | | Given on Court's Motion | |
| Refused | | | | | |
| Withdrawn | | | | Judge | |

Print Date: 4/2003

Jury Instructions

322

```
J2411H1          SUPERIOR COURT - HALL OF JUSTICE & RECORDS      09/09/04
SAN MATEO CJIS           IN AND FOR THE COUNTY OF SAN MATEO       15:44
ORGANIZATION: SC
```

CASE NO. SC056446 A       DATE: 09/08/04       TIME: 09:00        DEPT.: 18

PEOPLE VS. HOA TRUNG KHUU

JUDGE:    JOHN G SCHWARTZ, JUDGE      CLERK:      FRANCOISE ESPINOZA
REPORTER: KATHY LEZCHUK               2ND CLERK:  NONE
D.A.:     ALLHISER                    DEFENSE CO: BELL

PROCEEDINGS: FURTHER JURY TRIAL

CHARGES: 1.  PC 460(A)
         2.  PC 664/460(A)
         3.  PC 460(A)
         4.  PC 496(A)
         5.  PC 496(A) W/PC 1203(K) W/PC 1170.12(C)(1) W/PC 667(A)

TRIAL DAY 7.

( 9:12 A.M. ):  UNREPORTED:  THE JURY HAVING ALL
     ASSEMBLED IN THE HALLWAY, RETIRED FOR FURTHER
     DELIBERATIONS IN CHARGE OF DEPUTY TITONE.

9:52 A.M. : JURORS BROUGHT INTO THE COURTROOM

9:54 A.M. : COURT CONVENED.  COUNSEL PRESENT.  JURY
     PRESENT.

DEFENDANT PRESENT IN CUSTODY.

JUDGE SHELTON SITTING IN FOR JUDGE SCHWARTZ

PEOPLES' MOTION TO RE-OPEN IS GRANTED.

STIPULATION RE: MONEY TAKEN BY POLICE FROM DEFENDANT
     FILED.

THE COURT ORDERS THAT THE STIPULATION BE GIVEN TO THE
     JURY IN THE JURY ROOM FOR DELIBERATIONS.

9:55 A.M. : COURT RECESSED.

9:55 A.M. :  THE JURY RETIRED FOR DELIBERATION.

CASE NO. SC056446 A      DATE: 09/08/04      TIME: 09:00      DEPT.: 18
PEOPLE VS. HOA TRUNG KHUU


( 10:07 A.M. ):  THE JURY, THROUGH THEIR FOREPERSON,
     #1283 STATE THAT THEY HAVE REACHED A VERDICT.

10:33 A.M. :  JURORS NOW PRESENT.

JUDGE SHELTON STOOD IN FOR JUDGE SCHWARTZ TO TAKE THE
     VERDICT

10:35 A.M. :  COURT RECONVENED.  COUNSEL PRESENT.  JURY
     PRESENT.

THE VERDICT, AS LISTED BELOW, WAS READ BY THE CLERK.

JURY RETURNED WITH A VERDICT OF GUILTY AS TO COUNT 1,
     VIOLATION OF PC 460(A), A FELONY.

JURY RETURNED WITH A VERDICT OF GUILTY AS TO COUNT 2,
     VIOLATION OF PC 664/460(A), A FELONY.

JURY RETURNED WITH A VERDICT OF GUILTY AS TO COUNT 3,
     VIOLATION OF PC 460(A), A FELONY.

JURY RETURNED WITH A VERDICT OF GUILTY AS TO COUNT 4,
     VIOLATION OF PC 496(A), A FELONY.

JURY RETURNED WITH A VERDICT OF GUILTY AS TO COUNT 5,
     VIOLATION OF PC 496(A), A FELONY.

VERDICT(S) FILED.

10:43 A.M. :  AT THE REQUEST OF DEFENSE, THE COURT
     DIRECTED THE COURT CLERK TO POLL THE JURY AS TO THE
     VERDICT(S) AND SPECIAL FINDINGS.

THE JURY WAS POLLED AND ALL ANSWERED IN THE AFFIRMATIVE.

10:43 A.M. :  THE COURT THANKED AND EXCUSED THE JURY
     (AND ALTERNATE JUROR(S)) AND RELEASED THEM FROM THE
     ADMONITION. COUNSEL AND DEFENDANT REMAINED IN THE
     COURTROOM.

AT THE DIRECTION OF THE COURT THE CLERK ENTERED THE
     VERDICT.

THE CASE IS REFERRED TO THE PROBATION DEPARTMENT FOR
     PREPARATION OF REPORT.

324

CASE NO. SC056446 A      DATE: 09/08/04      TIME: 09:00      DEPT.: 18
PEOPLE VS. HOA TRUNG KHUU

TIME WAIVED FOR SENTENCING.

MATTER CONTINUED TO 10/29/2004 AT 2:00 P.M. IN SCRWC
     COURT, D- 18 FOR RECEIPT OF PROBATION REPORT AND
     IMPOSITION OF SENTENCE.

MATTER CONTINUED TO 10/29/2004 AT 2:00 P.M. IN SCRWC
     COURT, D- 18 FOR COURT TRIAL - PRIOR CONVICTIONS.

DEFENDANT ORDERED TO RETURN.

DEFENDANT REMAINS IN CUSTODY.

ENTERED ON CJIS BY F.ESPINOZA DATE 09/08/2004.

325

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN MATEO

People of the State of California,

                          Plaintiff,                      Case No.   SC056446A

Vs.

Hoa Trung Khuu,

                          Defendant,

_____/

SIGNED VERDICT FORMS

Date **SEP   9** 2004


Judge of the Superior Court

CONFIDENTIAL

**FILED**
SAN MATEO COUNTY

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

SEP 0 8 2004

Clerk of the Superior Court

By _____
DEPUTY CLERK

THE PEOPLE OF THE STATE OF CALIFORNIA )
                                      )
                          Plaintiff,  )
vs.                                   )
                                      )
                                      )
HOA TRUNG KHUU,                       )
                                      )
                          Defendant.  )
_____)

Dept. 18

No. C-56446A

__VERDICT__

WE, THE JURY IN THE ABOVE ENTITLED CAUSE, find the defendant, HOA TRUNG KHUU, GUILTY of BURGLARY (361 Beach Park Boulevard), in violation of Penal Code section 459, as charged in Count 1 of the Information; and further find that the burglary was of the ___first___ degree.

(first/second)

Dated: 9/8/04



FOREPERSON

Y:\users\tif\courtroom\dkharjjury trials\khuu hoa ver.doc

327

**FILED**
SAN MATEO COUNTY

SEP 0 8 2004

Clerk of the Superior Court

By _____
DEPUTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

THE PEOPLE OF THE STATE OF CALIFORNIA )
                                       )
                          Plaintiff, )          Dept. 18
                                       )
vs.                                    )          No. C-56446A
                                       )
                                       )
HOA TRUNG KHUU,                        )          **VERDICT**
                                       )
                          Defendant. )
_____)


WE, THE JURY IN THE ABOVE ENTITLED CAUSE, find the defendant, HOA

TRUNG KHUU, GUILTY of ATTEMPTED BURGLARY (57 Williams Lane), in

violation of Penal Code sections 664/459, as charged in Count 2 of the

Information; and further find that the attempted burglary was of the

___first___ degree.

(first/second)


Dated: 9/8/04



FOREPERSON

Vdocsws02users\calbini\jury trials\khuu Hoa ver.doc

**FILED**
SAN MATEO COUNTY

SEP 0 8 2004

Clerk of the Superior Court
By _____
DEPUTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

THE PEOPLE OF THE STATE OF CALIFORNIA )
                                       )
                        Plaintiff,     )      Dept. 18
vs.                                     )
                                       )      No. C-56446A
                                       )
HOA TRUNG KHUU,                        )
                                       )      **VERDICT**
                        Defendant.     )
_____)

WE, THE JURY IN THE ABOVE ENTITLED CAUSE, find the defendant, HOA

TRUNG KHUU, GUILTY of BURGLARY (1295 Beach Park Boulevard), in

violation of Penal Code section 459, as charged in count 3 of the

Information; and further find that the burglary was of the

_____first_____ degree.

(first/second)

Dated: 9/8/04



                        FOREPERSON

FILED
SAN MATEO COUNTY

SEP 0 8 2004

Clerk of the Superior Court

By _____
DEPUTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

THE PEOPLE OF THE STATE OF CALIFORNIA )
                                       )
                         Plaintiff,    )      Dept. 18
vs.                                    )
                                       )      No. C-56446A
                                       )
HOA TRUNG KHUU,                        )      **VERDICT**
                                       )
                        Defendant.     )
_____)

        WE, THE JURY IN THE ABOVE ENTITLED CAUSE, find the defendant, HOA

TRUNG KHUU, GUILTY of RECEIVING STOLEN PROPERTY (Pamela and George

Hung), in violation of Penal Code section 496, as charged in Count 4 of

the Information.


        Dated:  9/8/04




                                        FOREPERSON

**FILED**
SAN MATEO COUNTY

SEP 0 8 2004

Clerk of the Superior Court

By_____
DEPUTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

THE PEOPLE OF THE STATE OF CALIFORNIA )
                                       )     Dept. 18
                   Plaintiff, )
vs.                                    )     No. C-56446A
                                       )
                                       )
HOA TRUNG KHUU,                        )     **VERDICT**
                                       )
                   Defendant. )
_____)


        WE, THE JURY IN THE ABOVE ENTITLED CAUSE, find the defendant, HOA

TRUNG KHUU, GUILTY of RECEIVING STOLEN PROPERTY (Sharon and Yao Chi),

in violation of Penal Code section 496, as charged in Count 5 of the

Information.


        Dated:  9/8/04           

                                 _____
                                          FOREPERSON

1        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2            IN AND FOR THE COUNTY OF SAN MATEO

3    THE PEOPLE OF THE STATE OF CALIFORNIA

4                               Plaintiff,          No. SC-56466A

5    v.                                             STIPULATION RE: MONEY TAKEN
                                                    BY POLICE FROM DEFENDANT
6    HOA TRUNG KHUU,

7                               Defendant.

**FILED**
SAN MATEO COUNTY

SEP 0 8 2004

Clerk of the Superior Court
By _____
         DEPUTY CLERK

8

9    IT IS HEREBY STIPULATED AND AGREED BETWEEN THE PEOPLE, REPRESENTED BY
     DEPUTY DISTRICT ATTORNEY MARY ALLHISER, AND DEFENDANT, BY ATTORNEY
10   FRANK BELL, THAT:

11   (1)    There was an unintentional misstatement of fact by the prosecutor in her closing argument to

12   the jury.

13   (2)    The Foster City Police did take money from the possession of defendant at the time of his

14   arrest on 3/10/04. The sum was $24.00. The police separated this sum from the wallet and non-cash

15   documents contained inside the wallet because they believed that the wallet and other non-cash

16   contents may have belonged to defendant's brother. The police booked the wallet and non-cash

17   documents into evidence, for safekeeping for the brother. The police transported defendant to the San

18   Mateo County Jail and entered the $24.00 as defendant's property in the jail.

19   (3)    The prosecutor's misstatement was caused by the fact that the police did not document in their

20   reports the fact that they had separated the $24.00 from the wallet and other non-cash contents.

21

     Dated: 9/8/04
22
     BY: _____
23
         Mary Allhiser, Deputy District Attorney
24
     BY: _____
25
         Frank Bell, Attorney for Defendant

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN MATEO

People of the State of California,

                        Plaintiff,                Case No.  SC056446A

Vs.

Hoa Trung Khuu,

                        Defendant,

_____/

UNSIGNED VERDICT FORMS

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA ) | |
| ) | Dept. 18 |
| Plaintiff, ) | |
| vs. ) | No. C-56446A |
| ) | |
| ) | |
| HOA TRUNG KHUU, ) | **VERDICT** |
| ) | |
| Defendant. ) | |
| ) | |

WE, THE JURY IN THE ABOVE ENTITLED CAUSE, find the defendant, HOA TRUNG KHUU, NOT GUILTY of BURGLARY (361 Beach Park Boulevard), in violation of Penal Code section 459, as charged in Count 1 of the Information.

Dated:

_____

FOREPERSON

334

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

THE PEOPLE OF THE STATE OF CALIFORNIA )
                                       )
                          Plaintiff,   )        Dept. 18
vs.                                    )
                                       )        No. C-56446A
                                       )
HOA TRUNG KHUU,                        )        **VERDICT**
                                       )
                          Defendant.   )
_____)


        WE, THE JURY IN THE ABOVE ENTITLED CAUSE, find the defendant, HOA

TRUNG KHUU, NOT GUILTY of ATTEMPTED BURGLARY (57 Williams Lane), in

violation of Penal Code section 664/459, as charged in Count 2 of the

Information.


        Dated:


                                        _____

                                              FOREPERSON

335

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA ) | | |
| ) | Dept. 18 | |
| Plaintiff, ) | | |
| vs. ) | No. C-56446A | |
| ) | | |
| ) | | |
| HOA TRUNG KHUU, ) | **VERDICT** | |
| ) | | |
| Defendant. ) | | |
| ) | | |

WE, THE JURY IN THE ABOVE ENTITLED CAUSE, find the defendant, HOA
TRUNG KHUU, NOT GUILTY of BURGLARY (1295 Beach Park Boulevard), in
violation of Penal Code section 459, as charged in Count 3 of the
Information.

Dated:

_____

                    FOREPERSON

336

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA ) | | |
| ) | Dept. 18 | |
| Plaintiff, ) | | |
| vs. ) | No. C-56446A | |
| ) | | |
| ) | | |
| HOA TRUNG KHUU, ) | **VERDICT** | |
| ) | | |
| Defendant. ) | | |
| _____ ) | | |

WE, THE JURY IN THE ABOVE ENTITLED CAUSE, find the defendant, HOA
TRUNG KHUU, NOT GUILTY of RECEIVING STOLEN PROPERTY (Pamela and George
Hung), in violation of Penal Code section 496, as charged in Count 4 of
the Information.

Dated:

_____
FOREPERSON

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

THE PEOPLE OF THE STATE OF CALIFORNIA )
                                       )
                            Plaintiff, )        Dept. 18
                                       )
vs.                                    )        No. C-56446A
                                       )
                                       )
HOA TRUNG KHUU,                        )        **VERDICT**
                                       )
                            Defendant. )
_____)

WE, THE JURY IN THE ABOVE ENTITLED CAUSE, find the defendant, HOA

TRUNG KHUU, NOT GUILTY of RECEIVING STOLEN PROPERTY (Sharon and Yao

Chi), in violation of Penal Code section 496, as charged in Count 5 of

the Information.

Dated:

_____

FOREPERSON

338

```
J2411H1          SUPERIOR COURT - HALL OF JUSTICE & RECORDS          10/28/04
SAN MATEO CJIS           IN AND FOR THE COUNTY OF SAN MATEO              15:27
ORGANIZATION: SC


  CASE NO. SC056446 A     DATE: 10/04/04     TIME: 09:00        DEPT.: 18

  PEOPLE VS. HOA TRUNG KHUU

  JUDGE:    JOHN G SCHWARTZ, JUDGE      CLERK:      FRANCOISE ESPINOZA
  REPORTER: KATHY LEZCHUK               2ND CLERK:  NONE
  D.A.:     PITT                        DEFENSE CO: BELL

  PROCEEDINGS: TO RESET
```

---

CHARGES: 1. PC 460(A)
         2. PC 664/460(A)
         3. PC 460(A)
         4. PC 496(A)
         5. PC 496(A) W/PC 1203(K) W/PC 1170.12(C)(1) W/PC 667(A)

---

DEFENDANT PRESENT IN CUSTODY.

TIME CONTINUES TO BE WAIVED.

VACATE PROBATION REPORT AND SENTENCING THAT WAS SET ON
     10/29/2004 AT 2:00 P.M. AND RESET TO 11/19/2004 AT 9:00
     A.M. IN SCRWC COURT, D- 18.

VACATE COURT TRIAL - PRIOR CONVICTIONS THAT WAS SET ON
     10/29/2004 AT 2:00 P.M. AND RESET TO 11/19/2004 AT 9:00
     A.M. IN SCRWC COURT, D- 18.

DEFENDANT REMAINS IN CUSTODY.

DEFENDANT ORDERED TO RETURN.

ENTERED ON CJIS BY F.ESPINOZA DATE 10/04/2004.

339

1  Frank Bell, SBN 038955
   Attorney at Law
2  303 Bradford Street, Suite C
   Redwood City, CA 94063-1529
3  Tel: 650 365-8300
   Fax: 650 366-8987
4
   Attorney for Defendant
5  HOA TRUNG KHUU

6

7

**FILED**

SAN MATEO COUNTY

OCT 2 1 2004

Clerk of the Superior Court

By

DEPUTY CLERK

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               FOR THE COUNTY OF SAN MATEO

11  THE PEOPLE OF THE STATE OF          )    NO. SC56446
    CALIFORNIA,                         )
12                    PLAINTIFF         )
                                        )
13                  v.                  )    MOTION TO WITHDRAW
                                        )    AS RETAINED COUNSEL
14                                      )
                                        )
15  HOA TRUNG KHUU,                     )    Judge: Schwartz, Dept 18
                                        )    Date: October 2͵, 2004
16                    DEFENDANT         )    Time: 9:00 a.m.
                                        )
17                                      )

18        Comes now FRANK BELL, retained counsel for defendant herein, and moves the

19  court for an order permitting him to withdraw as counsel for defendant.

20        As a basis for this motion, Mr. Bell states the following:

21        On or about July 6, 2004, defendant signed an attorney fee agreement (hereafter

22  "Agreement") retaining Mr. Bell as his attorney in the court of unlimited jurisdiction. The

23  charges against the defendant were two counts of residential burglary, one count of

24  attempted residential burglary and two counts of possession of stolen property.   The

25  Agreement provided that defendant would pay deposit with Mr. Bell the sum of

26  $15,000.00 towards the attorney fees in the case. The hourly rate charged by Mr. Bell, as

27

28  MOT TO WITHDRAW AS RETAINED COUNSEL

340

1    provided in the Agreement was $300.00.

2         The Agreement provided for no maximum fee. It provided "In addition to the

3    deposit mentioned in No. 3, above, other attorney fees are due and payable at the rate

4    called for in the Rate Schedule after the initial retainer deposit is exhausted, to be paid by

5    advance deposit in such sums as may be requested by Attorney or monthly in the

6    discretion of Attorney." The Agreement also provided that in the event the defendant

7    took the matter to trial, "...attorney fees of $3,000.00 per anticipated day of trial and

8    $300.00 per hour for anticipated pretrial preparation..." were due and payable to Mr. Bell.

9         Mr. Khuu's family and friends did make the deposit payment in three payments.

10   $9,000.00 was paid on July 2, 2004, and additional $4,000.00 was paid on July 26, 2004

11   and the final $2,000.00 was paid on August 19, 2004 for a total of $15,000.00. However,

12   no additional payments have been made to counsel.

13        Mr. Khuu's jury trial commenced on August 30, 2004. The trial lasted six (6)

14   days, with the jury returning guilty verdicts on all counts on September 8, 2004. As a

15   result of the time spent by counsel in preparation for trial, trial and matters thereafter, Mr.

16   Khuu has accumulated an outstanding balance over and above the deposit paid of

17   $5,728.00 as of the end of September, 2004. Almost $900.00 of the outstanding amount

18   owed was incurred for investigation. Moreover, counsel did not charge Mr. Khuu the

19   $3,000.00 per day called for in the Agreement. In fact, the maximum daily charge for the

20   trial was $2,100.00 on one day. The other days were billed as follows: $1,800.00, $1,650,

21   $750.00, $1,050.00, $1,350.00 and $750.00.

22        Nevertheless, when Mr. Bell talked with Mr. Khuu about his outstanding balance

23   on Monday, October 19, 2004, Mr. Khuu indicated that he did not intend to pay Mr. Bell

24   the money he owed him because, among other complains he had about the representation

25   he received from Mr. Bell, "You did nothing for me in court." In addition, defendant

26   indicated that even if he wanted to pay the additional fees owed to Mr. Bell, he was not

27   financially able to do so because his family did not have any more money. In this

28   MOT TO WITHDRAW AS RETAINED COUNSEL                                              2

1 conversation the defendant exhibited a demeanor toward Mr. Bell that indicated to

2 counsel that counsel could no longer work with the defendant and that the defendant did

3 not intend to cooperate with counsel. In fact, it is counsel's opinion that the attorney-

4 client relationship is irremediably damaged and that it has been severed and broken down

5 beyond repair.

6     The defendant is now set for sentencing on November 19, 2004 before Your

7 Honor. There is much to do to prepare for sentencing. First, there is a court trial on the

8 allegations that he suffered a prior "strike" offense and that the same prior conviction is a

9 Penal Code Section 667.5 five year prior. Second, should the court decide that the

10 defendant suffered the conviction (an alleged prior felony conviction for a violation of the

11 Hobbs Act in federal court in San Francisco) a <u>Romero</u> motion should be filed on

12 defendant's behalf asking the court to strike the "strike" for the purposes of sentencing.

13 Mr Khuu is facing a possible maximum sentence in excess of twenty (20) years on the

14 matters of which he was convicted.

15     Mr. Khuu has previously waived time for sentencing and he has no objection to

16 Mr. Bell's request to withdraw. He will continue to waive time to permit new counsel to

17 prepare for the sentencing herein. I informed the district attorney of my intention to make

18 this motion. She did not express any opposition to the motion.

19     Mr. Bell, respectfully requests that the court permit Mr. Bell to withdraw as

20 counsel for Mr. Khuu and that the court appoint the Private Defender to represent Mr.

21 Khuu at the sentencing herein.

22     I declare, under penalty of perjury, that the foregoing is true and correct. Executed

23 this 21st day of October, 2004 at Redwood City, California.

24 Dated: October 21, 2004          Respectfully submitted,

25

26                     FRANK BELL
                    Attorney for Defendant
                    HOA TRUNG KHUU

27

28 MOT TO WITHDRAW AS RETAINED COUNSEL          3

342

1        POINTS AND AUTHORITIES

2        The court has authority to relieve retained counsel if the client has not paid his

3    fees.  CCP Section 284(2).  See also, <u>People v. Castillo</u> (1991) 233 Cal.App.3d 36, 55.

4        Where there is a request that retained counsel be replaced by appointed counsel

5    because the client can no longer afford to pay retained counsel, the court should grant the

6    request so long as there is no prejudice to the client .  <u>People v. Ortiz</u> (1990) 51 Cal.3d

7    975 983.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   MOT TO WITHDRAW AS RETAINED COUNSEL                                    4

1        **PROOF OF SERVICE BY HAND**

2        I, FRANK BELL, declare and say:

3        On the date indicated below, I served the following

4    document(s):

5        **MOTION TO WITHDRAW AS COUNSEL**

6

7    by hand delivery by personal delivery of a true and correct copy

8    thereof to the office of Attorney for Petitioner, to wit:

9            **Office of District Attorney**
             **400 County Center, 3rd Floor**
10           **Redwood City, CA 94063**

11
         I declare under penalty of perjury that the foregoing is
12
     true and correct.   Executed this 21st day of October, 2004 at
13
     Redwood City, California.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   MOT TO WITHDRAW AS RETAINED COUNSEL

344

```
J2411H1          SUPERIOR COURT - HALL OF JUSTICE & RECORDS      10/29/04
SAN MATEO CJIS          IN AND FOR THE COUNTY OF SAN MATEO        09:40
ORGANIZATION: SC


CASE NO. SC056446 A      DATE: 10/29/04      TIME: 09:00      DEPT.: 18

PEOPLE VS. HOA TRUNG KHUU

JUDGE:    JOHN G SCHWARTZ, JUDGE      CLERK:      FRANCOISE ESPINOZA
REPORTER: KATHY LEZCHUK               2ND CLERK:  NONE
D.A.:     ALLHISER                    DEFENSE CO: BELL

PROCEEDINGS: MOTION TO WITHDRAW AS ATTORNEY OF RECORD
```

CHARGES: 1. PC 460(A)
         2. PC 664/460(A)
         3. PC 460(A)
         4. PC 496(A)
         5. PC 496(A) W/PC 1203(K) W/PC 1170.12(C)(1) W/PC 667(A)

DEFENDANT PRESENT IN CUSTODY.

MR. BELL MOTION TO BE RELIEVED/WITHDRAW AS DEFENSE
    ATTORNEY OF RECORD DENIED.

VACATE PROBATION REPORT AND SENTENCING THAT WAS SET ON
    11/19/2004 AT 9:00 A.M. AND RESET TO 11/18/2004 AT 9:00
    A.M. IN SCRWC COURT, D- 18.

VACATE COURT TRIAL - PRIOR CONVICTIONS THAT WAS SET ON
    11/19/2004 AT 9:00 A.M. AND RESET TO 11/18/2004 AT 9:00
    A.M. IN SCRWC COURT, D- 18.

DEFENDANT REMAINS IN CUSTODY.

DEFENDANT ORDERED TO RETURN.

ENTERED ON CJIS BY F.ESPINOZA DATE 10/29/2004.

345

1  JAMES P. FOX, DISTRICT ATTORNEY
County of San Mateo, State of California
2  State Bar No. 45169
400 County Center, 3rd Floor
3  Redwood City, California 94063
By: Mary Allhiser, Deputy
4  Telephone: (650) 363-4636
Attorney for Plaintiff

**FILED**
SAN MATEO COUNTY

NOV 12 2004

Clerk of the Superior Court

By _____
DEPUTY CLERK

CMS

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA<br><br>                              Plaintiff,<br><br>v.<br><br>HOA KHUU,<br><br>                              Defendant. | No. SC-56446A<br><br>PEOPLE'S SENTENCING STATEMENT AND OPPOSITION TO <u>ROMERO</u> CONSIDERATION<br><br>Dept: 18<br>Date: 11/18/04<br>Time: 9 a.m. |

I.                          **STATEMENT OF THE CASE**

On 9/8/04, defendant Khuu was convicted by a jury of two counts of residential burglary, one count of attempted residential burglary, and two related counts of receiving stolen property. A court trial is scheduled at the same time as the sentencing hearing on special allegations: one prior "strike" under Penal Code section 1170.12(c)(1) and one "serious felony prior" under P.C. 667(a).

Defendant's date of birth is 12/4/74.

The maximum and minimum "no strike" and "second strike" sentence exposures are outlined below, for the court's information. The assumption is that the P.C. 1170.12(c)(1) and 667(a) special allegations are true.

///

II.                  **P.C. 1170.1 ("No Strike") SENTENCE RANGE**

If defendant were <u>not</u> sentenced under the "strikes" law, the determinate sentence range under P.C. 1170.1 would be:

| | |
|---|---|
| P.C. 460(a) | 2 – 4 – 6 years |
| P.C. 460(a) | + 1 year, 4 months consecutive (1/3 mid term) |
| P.C. 664/460(a)   (1-2-3) | + 8 months consecutive (1/3 mid term) |
| P.C. 496   (16-2-3) | (P.C. 654 stay) |
| P.C. 496 | (P.C. 654 stay) |
| P.C. 667(a) | + 5 years consecutive |

The court has discretion to strike the "strike" allegation on authority conferred by P.C. 1385(a) (<u>People</u> v. <u>Superior Court (Romero)</u> (1996) 13 Cal.4th 497).   The court may not strike the P.C. 667(a) five-year enhancement, P.C. 1385(b).

The defendant's maximum "no strikes" determinate sentence would be <u>13 years</u> (upper term of 6 years for one count of residential burglary, plus one-year-four-month subordinate term for the second residential burglary, plus eight-month subordinate term for the P.C. 664/460(a), plus five years for the "serious felony" P.C. 667(a) enhancement; with the terms for the two P.C. 496 counts stayed under P.C. 654).

If the court finds the special allegations of prior convictions to be true, the court can select the upper term of six years as the principal term for one count of residential burglary. No additional jury findings are required. The United States Supreme Court ruled on 6/24/04, as a matter of constitutional law, that any factor used to aggravate a sentence, *other than prior convictions*, must be admitted by the defendant or found true by a jury (<u>Blakely</u> v. <u>Washington</u> (2004) ___ U.S. ___, 124 S. Ct. 2531; 159 L. Ed. 2d 403). The People concede that this rule applies to defendant's case although the offenses were committed on 3/10/04, before the <u>Blakely</u> decision was filed (<u>People</u> v. <u>Sykes</u> (2004) 120 Cal. App. 4th 1331).

///

1   　There is a statutory presumption of ineligibility for probation, P.C. 462. If the court were to

2   deny probation, but find mitigating circumstances, defendant's minimum sentence would be 7 years

3   (two-year low term for one count of residential burglary, the terms for the second residential burglary

4   and attempted burglary run concurrently, plus five years for the P.C. 667(a) enhancement; with the

5   terms for the two counts of receiving stolen property stayed pursuant to P.C. 654).

6   　Pre-commitment and post-commitment, defendant would receive the usual felony credits:

7   "serve four days, get credit for six days" in jail; "serve one day, get credit for two days (once in a

8   work program)" in prison.

9   III.　　　　　**"SECOND STRIKE" SENTENCING RANGE**

10  　Defendant's maximum sentence exposure as a "second striker" would be 21 years (doubled

11  upper term of 6 years for one of the residential burglaries (i.e., 12 years), plus doubled one-year-four-

12  month subordinate term for the other residential burglary (i.e., 2 years, 8 months); plus doubled eight-

13  month subordinate term for P.C. 664/460(a) (i.e., 1 year, 4 months); plus 5 years for the "serious

14  felony prior"; with doubled eight-month subordinate terms (i.e., 1 year, 4 months) for the two counts

15  of receiving stolen property stayed pursuant to P.C. 654).

16  　Defendant's minimum "second strike" sentence would be 13 years  (doubled low term of 2

17  years for one of the residential burglaries (i.e., 4 years), plus doubled one-year-four-month

18  subordinate term for the other residential burglary (i.e., 2 years, 8 months); plus doubled eight-month

19  subordinate term for P.C. 664/460(a) (i.e., 1 year, 4 months); plus 5 years for the P.C. 667(a)

20  enhancement; with doubled eight-month subordinate terms (i.e., 1 year, 4 months) for the two counts

21  of P.C. 496 stayed pursuant to P.C. 654),  P.C. 1170.12(a)(6).

22

23  　Pursuant to P.C. 1170.12(a)(6), the terms for the crimes committed against the three victim-

　　residences must be imposed consecutively (People v. Lawrence (2000) 24 Cal. 4th 219, People v.

24  Durant (1999) 68 Cal.App.4th 1393).  In Durant, defendant was convicted of one residential burglary

25  and two attempted residential burglaries. All three crimes were committed in the same condominium

complex, in close succession, without any intervening events. The court explained that the "strike"

terms for the three counts must be consecutive under 1170.12(a)(6) (at 1406).

*** (W)here the elements of the original crime have been satisfied, any crime subsequently committed will not arise from the same set of operative facts underlying the completed crime; rather such crime is necessarily committed at a different time. For instance, with the crime of burglary, where the offense is complete when there is an entry into a structure with felonious intent, "regardless of whether the felony or theft committed is different from that contemplated at the time of entry, or whether any felony or theft actually is committed" (_People v. Montoya_ (1994) 7 Cal. 4th 1027. 1041-1042 [31 Cal. Rptr. 2d 128, 874 P.2d 903]), the commission after the first burglary of a crime or burglary of another structure necessarily will arise out of different operative facts than those underlying the original offense.

On a "second strike" sentence, defendant would be entitled to the normal pre-sentence jail

credits ("serve four days, get credit for six days"). In prison, his "work time" credits would be limited

to 20% of actual custody time.

IV.                    **PRESENT OFFENSES**

On 3/10/04, at around noon, Tommy Hui, the resident at 57 Williams Lane, Foster City,

ignored the fact that someone was ringing his front doorbell. Minutes later, while he was upstairs, he

heard noises at another door. From the upstairs, looking down through a window covering on the

door, he saw one man trying to pry open his sliding door and another man standing right behind him.

Mr. Hui called the Foster City Police Department (FCPD). Mr. Hui told the police that the two males

fled in black Range Rover.

Blocks away, FCPD Officer Bill Sandri saw a black Range Rover and started to follow it. The

Rover drove away at high speed in the parking lot of the Edgewater Plaza in Foster City. As Officer

Sandri followed, the Rover stopped and the two men bailed out. Officer Sandri, with the help of other

police officers and sheriff's deputies, tried to locate them.

The two men left behind in the Range Rover: a prybar under the right front floor mat, large

sums of currency (U.S. and foreign) and stolen property (laptop, jewelry, watches, and other valuable

items) from two unreported residential burglaries (361 Beach Park Boulevard, Foster City and 1295

Beach Park Boulevard, Foster City).

1    A witness saw the two men running from the police and picked up a cell phone that one had

2    dropped. The witness gave the cell phone to the police.

3        The police found defendant Khuu hiding under a boat cover in a nearby yard. Khuu then

4    jumped into the lagoon. When the FCPD officer ordered him to stop, Khuu said: "go ahead and

5    shoot!" Khuu was later found hiding in a garbage can. Khuu gave the police a false name (his

6    brother's). Khuu claimed ownership of the cell phone that the witness had given to the police.

7        The police found the alleged accomplice Ryan Bui in a nearby yard. In the path of his flight

8    from police, Bui had left behind his temporary driver's license and what appeared to be a "hit list" of

9    more than thirty residences. The residences at <u>361</u> and <u>1295 Beach Park Boulevard</u> were lined out.

10        Property seized from the Range Rover was identified as having been stolen from George and

11    Pamela Hung (361 Beach Park Boulevard) and Yao and Sharon Chi (1295 Beach Park Boulevard).

12    V.    **JUVENILE DELINQUENCY, AND ADULT CRIMINAL, PROBATION, AND**
        **INCARCERATION HISTORY**

13        Defendant's date of birth is 12/4/74. He was committed to the California Youth Authority

14    (CYA) as a juvenile, based on a sustained petition for burglary-second degree. He paroled from

15    CYA on 6/3/93.

16        As an adult, he was convicted in the United States District Court – Northern District of

17    California of "aiding and abetting conspiracy to obstruct" ("Hobbs Act" conspiracy to rob, 18 USC

18    section 1951) and "conspiracy to use a firearm to commit a felony" (18 USC 371). This is alleged in

19    the Information as a "strike" (P.C. 1170.12(c)(1)) and as a five-year P.C. 667(a) prior conviction. On

20    11/12/96, defendant was sentenced to fifty-three months in federal prison, to be followed by three

21    years supervised release. On 3/10/04, there was a no-bail federal warrant outstanding against him for

22    violation of supervised release.

23        The federal case is described in the People's Trial Motion #1. The facts were laid out in the

24    plea agreement, as follows.

25

1    The defendant conspired with Tung Pham, George Gatan, Billy Vang, Howson Nguyen, and

2    others with the specific intent to rob computer chips from a truck occupied by employee(s) of Intel

3    Corporation. The "overt acts" in furtherance of the conspiracy included: defendant stole a Honda to

4    use as a second car in the Intel robbery; defendant met with co-conspirators and undercover federal

5    agents the same day to discuss the details of the Intel truck robbery; in that discussion, defendant

6    affirmed that he had tape to restrain the truck driver; in that discussion, co-conspirator Pham affirmed

7    that he had brought two guns to use in the robbery; and in that discussion, co-conspirators and federal

8    undercover agents reviewed a diagram of the planned robbery location and discussed how to deal

9    with the Intel truck driver (holding a gun to his head).

10    As described in the plea agreement, this was a "sting" operation. Defendant and co-conspirators

11    were arrested after the meeting. From one of the cars driven by co-conspirators to the meeting,

12    federal agents seized two loaded firearms, tape, six pair of surgical gloves, rope, and a dart gun.

13
VI.        **ARGUMENT RE: FURTHERANCE OF JUSTICE**

14    The guiding principle announced in People v. Superior Court (Romero) (1996) 13 Cal.4th

15    497, 530, is that a sentencing court's consideration of striking a "strike" must be in strict compliance

16    with the provisions of P.C. 1385(a).  Exercise of 1385(a) discretion is reviewable for abuse of

17    statutory power, Id., at 530.  The appropriate limits on the court's discretion were later amplified in

18    People v. Williams (1998) 17 Cal.4th 148.

19    Under 1385(a), a court may dismiss a charge or strike a special allegation "in furtherance of

20    justice," but must state the reasons for this action "in an order entered upon the minutes."  Failure to

21    do so is an abuse of discretion, (People v. Smith (1996) 50 Cal.App.4th 1194); and renders a

22    dismissal/striking under 1385(a) invalid. (Williams, supra; People v. Orin (1975) 13 Cal.3d 937, 943-

23    945; In Re Juan C. (1993) 20 Cal.App.4th 748, 753).

24    The statement of reasons is essential for appellate review of the trial court's action. (People v.

25    Bracey (1994) 21 Cal.App.4th 1532, 1540-1541).  The main purpose of this requirement is "to

    restrain judicial discretion and curb arbitrary action for undisclosed reasons and motives (citations

    omitted)." (People v. Ritchie (1971) 17 Cal.App.3d 1098, 1105).

1    "While a trial court has broad discretion to dismiss under section 1385, the power is not

2    absolute. It is limited by the amorphous concept that the dismissal be 'in furtherance of justice' which

3    requires consideration both of the constitutional rights of the defendant and the interests of society

4    represented by the People. (People v. Orin (1975) 13 Cal.3d 937, 945-947.) A dismissal not in

5    furtherance of justice is an abuse of discretion requiring a reversal. (People v. Ferguson (1990) 218

6    Cal.App.3d 1173, 1180-1183.)" (Bracey, supra, 1540-1541). In Bracey, without a factual basis for

7    so doing, the trial court had dismissed a drug sale charge for "vindictive prosecution," citing P.C.
1385(a). The dismissal was reversed as an abuse of discretion.

8    When reviewing a ruling on a defendant's request for P.C. 1385 consideration, the appellate

9    court carefully considers the length and frequency of the crime-free periods during which the

10   defendant was neither in custody, nor on probation or parole. (See People v. Askey (1996) 49

11   Cal.App.4th 381). The sentencing court should seriously consider whether the new offenses were

12   committed while defendant was under supervision. (People v. Gillespie (1997) 60 Cal.App.4th 429,

13   recent release on parole militates against striking a "strike").

14   People v. Williams (1998) 17 Cal.4th 148 lays out in great detail when it is an abuse of a trial

15   court's discretion to strike a "strike." In Williams, the Court outlined the defendant's juvenile

16   delinquency and adult criminal record, the nature of the current offense (1995 felony "driving under

17   the influence" of PCP, V.C. 23175), the defendant's repeated failures on probation and parole, and his

18   personal history (substance abuse since age nine and present desire to seek treatment). Williams'

19   prior serious felony convictions were for attempted robbery and rape in 1982. He had three prior
prison terms within the meaning of Penal Code 667.5(b).

20   The trial court in Williams apparently reasoned that the 1982 "strike" convictions were remote

21   and that defendant's current offense was not a crime of violence. The trial court struck one of the
"strikes," but did not set forth its reasons in an order entered on the minutes, as required by Penal

22   Code section 1385. The defendant was sentenced as a "second striker" to 9 years in prison.

23   In Williams, the Supreme Court decided that the trial court had abused its discretion under

24   Penal Code section 1385. The Court held that in ruling on a defendant's request that a "strike"

25   allegation be stricken, a trial court:

... must consider whether, in light of the nature and circumstances of this present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the ("three strikes" sentencing) scheme's spirit, in whole or in part, and hence should be treated as though he had presently not committed one or more felonies and/or had not previously been convicted of one or more serious and/or violent felonies. Id., at p. 161.

The Court concluded that:

(i)n light of the nature and circumstances of his present felony of driving under the influence, which he committed in 1995, and his prior conviction for the serious felony of attempted robbery and his prior conviction for the serious and violent felony of rape, both of which he suffered in 1982, and also in light of the particulars of his background, character, and prospects, which were not positive, Williams cannot be deemed outside the spirit of the Three Strikes law in any part, and hence may not be treated *as though he had presently not committed that felony or had not previously been convicted of those serious and/or violent felonies.* (emphasis added) Id., at 162-163.

The Court first looked at the nature of Williams' current and prior felony convictions. It concluded that there was nothing mitigating about the present or the past felonies. The Court noted that the 1995 "drunk driving" conviction had followed three previous convictions of "drunk driving." This indicated to the Court that " '... (he) had been taught, through the application of formal sanction, that (such) criminal conduct was unacceptable - but had failed or refused to learn his lesson.'" Id., at 163, quoting from People v. Gallego (1990) 52 Cal.3d 115, 209, fn.1.

The Court then found that:

... there is little favorable about Williams' background, character, or prospects. We do not ignore the fact that he apparently had had a stable living arrangement with a woman, had expressed a desire to help care for their disabled child, and was still loved, and supported, by his family. But neither can we ignore the fact that he was unemployed and did not follow through in efforts to bring his substance abuse problem under control. Id., at 163.

The Court noted that in the thirteen years between his prior serious felonies in 1982 and his present felony in 1995, Williams had committed many other criminal offenses: two convictions for possession of a firearm by a felon, three convictions for "drunk driving," one conviction for driving without a license, and misdemeanor convictions for possession of a controlled substance and for spousal battery. Williams was often in jail or in prison during that thirteen-year period for probation or parole violations. The Court disagreed with the trial court that had determined that none of the crimes

353

1    between 1982 and 1995 was a crime of violence. It found that misdemeanor spousal battery was

2    clearly such a crime.

3        The Supreme Court in <u>Williams</u> concluded that "(i)n view of the foregoing, the superior court's

4    order fell outside the bounds of reason under the applicable law and relevant facts." <u>Id</u>., at 164.

5        It is useful to analyze Penal Code section 1385 "in furtherance of justice" issue in light of the

6    criteria in Rule of Court 4.423 to determine whether there are any mitigating circumstances in the

7    defendant's crimes or in his history (<u>People</u> v. <u>McGlothin</u> (1998) 67 Cal.App.4[th] 468).

8        Under Rule 4.423, the relevant circumstances in <u>mitigation</u> which do <u>not</u> apply to defendant

9    include:

10       (a)(1)  defendant was only a passive participant or played a minor role in the crimes;

11       (a)(2)  the victims initiated, provoked, or were willing participants in the crimes;

12       (a)(3)  the crimes were committed because of an unusual circumstance, such as great
                provocation,  which is unlikely to recur;

13       (a)(4)  defendant participated in the crimes under circumstances of coercion or duress, or the
                criminal conduct was partially excusable for some other reason not amounting to a

14              defense;

15       (a)(5)  defendant was induced by others to commit the crimes;

16       (a)(6)  the amount of valuable property taken was deliberately small;

17       (a)(7)  defendant had a claim of right to the property;

18       (a)(8)  defendant was motivated by a desire to provide necessities for his family or self;

19       (b)(1)  defendant had no prior record or an  insignificant record;

20       (b)(2)  defendant was suffering from a mental or physical condition that significantly reduced
                his culpability;

21       (b)(3)  defendant voluntarily acknowledged wrongdoing prior to arrest or at any early stage in

22              the criminal process;

23       (b)(4)  defendant is presumptively ineligible for probation (P.C. 462) and but for that
                ineligibility would have been granted probation;

24       (b)(5)  defendant made restitution to the victims;

25       (b)(6)  defendant's prior performance under federal supervision was satisfactory.

1    In People v. Whitten (1994) 22 CA4th 1761, 1767-1768, the court discussed the significance

2 of a defendant's prior history under supervision on probation or parole.

3    The court's examination of aggravating and mitigating factors necessarily involves subjective

4    determinations based upon objectively demonstrated facts. A proper focus of inquiry is whether
     any lesson was learned from previous grants of probation or parole. (Cf. People v. Regalado

5    (1980) 108 Cal.App.3d 531, 540 [166 Cal.Rptr. 614].) ***

6    Similarly, in assessing defendant's culpability, it is reasonable to consider service of a prior
     prison term and conclude that not even such severe punishment has deterred defendant from

7    reoffending. Just as the court may aggravate on the basis of prior grants of leniency, so too may
     the court reasonably consider defendant's implacable attitude toward the law.

8

9    Defendant is only twenty-nine years old. His "implacable attitude toward the law" was

10 demonstrated when he challenged the FCPD officer who pursued him to: "go ahead and fucking shoot
     me!" Yet, this defendant, through counsel, may still ask this court for "another chance"; i.e. for a "no

11 strike" sentence. The People predict that this defendant will be asking for "chances" for the rest of his

12 life. In the face of the repeated "'application(s) of formal sanction,'" defendant fails to "'learn his

13 lesson'" (People v. Williams (1998) 17 Cal.4th 148, at 163).

14    Defendant's 1996 federal "strike" is not remote. He was supposed to be complying with federal

15 supervision when the new crimes were committed. It would not be within the spirit of the "strikes" law

16 to treat the 1996 conviction as if it had never happened by striking it (Williams, at 163).

17    Some of the general objectives of sentencing, Rule of Court 4.410, are to protect society, to

18 punish defendant, and to prevent defendant from committing new crimes by isolating him for the
     period of incarceration. Justice would be served, given the particular facts of this case and this

19 defendant's history, by the imposition of a "second strike" sentence on him. Striking the "strike" under

20 P.C. 1385(a) would not be "in furtherance of justice."

21 VII.                                      **CONCLUSION**

22    The People respectfully urge the court to sentence defendant to a "second strike" prison term.

23    Dated: 11/10/04

24                                          Respectfully submitted,
                                           JAMES P. FOX, DISTRICT ATTORNEY

25                                         By _____
                                           Mary Allhiser, Deputy

PROOF OF SERVICE BY MAIL

Case No. **SC-56446A**

My name is **Elena Albaniel**. My main business address is:

| | |
|---|---|
| **X**  Office of the District Attorney<br>400 County Center, 3rd Floor<br>Redwood City, CA 94063 | ☐  Office of the District Attorney<br>400 County Center, 4th Floor<br>Redwood City, CA 94063 |
| ☐  Office of the District Attorney<br>1050 Mission Road<br>South San Francisco, CA 94080 | ☐  Office of the District Attorney<br>21 Tower Road<br>San Mateo, CA 94402 |

I am over the age of eighteen (18) years and not a party to the cause.

On **November 12, 2004**, I served the attached:

**PEOPLE'S SENTENCING STATEMENT AND OPPOSITION
TO <u>ROMERO</u> CONSIDERATION**

on the hereinafter named, by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid and depositing it in the United States mail at Redwood City, addressed as follows:

Frank Bell
Attorney at Law
303 Bradford Street, Suite C
Redwood City, CA 94063-5129

Executed at Redwood City, California.

I declare under penalty of perjury that the foregoing is true and correct.

_Elena Albaniel_
**Elena Albaniel**
**Legal Secretary**

FRANK BELL, SBN 038955
Attorney at Law
303 Bradford Street, Suite C
Redwood City, CA 94063-1529
Telephone: (650)365-8300

Attorney for Defendant
HOA KHUU

FILED
SAN MATEO COUNTY

NOV 1 6 2004

Clerk of the Superior Court
By
DEPUTY CLERK
CMS

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN MATEO

|  |  |
|---|---|
| PEOPLE OF THE<br>STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>vs.<br><br>HOA KHUU,<br><br>Defendant. | No. SC56446A<br><br>**MOTION TO STRIKE PRIOR**<br>**(Penal Code section 1385)**<br><br><br>Date: Nov. 18, 2004<br>Time: 9:00 a.m.<br>Dept.: Schwartz, Dept 18 |

### STATEMENT OF FACTS

Defendant was convicted after a jury trial of two counts of residential burglary, one count of attempted residential burglary and two related counts of possession of stolen property. He has waived jury on the issue of whether he suffered a prior conviction of a violation of the federal Hobbs Act (18 U.S.C. 1851), if so found whether that conviction constitutes a Penal Code Section 667(a) five year prior and whether it also constitutes a "strike" pursuant to Penal Code Section 1192.7(c)(1).

In the event that the court should determine that the defendant suffered the conviction and that it is a "strike" defendant makes this motion to dismiss or strike the strike for sentencing purposes.

1    Mr. KHUU is still a young man, only 29 years old. He has suffered only two prior

2    commitments. First, as a juvenile he was sentenced to CYA. Second, in 1994, over 8 years ago,

3    he was apparently sentenced to the custody of the United States Attorney General to a term of

4    fifty-three months. Based upon some records available to counsel he acknowledged his

5    involvement, showed his remorse and promptly accepted responsibility for his actions. He also

6

7    cooperated with federal authorities in that matter to assist in the conviction of other individuals.

8    The probation report in this matter details his life and family situation. It also indicates his

9    drug dependency and his desire for treatment. He is enrolled in the Choices program run by

10   Delancy Street in the jail and he has applied for and been accepted to Delancy Street treatment

11   program. Many apply to that program but few are accepted.

12

13   Mr. KHUU'S letter to the court attached to the probation report shows his thoughtful

14   consideration of his past mistakes and his insight into his problems, which is an important

15   ingredient for success in recovery from addiction. Mr. KHUU's willingness to comply with the

16   rigorous requirements of the Choices Program and Delancy Street, and the opinion of the

17   administrators of the programs that he can be successful is worthy of the courts serious

18   consideration in this matter.

19

20   In deciding the matter of punishment in this matter, the court should also take into

21   consideration that the burglars were looking for places to enter that were not presently occupied

22   and where the residents were away from home. In addition, there is no evidence that they were

23   armed and there was no actual violence involved in their part.

24

25   **The 1996 Federal Offense.**

26   In the federal matter that is alleged against Mr. KHUU, it appears that he was a part of a

27   group of persons who were entrapped by a federal "sting." His role was apparently to bring

28   obtain a car to be used by others and the tape which would be used by others to bind the hands of

the "victim." Of course, there were no real victims since the F.B.I. created the offense and invited those convicted to involve themselves. There is no evidence that the defendant planned or was intended to take any additional direct action in the matter.

## POINTS AND AUTHORITIES

### I.
### THE COURT IS AUTHORIZED TO DISMISS A DEFENDANT'S "STRIKE" PRIORS IN THE FURTHERANCE OF JUSTICE UNDER PENAL CODE SECTION 1385.

Penal code section 1385 authorizes this court's dismissal of priors.  Section 1385, subdivision (a) provides, in relevant part:

"(a) The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in the furtherance of justice, order an action to be dismissed."

The California Supreme Court in People v. Superior Court (Romero) (1996) 13 Cal.4th 497, held that trial courts may dismiss "strike" priors in the furtherance of justice under PC 1385. Under Romero, a court may dismiss "strike" priors under PC 1385 even though the prosecution objects, and does not move for the dismissal.  The Supreme Court made clear that a PC 1385 dismissal may occur "before, during or after trial, up to the time judgment is pronounced." Romero, supra, at 524.  Romero further held that this court must state in its minutes the detailed reasons for exercising its power under PC 1385.

### II.
### THIS COURT'S DISCRETION IS VERY BROAD AND WILL SELDOM BE ABUSED.

Three seminal cases have been issued by the California Supreme Court regarding abuse of discretion in Three Strikes cases.  All cases demonstrate the high degree of deference than an appellate court must give to a trial court's determination whether dismissal of "strike" priors is warranted.

**Romero:**

The Supreme Court in <u>Romero</u> stated that it is an abuse of discretion for a judge to dismiss a "strike" prior "solely to accommodate judicial convenience or because of court congestion;" or to dismiss "simply because a defendant pleads guilty;" or to dismiss "guided solely by a personal antipathy for the effect that the three strikes law would have on [a] defendant." <u>Romero,</u> supra, at 531. <u>Romero</u> emphasized that dismissals under PC 1385 will be improper unless the judge weighs "the defendant's background, the nature of his present offenses, and other individualized considerations." <u>Ibid.</u>

**Williams:**

The California Supreme Court in <u>People v. Williams</u> (1998) 17 Cal.4th148, held that in properly exercising its discretion under PC 1385,

> [T]he court in question must consider whether, in light of the nature of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [Three Strikes law's] spirit... <u>Williams,</u> supra, at 161.

<u>Williams</u> concluded that dismissing a "strike" prior and sentencing the defendant in its case to nine years in prison rather than 25-years-to-life was an abuse of discretion. The Court found that there was nothing favorable or mitigating about the defendant's current offense of felony drunk driving with multiple priors, and nothing favorable about his priors—an attempted robbery and a rape. <u>Williams</u> at 163.

The Court reviewed defendant's "background, character, and prospects," and also failed to find anything favorable: the defendant had committed four burglaries as a juvenile, and four felonies with eight misdemeanors as an adult, as well as countless probation and parole violations. <u>Ibid.</u> The Supreme Court viewed as particularly aggravating the fact that the defendant's last misdemeanor conviction had occurred only three months before the current

*360*

offense, and that it involved violence.

**Garcia:**

The Supreme Court in <u>People v. Garcia</u> (1999) 20 Cal.4th 490 held that a trial court did not

abuse its discretion in dismissing five "strike" priors with regard to one current count charging the

defendant with residential burglary.   The Court held that the trial court had properly found that

the defendant was outside the "spirit" of the Three Strikes law.  The Supreme Court cautioned

courts to not place undo emphasis on a defendant's prior record and recidivism:

> While a defendant's recidivist status is undeniably relevant, it is not singularly
> dispositive....the purpose of 'ensur[ing] longer prison sentences' in Three Strikes cases, while
> relevant to a court's exercise of its section 1385 discretion, does not 'predominate the trial
> court's exercise of [that] discretion,' which 'would be one step shy of declaring the Three
> Strikes law eliminates the court's [section 1385] discretion entirely.'" <u>Garcia</u>, supra, at 501,
> quoting <u>People v. Superior Court (Alvarez)</u> (1997) 14 Cal.4th.973, 979.

## III.
### THE COURT HAS ANY NUMBER OF FACTORS BEFORE IT WHICH CAN SUPPORT THIS COURT'S DISMISSAL OF THE PRIOR

Of significant and perhaps predominant consideration in determining whether to strike prior

convictions is the relatively minor nature of the present offense.  A defendant whose current offense

is not violent or life-threatening is obviously far less culpable than one whose current crime is more

serious.  As the Supreme Court held in <u>Garcia</u>, "A court might therefore be justified in striking prior

conviction allegations with respect to a relatively minor current felony, while considering those prior

convictions with respect to a serious or violent current felony."  (<u>Garcia</u>, <u>supra</u>, 20 Cal.4th 490, 499.)

Even when defendants have extensive records, the minor and non-aggravated nature of the current

offense is a powerful factor that can support dismissal of "strike" priors.  (See <u>In re Saldana</u> (1997)

57 Cal.App.4th 620; <u>People v. Bishop</u> (1997) 56 Cal.App.4th 1245.)

The Supreme Court in <u>Garcia</u> also approved the trial court's dismissal of priors based on

the following reasons: [i] "defendant's prior convictions all arose from a single period of aberrant

behavior for which he served a single prison term. [ii] Defendant cooperated with police, [iii] his

crimes were related to drug addiction, and [iv] his criminal history does not include any *actual*

1   violence." (Garcia, supra, 20 Cal.4th 490, 503, emphasis added)

2                                **CONCLUSION**

3

4        Mr. KHUU has been participating in the Choices program and is reported to be doing

5   well. He has tried to better himself. While he has been in the Choices program, expressed a

6   serious desire to be a better person for himself and his loved ones.   An appropriate sentence for

7   this defendant is not to warehouse him in state prison, but rather to strike the PC 1170.12(c )(1)

8   prior and place him in the Delancey Street program. Warehousing him in prison does not address

9   the real problem.  However, placing him in residential treatment will aid Mr. KHUU in

10  overcoming the dependency issues that are the underlying factor in his prior offenses.  In order to

11  do so, the court must exercise its discretion and strike Mr. Forrest's 1996 prior and allow him to

12

13  enter the Delancey Street.

14  Dated:  November 15, 2004                    Respectfully Submitted,

15

16

17                                              _____
                                                FRANK BELL
18                                              Attorney for Defendant
                                                HOA KHUU
19

20

21

22

23

24

25

26

27

28

362

PROOF OF SERVICE
BY HAND DELIVERY

I, FRANK BELL, declare and say:

On the date indicated below, I served the following

document(s):

**DEFENDANT'S MOTION TO STRIKE PRIOR**

by hand delivery by personal delivery of a true and correct copy

thereof to the office of Attorney for Plaintiff, to wit:

      **MARY ALLHISER**
      **Deputy District Attorney**
      **Office of District Attorney**
      **400 County Center, 3rd Floor**
      **Redwood City, CA 94063**

I declare under penalty of perjury that the foregoing is

true and correct.  Executed this 15th day of November, 2004 at

Redwood City, California.

```
J2411H1          SUPERIOR COURT - HALL OF JUSTICE & RECORDS      11/18/04
SAN MATEO CJIS          IN AND FOR THE COUNTY OF SAN MATEO          12:02
ORGANIZATION: SC
```

CASE NO. SC056446 A      DATE: 11/18/04      TIME: 09:00      DEPT.: 18

PEOPLE VS. HOA TRUNG KHUU

JUDGE:    JOHN G SCHWARTZ, JUDGE       CLERK:      FRANCOISE ESPINOZA
REPORTER: KATHY LEZCHUK                2ND CLERK:  NONE
D.A.:     GRANDSAERT                   DEFENSE CO: BELL

PROCEEDINGS: PROBATION REPORT AND SENTENCING
             COURT TRIAL - PRIOR CONVICTIONS

CHARGES: 1. PC 460(A)
         2. PC 664/460(A)
         3. PC 460(A)
         4. PC 496(A)
         5. PC 496(A) W/PC 1203(K) W/PC 1170.12(C)(1) W/PC 667(A)

DEFENDANT PRESENT IN CUSTODY.

THE EXHIBITS LISTED BELOW WERE PREVIOUSLY MARKED FOR
    IDENTIFICATION ON BEHALF OF THE PEOPLE AND ARE NOW
    ADMITTED:

EXHIBIT 29: CERTIFIED COPY OF JUDGMENT OF FEDERAL COURT
    CASE OF US V. KHUU

EXHIBIT 30: CERTIFIED COPY OF PLEA AGREEMENT IF FEDERAL
    COURT CASE OF US V. KHUU

EXHIBIT 31: CERTIFIED COPY OF JAIL PROPERTY SLIP AND
    DEFENDANT'S BOOKING PHOTO

THE COURT MAKES THE FOLLOWING FINDINGS AND/OR ORDERS:

ALLEGATION NO. 2 AS TO COUNT 5, TO WIT: FEDERAL COURT
    PRIOR PURSUANT TO PC 1170.12(C)(1), FOUND TRUE.

ALLEGATION NO. 3 AS TO COUNT 5, TO WIT: PRIOR PURSUANT
    TO PC 667(A), FOUND TRUE.

DEFENDANT'S ROMERO MOTION IS DENIED

PROBATION IS DENIED.

CASE NO. SC056446 A      DATE: 11/18/04      TIME: 09:00      DEPT.: 18
PEOPLE VS. HOA TRUNG KHUU

DEFENDANT IS COMMITTED TO THE DEPARTMENT OF CORRECTIONS
    AS FOLLOWS:

AS TO COUNT 1 VS. PC 460(A) IMPOSED THE MIDDLE TERM OF 4
    YEAR(S) 0 MONTH(S).

BASE TERM IS DOUBLED PURSUANT TO PC 1170.12(C)(1).

AS TO COUNT 2 VS. PC 664/460(A) IMPOSED ONE-THIRD THE
    MIDDLE TERM FOR A TERM OF 0 YEAR(S) 8 MONTH(S).

BASE TERM IS DOUBLED PURSUANT TO PC 1170.12(C)(1).

AS TO COUNT 3 VS. PC 460(A) IMPOSED ONE-THIRD THE MIDDLE
    TERM FOR A TERM OF 1 YEAR(S) 4 MONTH(S).

BASE TERM IS DOUBLED PURSUANT TO PC 1170.12(C)(1).

AS TO COUNT 4 VS. PC 496(A) IMPOSED ONE-THIRD THE MIDDLE
    TERM FOR A TERM OF 0 YEAR(S) 8 MONTH(S).

BASE TERM IS DOUBLED PURSUANT TO PC 1170.12(C)(1).

SENTENCE AS TO COUNT 4 STAYED/STRICKEN.  REASON: PC 654.

AS TO COUNT 5 VS. PC 496(A) IMPOSED ONE-THIRD THE MIDDLE
    TERM FOR A TERM OF 0 YEAR(S) 8 MONTH(S).

BASE TERM IS DOUBLED PURSUANT TO PC 1170.12(C)(1).

SENTENCE AS TO COUNT 5 STAYED/STRICKEN.  REASON: PC 654.

COUNT 2 TO BE SERVED CONSECUTIVE TO COUNT 1.

COUNT 3 TO BE SERVED CONSECUTIVE TO COUNT 1.

PLUS ENHANCEMENT TO WIT PRIOR NO. 3 AS TO COUNT 5
    PURSUANT TO PC 667(A) OF 5 YEAR(S) 0 MONTH(S).

DEFENDANT COMMITTED TO DEPARTMENT OF CORRECTIONS FOR THE
    TOTAL TERM OF 17 YEAR(S) 0 MONTH(S).

CREDIT FOR 254 ACTUAL DAYS SERVED, PLUS 127 DAYS GOOD
    TIME/WORK TIME PLUS 0 PROGRAM TIME FOR A TOTAL OF 381.

CASE NO. SC056446 A      DATE: 11/18/04      TIME: 09:00      DEPT.: 18
PEOPLE VS. HOA TRUNG KHUU

DEFENDANT REMANDED TO THE CUSTODY OF THE SHERIFF TO BE
    DELIVERED TO CALIFORNIA STATE PRISON, SAN QUENTIN.

DEFENDANT SHALL PAY A $10,000.00 FINE PURSUANT TO PC
    1202.45.  THIS FINE IS SUSPENDED PENDING COMPLETION OF
    PAROLE.

DEFENDANT SHALL PAY A $10,000.00 RESTITUTION FUND FINE
    AS MANDATED BY PENAL CODE SECTION 1202.4 PLUS 0 % OR
    $0.00 COLLECTION FEE.

COURT SECURITY SURCHARGE FEE OF $20.00 ORDERED PAID.

RESTITUTION IN THE AMOUNT OF $1,060 TO BE PAID TO THE
    VICTIMS SHARON AND/OR YOA CHI.

FINES TO BE COLLECTED THROUGH CDC FROM THE DEFENDANT'S
    EARNINGS IN STATE PRISON

FINE(S) TO BE COLLECTED BY THE DEPARTMENT OF CORRECTIONS

ALL ORIGINAL SENTENCE ELEMENTS FOR THIS PROCEEDINGS
    ENTERED.

ENTERED ON CJIS BY FRANCOISE ESPINOZA DATE 11/18/2004.

366

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN MATEO**

Dept. No. _18_

# EXHIBIT RECORD

Case No. SC056446A

White and Yellow—(Staple outside Envelope)
Pink—(Put in Court Case File)

Judge _Schwartz_ Clerk _Francoise Espinoza_

Plaintiff _People of The State of CA_ Defendant _Hoa Trong Khuu_

Plaintiff's Atty. _Jack Grandscet_ Defendant's Atty. _Frank Bell_

The following exhibits were introduced in evidence or marked for identification during Trial/Hearing of _11/18/04_
Date

| Number or Letter | Description of Exhibits | Ident. | Admit. | Withdrawn By: (Signature Receipt) | Date of Withdrawal |
|---|---|---|---|---|---|
| 29 | Certified Copy of Judgment of Federal Court US vs Trong Khuu | 11/18/04 | 11/18/04 | | |
| 30 | Plea Agreement on Case of Federal Court US vs Trong Khuu Certified Copy | 11/18/04 | 11/18/04 | | |
| 31 | Certified Copy of Δs property Record & booking photo | 11/18/04 | 11/18/04 | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Date Judgment Rendered _11/18/04_

Received by Exhibit Custodian _____ Date _____

2710-75

**ABSTRACT OF JUDGMENT – PRISON COMMITMENT - DETERMINATE**
*[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-290 ATTACHED]*

CR-290

367

**FILED**
**SAN MATEO COUNTY**

NOV 1 8 2004

Clerk of the Superior Court

By

DEPUTY CLERK

| | |
|---|---|
| ~~PERIOR~~ COURT OF CALIFORNIA, COUNTY OF: **SAN MATEO** | |

| | | | |
|---|---|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA vs. | DOB: **12-04-74** | **SC056446A** -A | |
| DEFENDANT: **HOA TRUNG KHUU** | | | |
| AKA: **Chey Rubin, Cheyenne Rubin, James Rowe....** | | -B | |
| CII#: **010782417** | | | |
| BOOKING #: **1105027** | ☐ NOT PRESENT **CMS** | -C | |
| COMMITMENT TO STATE PRISON | ☐ AMENDED ABSTRACT | -D | |
| ABSTRACT OF JUDGMENT | | | |

| DATE OF HEARING | DEPT. NO. | JUDGE | |
|---|---|---|---|
| **11-18-04** | **18** | | **JOHN G. SCHWARTZ** |

| CLERK | REPORTER | PROBATION NO. OR PROBATION OFFICER | |
|---|---|---|---|
| **FRANCOISE ESPINOZA** | **KATHY LEZCHUK** | **NONE PRESENT** | |

| COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | |
|---|---|---|
| **JACK GRANDSAERT** | **FRANK BELL** | ☒ APPTD. |

1. Defendant was convicted of the commission of the following felonies:
   ☐ Additional counts are listed on attachment
   ____ (number of pages attached)

| CNT. | CODE | SECTION NO. | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO./DATE/YEAR) | CONVICTED BY JURY | CONVICTED BY COURT | PLEA | TERM (I, I4, LI) | CONCURRENT | CONSECUTIVE 1/3 VIOLENT | CONSECUTIVE 1/3 NON-VIOLENT | CONSECUTIVE FULL TERM | INCOMPLETE SENTENCE | 654 STAY | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YRS. | MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 460(A) | BURGLARY 1ST DEGREE | 2004 | 09-08-04 | X | | | M | | | | | | | 8 | 0 |
| 2 | PC | 664/460(A) | ATTEMPTED BURGLARY | 2004 | 09-08-04 | X | | | | | | X | | | | 1 | 4 |
| 3 | PC | 460(A) | BURGLARY 1ST DEGREE | 2004 | 09-08-04 | X | | | | | | X | | | | 2 | 8 |
| 4 | PC | 496(A) | RECEIVING STOLEN PROPERTY | 2004 | 09-08-04 | X | | | | | | X | | | X | | |
| 5 | PC | 496(A) | RECEIVING STOLEN PROPERTY | 2004 | 09-08-04 | X | | | | | | X | | | X | | |

ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| CNT. | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTIONS OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL | |
|---|---|---|---|---|---|---|---|---|---|
| PC 667(A) | 5 | | | | | | | 5 | 0 |
| | | | | | | | | | |
| | | | | | | | | | |

4. ☒ Defendant was sentenced pursuant to PC 667 (b)-(i) or PC 1170.12 (two-strikes).

5. INCOMPLETED SENTENCE(S) CONSECUTIVE

| COUNTY | CASE NUMBER |
|---|---|
| | |
| | |
| | |

6. TOTAL TIME ON ATTACHED PAGES: [ ]

7. ☐ Additional indeterminate term (see CR-292).

8. TOTAL TIME EXCLUDING COUNTY JAIL TERM: **17** **0**

*This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used but must be referred to in this document.*

Page 1 of 2

Adopted for Mandatory Use
Judicial Council of California
CR-290 (Rev. January 1, 2003)

**ABSTRACT OF JUDGMENT -- PRISON COMMITMENT – DETERMINATE**
*[NOT VALID WITHOUT COMPLETED PAGE TWO OF CR-290 ATTACHED]*

Penal Code,
§§ 1213, 1213.5

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: HOA TRUNG KHUU

| SC056446A | -A | | -B | | -C | | -D |
|---|---|---|---|---|---|---|---|

9.   FINANCIAL OBLIGATIONS (including any applicable penalty assessments):

a.   Restitution Fine(s):

Case A: **$10000**     per PC 1202.4(b) forthwith per PC 2085.5;     **$10000**     per PC 1202.45 suspended unless parole is revoked.
Case B: $     per PC 1202.4(b) forthwith per PC 2085.5;     $     per PC 1202.45 suspended unless parole is revoked.
Case C: $     per PC 1202.4(b) forthwith per PC 2085.5;     $     per PC 1202.45 suspended unless parole is revoked.
Case D: $     per PC 1202.4(b) forthwith per PC 2085.5;     $     per PC 1202.45 suspended unless parole is revoked.

b.   Restitution per PC 1202.4(f):

Case A: **$1060**     ☐ Amount to be determined   to ☒ victim(s)*   ☐ Restitution Fund
Case B: $     ☐ Amount to be determined   to ☐ victim(s)*   ☐ Restitution Fund
Case C: $     ☐ Amount to be determined   to ☐ victim(s)*   ☐ Restitution Fund
Case D: $     ☐ Amount to be determined   to ☐ victim(s)*   ☐ Restitution Fund

         (*List victim name(s) if known and amount breakdown in item 11, below.)

c.   Fine(s):

Case A: $     per PC 1202.5. $     per VC 23550 or     days     ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS
Case B: $     per PC 1202.5. $     per VC 23550 or     days     ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS
Case C: $     per PC 1202.5. $     per VC 23550 or     days     ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS
Case D: $     per PC 1202.5. $     per VC 23550 or     days     ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS

d.   Lab Fee and Drug Program Fee:

Case A: Lab Fee: $     per HS 11372.5(a) for counts _____ .     ☐ Drug Program Fee of $150 per HS 11372.7(a).
Case B: Lab Fee: $     per HS 11372.5(a) for counts _____ .     ☐ Drug Program Fee of $150 per HS 11372.7(a).
Case C: Lab Fee: $     per HS 11372.5(a) for counts _____ .     ☐ Drug Program Fee of $150 per HS 11372.7(a).
Case D: Lab Fee: $     per HS 11372.5(a) for counts _____ .     ☐ Drug Program Fee of $150 per HS 11372.7(a).

10.  TESTING
     a.   ☐ AIDS pursuant to PC 1202.1     b. ☐ DNA pursuant to PC 296     c. ☒ other (specify):

11.  Other orders (specify):
     STATED IN ITEM 9B, DEFENDANT IS ORDERED TO PAY RESTITUTION TO VICTIMS SHARON AND YOA CHI. (AMOUNT AS INDICATED)
     ENDANT IS ORDERED TO PAY A $20 COURT SECURITY FEE.  ALL FINES AND RESTITUTION ARE ORDERED COLLECTED BY THE DEPARTMENT
OF CORRECTIONS FROM THE DEFENDANT'S EARNINGS IN STATE PRISON.

12.  EXECUTION OF SENTENCE IMPOSED
     a. ☒ at initial sentencing hearing.
     b. ☐ at resentencing per decision on appeal.
     c. ☐ after revocation of probation.
     d. ☐ at resentencing per recall of
           commitment.  (PC 1170(d).)
     e. ☐ other (specify):

13.  CREDIT FOR TIME SERVED

| CASE | TOTAL CREDITS | ACTUAL | LOCAL CONDUCT | |
|---|---|---|---|---|
| A | **381** | **254** | **127** | ☒ 4019 ☐ 2933.1 |
| B | | | | ☐ 4019 ☐ 2933.1 |
| C | | | | ☐ 4019 ☐ 2933.1 |
| D | | | | ☐ 4019 ☐ 2933.1 |

| Date Sentence Pronounced: | Time Served in State Institution: | | |
|---|---|---|---|
| **11-18-04** | DMH [  ] | CDC [☒] | CRC [  ] |

14.  The defendant is remanded to the custody of the sheriff ☒ forthwith     ☐ after 48 hours excluding Saturdays, Sundays, and holidays.
     To be delivered to     ☒ the reception center designated by the director of the California Department of Corrections.
                            ☐ other (specify):

CLERK OF THE COURT

hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | DATE |
|---|---|
| FRANCOISE ESPINOZA | **11-18-04** |

CR-290 (Rev. January 1, 2003)     ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE     Page 2 of 2

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

**FILED**
**SAN MATEO COUNTY**

NOV 1 0 2004

Clerk of the Superior Court

By _____
DEPUTY CLERK

|  |  |
|---|---|
| The People of the State of California, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| HOA TRUNG KHUU | ) |
| AKA: Chey Rubin; Cheyenne Rubin; | ) |
| James Rowe; Trunh Hoa Khuu | ) |
| DOB: December 4, 1974  (Age: 29) | ) |
| | ) |
| Defendant. | ) |

CMS

Court Number SC056446A
Department 18
November 18, 2004 – 9:00 a.m.

### PROBATION OFFICER'S REPORT AND RECOMMENDATION
### TO THE ABOVE-ENTITLED HONORABLE COURT

ATTORNEY FOR THE PEOPLE:  Mary Allhiser

ATTORNEY FOR THE DEFENSE:  Frank Bell (appointed)

OFFENSE:  Count 1: Violation of Section 460(a) of the Penal Code
(Felony – Burglary, First Degree);
Count 2: Violation of Section 664/460(a) of the Penal Code
(Felony – Attempted Burglary, First Degree);
Count 3: Violation of Section 460(a) of the Penal Code
(Felony – Burglary, First Degree);
Count 4: Violation of Section 496(a) of the Penal Code
(Felony – Receiving Stolen Property);
Count 5: Violation of Section 496(a) of the Penal Code
(Felony – Receiving Stolen Property)

DATE:  March 10, 2004 (all counts)

ARRESTED:  March 10, 2004

CUSTODY:  In custody since arrest (254 days, plus 38 days good time/work time; TOTAL ~~292 days~~)

GUILTY BY:  Jury verdict on September 8, 2004

☑ Court    ☐ Def.Atty.    ☐ D.A.    ☐ S.O./Commitment    ☐ File    ☐ Prob.Sup.Crt.Ofcr.

370

HOA TRUNG KHUU                                                Court Number SC056446A
AKA: Chey Rubin; Cheyenne Rubin; et. al.

<h2 style="text-align:center">R E C O M M E N D A T I O N</h2>

It is respectfully recommended that the defendant's motion for probation be denied and he be committed to the Department of Corrections.

Pay a $200.00 restitution fine, plus a 10% collection fee, pursuant to Section 1202.4 of the Penal Code, payable through the Department of Corrections.

Pay a $200.00 fine pursuant to Section 1202.45 of the Penal Code, stayed pending successful completion of parole.

Pay a Court Security Fee of $20.00, payable through the Department of Corrections.

Submit to genetic marking pursuant to Section 296 of the Penal Code.

## BASE TERM RANGE

| | |
|---|---|
| 460(a) PC | 2 – 4 – 6 years |
| 664/460(a) PC | 1 – 2 – 3 years |
| 496(a) PC | 16 months – 2 – 3 years   654 |

## ENHANCEMENTS (CHARGED AND PROVED)

None        667 (a)  + 5 years.

## CHARGE AND PLEA STATUS

| | |
|---|---|
| Original charges: | Counts 1 & 3: 460(a) PC; |
| | Count 2: 664/460(a) PC; |
| | Count 4: 496(a) PC; |
| | Count 5: 496(a) PC with special allegations per 1203(k) PC, 1170.12(c)(1) PC and 667(a) PC |
| Pled/Convicted: | Counts 1, 2 3, 4 & 5 |
| Dismissed/Under submission: | Special allegations set for court trial on November 18, 2004 |
| Plea limitations: | Not applicable |

HOA TRUNG KHUU                                          Court Number SC056446A
AKA: Chey Rubin; Cheyenne Rubin; et. al.


## EVALUATION

Hoa Khuu is appearing for sentencing having been found guilty of several counts of burglary and of receiving stolen property. He is currently in violation of federal supervised release following a conviction of conspiracy to obstruct and conspiracy to use a firearm to commit a felony in 1996. He had absconded from this supervision since 1998.

Mr. Khuu is 29 years old. He is unmarried and has not worked in several years. He has some high school education. Mr. Khuu has a history of problematic alcohol use and has abused cocaine, methamphetamine and ecstasy. He has never been in residential treatment. For the last couple of months, the defendant has been participating in Choices. He has applied and been accepted to the Delancey Street Foundation.

In the present matter, the defendant and a second individual targeted homes in Foster City. They had created a list of houses and were slowly making their way through the list. When they reached one home, the victim was present and subsequently notified the police. After attempting to run from officers, the defendant was eventually taken into custody. During a search of the car, a significant amount of stolen property was found.

During his interview with this officer, the defendant had been strictly instructed not to discuss the present matter or his past offenses. He revealed he was to discuss his motivation to change his life and his past controlled substance involvement. Given this, it was difficult to discern the defendant's remorse or true motivations.

The defendant does not appear to be a suitable candidate for supervised probation at this time. The defendant was an active participant in the crime and the manner in which it was conducted reveals sophistication and professionalism. The defendant's prior record reveals a pattern of serious behavior and his past performance on supervision was unsatisfactory. Further, he expressed no remorse for his actions. (Rules of Court 4.414)

Pursuant to Rules of Court 4.421, circumstances in aggravation include the sophistication and professionalism of the crime, the attempted taking of property which has great monetary value. The defendant has engaged in conduct which is a serious danger to society, he has served a prior prison term, was on supervision at the time he committed the present matter and is in violation of that grant of supervision.

Pursuant to Rules of Court 4.423, there do not appear to be any mitigating factors.

- - - - - - - - - - - - - - - - - - -

HOA TRUNG KHUU                                                     Court Number SC056446A
AKA: Chey Rubin; Cheyenne Rubin; et. al.

## S O C I A L   F A C T O R S

(Source:      Defendant's Statement, Police Reports)

### FAMILY BACKGROUND

Hoa Trung Khuu was born on December 4, 1974, in Saigon, Vietnam. He is the second of five boys born to My Khuu Sung and K. Thai Phat. His parents have little education and are employed delivering newspapers and as a school cook. The family moved to the United States when the defendant was 11 years old. The defendant revealed a significant amount of physical abuse from his father and uncles. He stated this was largely due to cultural norms. He recalled instances in Vietnam in which he was tied to the top of an anthill or hit with bamboo sticks. When the family moved to the United States, the abuse lessened. The defendant said at one point, he began to fight back.

The defendant's family lived in San Francisco before they moved to Oakland for a short period of time. The family was unhappy there however, and quickly returned to San Francisco. When the defendant reached high school age, he began to get involved with older peers and his criminality began.

### EDUCATION

The defendant attended public schools in Oakland partway through the tenth grade before he dropped out. He stated he attained poor grades and had unsatisfactory attendance. He is currently working on completing his GED.

### EMPLOYMENT

The defendant has a minimal employment history. He first worked in 1998 delivering mail for a shipping company. He earned approximately $150.00 a week. He stayed at this job for one year. In 1999, he went to work for an auto body center where he worked for one year. At this position, he was earning $750.00 a week. He has not been employed since the year 2000, but admitted he would sometimes work for friends who would pay him in cash.

### MARITAL

The defendant is unmarried and has not fathered any children.

### HEALTH

The defendant appeared to be in good health. He reported that he has never suffered from any diseases nor taken any medication.

4

HOA TRUNG KHUU                                                    Court Number SC056446A
AKA: Chey Rubin; Cheyenne Rubin; et. al.

## SUBSTANCE ABUSE/TREATMENT HISTORY

The defendant has been participating in the Choices Program for the past two months. He has been accepted to the Delancey Street Foundation and is desirous of attending. He has not been in a residential treatment program in the past.

The defendant first consumed alcohol when he was 13 years old. He stated that he would drink approximately once a week, and frequently experienced periods of blacking out from intoxication. At 14 years old, he began to smoke marijuana. He maintained that he does not like it and only uses it once every few months. When he was around 15, he tried cocaine for the first time. He was soon smoking it every day, but this use only continued for about two years. In more recent years, the defendant has been using what he believes is methamphetamine. He has been inhaling the drug in addition to taking ecstasy almost every day.

## MILITARY

The defendant has not served in any branch of the armed forces.

## PRIOR OFFENSES

CII records reveal the following:

| Date | Location | Charge | Disposition |
|------|----------|--------|-------------|
| 7/7/94 | FBI | Ct.1 – Consp.to Obstr.; Ct.2 – Consp.to Use Firearm to Commit Felony | 11/12/96: Crt.#CR940350; 53 mos.prison, foll'd by 3 yrs. supv.rls. 5/11/98: Supv.rlsd.; no bail warrant; prob.viol. |

## PRESENT OFFENSE

Records of the Foster City Police Department reveal the following:

On March 10, 2004, the victim called 911 after two individuals had attempted to break into the rear door of his house. The victim reported that his doorbell had rung repeatedly, which he ignored. Several minutes later, he heard the suspects breaking in. He yelled at them and called the police. The victim provided a description of the individuals to the police.

While responding to the address, an officer observed two individuals driving a Range Rover. They matched the description provided by the victim. The officer attempted to conduct a vehicle stop, however, they fled from the

5

HOA TRUNG KHUU                                                    Court Number SC056446A
AKA: Chey Rubin; Cheyenne Rubin; et. al.

area. At one point, the car came to a halt and the two individuals fled on foot. The defendant ultimately jumped into the Foster City lagoon and began to swim away. He later returned to shore, telling officers to go ahead and shoot him. He fled once again and was later detained as he tried to hide underneath a boat cover.

The defendant initially provided his brother's identification before correcting himself. He did not provide a post-Miranda statement. He was booked into the county jail without further incident. The second suspect was also arrested and booked into the county jail.

A search of the involved vehicle revealed an excess of stolen property from two prior burglaries and a large screwdriver.

## DEFENDANT'S STATEMENT CONCERNING THE PRESENT OFFENSE

The defendant did not submit a statement concerning his conviction per the advice of his attorney.

## VICTIM IMPACT STATEMENT/RESTITUTION

Each of the three victims in this matter were sent departmental restitution letters and contacted by telephone.

Victim Tommy Hui stated that there was some damage caused to the frame of the sliding glass door, but that his landlord had easily repaired it without charge. Mr. Hui stated that he was initially very angry about the incident and was very concerned about the safety of his community. He expressed the hope that the defendant has learned his lesson and has figured out other ways to contribute to the community.

Victims George and Pamela Hung stated that they received all items back and have no claim for restitution. It is their belief that the defendant deserves as much custody time as the law allows. They believe he is a serious threat to the community.

Victims Yao and Sharon Chi have no claim for restitution and did not submit a statement.

## ABILITY TO PAY

The defendant is currently in custody with no source of income. He has been supported by his family and his girlfriend for the past four years. He has not had an independent source of income since 2000. It appears very unlikely that the defendant will have the ability to pay any restitution in this case.

## INTERESTED PARTIES

The defendant has been accepted to the Delancey Street Foundation. His acceptance letter has been attached to this report.

HOA TRUNG KHUU                                                    Court Number SC056446A
AKA: Chey Rubin; Cheyenne Rubin; et. al.


MISCELLANEOUS

1) Records of the California Department of Motor Vehicles reveal the defendant's driver's license, number
B3071476 has expired.  No outstanding failures to appear, departmental actions or convictions are noted.

2) The defendant has a no bail foreign warrant hold from the United States Marshals, reference number
W840519765.

FINANCIAL

The defendant did not disclose any financial information.

PROBATION/PAROLE PERFORMANCE

The Adult Probation Department has not previously supervised the defendant.  His adult record shows that he
was placed on federal supervision following a conviction on November 12, 1996.  A violation is noted on May
11, 1998.  The defendant remains in violation and admitted that he absconded from this supervision.


Respectfully submitted,


By _____
   ANNA K. MILLER
   Deputy Probation Officer

Approved,


By _____
   CINDY L. PERRY
   Probation Services Manager I

AKM:nts
File #121627


7

To the Honorable Judge Schwartz;

Your honor, I humble myself before the court today in respect for your intelligence and fair judgement, as the court is already aware of my case before you. This letter is not an expose of excuse, but rather, a plea for help and guidance

I came to the United States of America as an eleven year old Refugee along with five other siblings, and my mother and father from the oppressed, war-torn country of Viet Nam in 1985.

The challenges faced by my family upon arrival here in America where overwhelming. a strange culture with customs and traditions foreign to what I had know prior to coming here, did not make the transition any easier.

My parents had to struggle in a foreign land to find work and take care of six children. This was not easy considering the expense of raising a family in America without the formal America education and job skill that are necessary to succeed in this country. Both my parents had to work and rely on Government services such

377

as welfare to provide food and shelter for all of us. we were basically a low income family trying to survive in the land of the promised, America.

Besides economic difficulties afflicting my family, there were other dynamics adverse to our transition. adjusting to school and relating to other Americans kids proved to be troublesome. the english language was a big challange, everything in this country was an obstacle for my family and myself, because we didn't necessarily have the support network needed, to keep our family together.

Our family structure fell apart with the death of one of my brothers, both my parents spending time working and not being there to carry out the needed supervision of five rumbustious kids, because the economy made it necessary for them to work more so we could eat. therefore, we were pretty much allowed to run as we wished unfortunately.

Eventually, this led to poor decision such as falling into the wrong crowd, finding acceptance in a strange land any way we could, and finding ways to escape the pain of our struggle with drugs, alcohol and high risk behavior

I began experimenting with alcohol and drugs at the age of 13 years old. I hadn't liked the way life was going though, I didn't know this then. I picked the wrong people to hang around with, and found acceptance and relief the wrong way.

As the years passed on I was introduced to cocaine at the age of 16, and the next thing I knew, I was addicted to this drug.

During the cause of my life, drug abuse had been prevalent and mostly the cause of aberrant behavior. My family meaning some of my brothers, also had their share of becoming addicted to drugs. Subsequently, family unity fell apart and disappeared, and members of my family all went their own separate ways.

Since my coming to Choices, I have learned some of the reasons why my life got screwed up trouble is, that during my addiction, I was helpless in that I didn't know how to ask for help. I lacked the essential skills needed to become drug free, and to face issues long suppressed over the years because of my need to self medicate myself in order to cope with life.

While I've been here at choices, I've come to reason that I can change my life,

but that I need help in doing so. denial
has been a big obstacle because of drugs and because
of the fact that I didn't have the support to
help me recover.

I have finally found a way to become
a better person in life through choices, and have
finally found hope. I am desperate to change
and be happy because living the life I have
been has only been an illusion. I wasn't
happy, I was really miserable and didn't know
this because I was high all the time.

I have been accepted to Delancy street
foundation and humbly ask for your help to
get me there, without treatment, changing
myself and my life, is going to be even more
difficult for me.

With heart felt sincerety,

Khristopher

380

CR-120

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

HOA KHUU, In Propria Persona
Maguire Facility, San Mateo County Jail
300 Bradford Street
Redwood City, CA  94063

TELEPHONE NO.:          FAX NO.:

ATTORNEY FOR *(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

**PEOPLE OF THE STATE OF CALIFORNIA**

vs.

DEFENDANT: HOA KHUU

Date of birth: __12/4/1974__   California Dept. of Corrections No. *(if applicable)*: _____

**F I L E D**
SAN MATEO COUNTY

NOV 1 9 2004

Clerk of the Superior Court

By _____
     DEPUTY CLERK

**NOTICE OF APPEAL—FELONY (DEFENDANT)**
**(Pen. Code, §§ 1237, 1538.5(m); Cal. Rules of Court, rule 31(d))**

CASE NUMBER(S):

SC56446

## NOTICE

- If your appeal challenges the validity of the plea you must complete the *Request for Certificate of Probable Cause* on the other side of this form. (Pen. Code, § 1237.5.)
- You must file this form in the superior court within 60 days after entry of judgment.

1. Defendant *(name)*: HOA KHUU
   appeals from the order or judgment entered on *(specify date of order, judgment, or sentence)*: November 18, 2004

2. This appeal follows:

   a. ☑ A jury or court trial. (Pen. Code, § 1237(a).)

   b. ☐ A contested violation of probation. (Pen. Code, § 1237(b).)

   c. ☐ A guilty (or no-contest) plea or an admitted probation violation *(check all boxes that apply)*:

      (1) ☐ This appeal is based on the sentence or other matters occurring after the plea. (Cal. Rules of Court, rule 31(d).)

      (2) ☐ This appeal is based on the denial of a motion to suppress evidence under Penal Code section 1538.5.

      (3) ☐ This appeal challenges the validity of the plea or admission. *(You must complete the* Request for Certificate of Probable Cause *on the other side of this form.)*

   d. ☐ Other *(specify)*:

3. ☑ I request that the court appoint an attorney on appeal.   Defendant ☐ was  ☑ was not represented by an appointed attorney in the superior court.

4. Defendant's address: ☐ same as in attorney box above.
                         ☑ as follows:
                         300 Bradford Street, Redwood City, CA  94063

Date: November 18, 2004

_____            ▶ _____
HOA KHUU                                 (SIGNATURE OF DEFENDANT OR ATTORNEY)
(TYPE OR PRINT NAME)

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
CR-120 [Rev. January 1, 2002]

**NOTICE OF APPEAL—FELONY (DEFENDANT)**
**(Criminal)**

Penal Code, §§ 1237, 1538.5(m);
Cal. Rules of Court, rule 31(d)

*www.accesslaw.com*

381

HOA KHUU, in Propria Persona
Maguire Facility
San Mateo County Jail
300 Bradford Street
Redwood City, CA 94063

SW3

FILED
SAN MATEO COUNTY

NOV 1 9 2004

Clerk of the Superior Court
By _____
DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

PEOPLE OF THE STATE OF CALIFORNIA,

                Plaintiff,      No. SC56446

vs.                            APPLICATION FOR APPOINTED

HOA KHUU,                COUNSEL ON APPEAL

                Defendant.

_____/

TO THE ABOVE-ENTITLED COURT:

    HOA KHUU applies for appointment of counsel on appeal as
provided in Penal Code section 1240.1(b), and in support of this
motion respectfully submits a declaration of current financial
condition which is attached hereto.

Date: November 19, 2004     _____
                            HOA KHUU

382

## FINANCIAL DECLARATION

I, HOA KHUU, declare that I have no means of retaining an attorney to represent me, and that I have no income or assets except as follows: None

I declare, under penalty of perjury, that the foregoing is true and correct. Executed on November 19, 2004 at Redwood City, California.

HOA KHUU

Due: **JANUARY 7, 2005**

**FILED**
SAN MATEO COUNTY

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF SAN MATEO

SW3

NOV 2 2 2004

Clerk of the Superior Court

By _Prinscella_

DEPUTY CLERK

THE PEOPLE OF THE STATE OF CALIFORNIA
PLAINTIFF/RESPONDENT

VS.                                                    SC056446 A

HOA TRUNG KHUU,
DEFENDANT/APPELLANT                     Notice of Filing of Appeal

Notice is hereby given that a NOTICE OF APPEAL was filed in the action listed above on November 19, 2004, from the judgment and sentence rendered on November 18, 2004.

Clerk's transcript to be prepared by the Superior Court.

Reporter's transcript to be prepared by:

Kathy Lezchuk #2302:         (except jury voir dire) August 30 and 31, 2004; September 1, 2, 3, 7, and 8, 2004; and November 18, 2004

Dated: November 22, 2004                          PEGGY THOMPSON
                                         Clerk of the Superior & Municipal Court

                                              By: Prinscella Alvarez
                                         Deputy Court Clerk – Appeals Unit

I declared under penalty of perjury that on the above stated date, I deposited in the United States Post Office mail box at Redwood City, California, a true copy of the above notice, enclosed with the proper and necessary postage prepaid, and addressed to the Court of Appeal, First Appellate District 350 McAllister Street, San Francisco, California 94102.

James Fox, District Attorney, Hall of Justice and Records/Hand Delivered.
Cecilia Wong, Court Reporter Coordinator, Hall of Justice and Records/Hand Delivered.
Kathy Lezchuk #2302; Hall of Justice and Records/Hand Delivered.

Executed on the date stated above at Redwood City, California.

                                                PEGGY THOMPSON
                                         Clerk of the Superior & Municipal Court

                                              By: Prinscella Alvarez
                                         Deputy Court Clerk – Appeals Unit

STATE OF CALIFORNIA     }

                        }   SS.

COUNTY OF SAN MATEO  }

I, PEGGY THOMPSON, Clerk of the Superior and Municipal Courts,

For the County of San Mateo, State of California, do hereby certify

that I have compared the papers and documents constituting the

foregoing Clerk's Transcript with the original papers and documents

in the files in my office in the certain action brought pending in

said Superior Court, numbered _____ **SC056446 A** _____ said files,

And that the same are full, true and correct copies of the originals

on file in my office in said action including appellant's Notice of

Appeal.

    **WITNESS** my hand and seal of said Superior Court this day

**10th of January, 2005**

                                   **PEGGY THOMPSON,**
                                   **CLERK OF THE SUPERIOR AND**
                                   **MUNICIPAL COURTS**
                                   **OF SAN MATEO COUNTY**



                                 **BY**_____**PRINSCELLA ALVAREZ**_____
                                         **DEPUTY CLERK**