1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  CHRISTOPHER J. WEI, State Bar No. 78958
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5867
    Fax:  (415) 703-1234
8   Email:  Christopher.Wei@doj.ca.gov

9  Attorneys for Respondent

10

11            IN THE UNITED STATES DISTRICT COURT

12        FOR THE NORTHERN DISTRICT OF CALIFORNIA

13               SAN FRANCISCO DIVISION

14

**HOA TRUNG KHUU,**                      C 07-6351 SI (pr)

15                          Petitioner,    **EXHIBIT 1 (part 5)**

16       v.

17  **JOHN TILTON, CDCR Secretary,**

18                          Respondent.

19

20

21

22

23

24

25

26

27

28

Exhibit 1 (part 5)                              Khuu v. Tilton
                                                C 07-6351 SI (pr)

# EXHIBIT 1 (part 5)

## COURT OF APPEALS, STATE OF CALIFORNIA
## FIRST APPELLATE DISTRICT

THE PEOPLE OF THE STATE OF }
CALIFORNIA }
    Plaintiffs/Respondents }
                            }     Superior Court No. SC056446 A

VS. }
                         }

HOA TRUNG KHUU, }
    Defendant/Appellant, }
                         }

---

### CLERK'S TRANSCRIPT ON APPEAL FROM THE JUDGEMENT OF THE SUPERIOR COURT, STATE OF CALIFORNIA, COUNTY OF SAN MATEO

HONORABLE **John G. Schwartz**, JUDGE

NOTICE OF APPEAL FILED **November 19, 2004**

<u>APPEARANCES</u>

FOR <u>PLAINTIFFS/RESPONDENTS</u>

                                      BILL LOCKYER
                                      ATTORNEY GENERAL
                                      STATE OF CALIFORNIA
                                      455 GOLDEN GATE AVE.
                                        SUITE 11000
                                        SAN FRANCISCO, CA 94102

FOR <u>DEFENDANT/APPELLANT</u>

                                      CATHERINE WHITE
                                        ATTORNEY AT LAW
                                        2088 UNION STREET
                                        SUITE 3
                                        SAN FRANCISCO, CA 94123

AUGMENTATION VOLUME 1 OF 1
Pages 1 Through 32

## CHRONOLOGICAL INDEX

EXHIBIT 29 .......................................... 1

EXHIBIT 30 .......................................... 17

001

Peops)
Pltfs)          EXHIBIT NO. _29_
Defts)
Petrs)
Respd)
Court)
Case No. _SC056446A_

Date: _11/18/04_
Clerk of the Superior Court
By _Françoise Espinoza_
Deputy Clerk

ID☒                    Admitted☐

002

I hereby certify that the annexed
instrument is a true and correct copy
of the original on file in my office.
ATTEST:
    RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By _____
                    Deputy Clerk
Date _____

FILED
Nov 12  7 54 AM '96
RICHARD W. WIEKING
U.S. DISTRICT COURT
NO DIST OF CA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR-94-0350 MHP |
| Plaintiff, | JUDGMENT |
| -vs.- | |
| TRUNG HOA KHUU, | **Defendant's Attorney:** Martin Selby |
| Defendant. | **Assistant U.S. Attorney:** Barbara Silano |

SEALED BY ORDER
OF COURT

SEALED
BY COURT ORDER

003

FILED
Nov 12  7 54 AM '96
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST OF CA

United States I   rict Court
For the Northern Dist...t of California

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8

NORTHERN DISTRICT OF CALIFORNIA

9
10   UNITED STATES OF AMERICA,        )   NO. CR-94-0350 MHP
                                      )
11              Plaintiff,            )   **JUDGMENT**
                                      )
12          -vs.-                     )
                                      )   **Defendant's Attorney:**
13   TRUNG HOA KHUU,                  )   Martin Selby
                                      )
14              Defendant.            )   **Assistant U.S. Attorney:**
     ─────────────────────────────── )   Barbara Silano
15
16
17        The defendant (has entered a plea of guilty) (~~has been~~
18   ~~found guilty by verdict/finding~~) of count(s) /+2  of the
     _Superseding_
19   ∧ (Indictment) (~~Information~~) Defendant has acknowledged that
20   she/he has fully read and is familiar with the Presentence
21   Investigation Report.  Defendant was afforded his right of
22   allocution.    The attorneys for the defendant and the
23   government state there is no legal cause why the defendant
24   should not be sentenced.
25        This court has reviewed the Presentence Investigation
26   Report   and   Recommendation,   reviewed   the   applicable
27   Guidelines,  considered  the  written  (if  any)  and  oral
28

arguments of counsel and the allocution statement of defendant.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature Of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C., §§ 2 and 1951 | Aiding and Abetting Conspiracy to Obstruct | 7/7/94 | 1 |
| 18 U.S.C., § 317 | Conspiracy to Use a Firearm to Commit a Felony | 7/7/94 | 2 |

The defendant is sentenced as provided in pages 2 through ~~12~~ 13 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

~~(The defendant has been found not guilty on count(s) _____ and is discharged as to such count(s).)~~

All remaining counts, if any, are dismissed on the motion of the United States.

IT IS ORDERED that the appearance bond filed herein, if any, shall be exonerated.

IT IS ORDERED that the appearance bond filed herein is hereby exonerated upon confirmation of the surrender of the defendant.

**Defendant's Soc. Sec. Number:** 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

**Defendant's Date of Birth:** 12/4/74

**Defendant's Mailing Address:** U.S. Marshal's Service

2

**Defendant's Residence Address:**    Same as above

**Date of Imposition of Sentence:**    10/15/96

### APPLICABLE GUIDELINE RANGE

The court finds that the applicable guideline range is (correctly stated) (modified as explained below from the range set forth) in the Presentence Investigation Report and is:

Cts. 1 & 2:    ~~100-125~~    *72-96*    months of imprisonment,

Cts. 1 & 2:    2-3    years of supervised release,

Cts. 1 & 2:    ~~$12,500-125,000~~    *10,000 - 100,000*    fine

                            other.

*See below*

_____

_____

_____

_____

### STATEMENT OF REASONS

The parties have had an opportunity to review and object to the factual findings and guideline application in the presentence report. The court has considered the objections, if any, and adopts the findings and guideline application except as follows:

3

*The court finds that the nature of defendant's prior offenses and the fact he was a juvenile at the time of those convictions overrepresents his criminal conduct and the criminal history category is reduced to a level III. The court denies defendant's motion to modify the role in the offense and acceptance of responsibility for the reasons stated on the record in the court's bench order.*

The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

*Sentence imposed at the low end of the range in view of defendant's age*

The sentence departs ~~(upward)~~ (downward) from the guideline range for the following reason(s):

*Pursuant to the government's motion under USSG §5K1.1 for defendant's cooperation, the sentence is reduced by 24 months.*

4

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of _53 months. The court recommends defendant receive credit for time served._

The court makes the following recommendation to the Bureau of Prisons: _An appropriate level facility, a close to defendant's place of residence as possible. The court also recommends that Bureau of Prisons investigate whether defendant is eligible based for the remainder ✝_

~~The defendant shall surrender for service of sentence at~~ the institution designated by the Bureau of Prisons before 2:00 p.m. on _____ (as notified by the United ~~States Marshal.)~~

(The defendant is remanded to the custody of the United States Marshal.)

~~(The defendant shall surrender to the United States Marshal for this district at _____ m. on _____.~~

✝ _of his sentence (approximately 24 months) for the shock incarceration program under 85 F1.7,_

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on a supervised release term of _3_ years subject to the terms and conditions set forth on pages 7-10 of this Judgment and any additional conditions specified below.

The defendant shall report in person the probation office in the district to which the defendant is released

within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

The defendant shall comply with the following additional conditions: *Shall not associate with persons involved in criminal activity, including "gangs" or his co-defendants.*

PROBATION

The defendant is hereby placed on probation for a term of _____ subject to the terms and conditions set forth on pages 7-10 of this Judgment and any additional conditions specified below.

The defendant shall comply with the following additional conditions:

United States District Court
For the Northern District of California

## STANDARD CONDITIONS OF ~~PROBATION/~~SUPERVISION

While defendant is on ~~probation or~~ supervised release pursuant to this Judgment, the defendant shall not commit another federal, state or local crime.  In addition:

1)    The defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family obligations;

5)    the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

6)    the defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

7

United States District Court
For the Northern District of California

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity, persons who possess, distribute or traffic in narcotics or other controlled substances, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours (72) of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

8

14)  *if the Probation Officer determines defendant is doing drugs the* defendant ~~shall~~ participate in a drug treatment *may require the* program approved by the probation officer and on such terms and conditions as are required by the officer, including residential treatment if deemed necessary by the probation officer.

15)  defendant shall submit to drug or alcohol detection tests as required by the probation officer;

16)  in addition to or instead of the requirement in paragraph 15), defendant shall submit to at least one drug test within fifteen (15) days of release on probation or supervised release and at least 2 drug tests thereafter as set and reuqired by the probation officer in accordance with 18 U.S.C. § 3563(a)(4) or § 3583(d);

17)  defendant shall submit her/his person, residence, *but not limited to* vehicle or other property to a search for drugs or other *such as computer chips and  weapons* contraband, upon reasonable request by the probation officer;

18)  defendant shall participate in such mental health treatment program(s) as the probation officer may require;

19)  defendant shall not possess, own, or use any firearm or deadly or dangerous weapon and shall submit her/his person, residence, vehicle or other property to a search for same upon reasonable request by the probation officer;

20)  defendant shall submit to the probation officer any and all financial information, including but not limited to

9

United States I    rict Court
For the Northern District of California

books, records, tax returns, bank account records, credit and loan account records, and financial statements, required by the officer at such times and on such conditions as are set by the officer.

These conditions are in addition to any other conditions imposed by this Judgment.

## FINE

The defendant shall pay a fine of $ _none_ . The fine includes any costs of incarceration and/or supervision.

The amount is the total of the fines imposed on individual counts, as follows: _____

_____

_____

This fine plus any interest required shall be paid:

In full immediately.

In full not later than _____.

In equal monthly installments over a period of _____ months. The first payment is due on the date of this judgment. Subsequent payments are due monthly thereafter.

In installments according to the following schedule of payments:

1. During the period of incarceration, as determined by the Bureau of Prisons, under the Inmate Financial Responsibility Program.

2.    During the period of supervised release, any balance that remains unpaid, at the direction of the Probation Office.

3.    Defendant's obligation to pay this fine will continue even after supervised release is completed.

The court has determined that the defendant does not have the ability to pay interest. It is ordered that:

1.    The interest requirement is waived.

2.    The interest requirement is modified as follows:

_____

_____

_____

If the fine is not paid, the court may sentence the defendant to any sentence which might have been imposed originally. See 18 U.S.C. § 3614.

The fine shall be paid in the following manner:

_____

_____

_____

OR

The court finds that the imposition of a fine is not consistent with the purposes of the sentencing guidelines and

will not serve any purposes of the guidelines. Therefore, a fine is not imposed.

11

United States District Court
For the Northern District of California

1
2                                    ~~OR~~
3          The court finds that the defendant does not have the
4    ability to pay a fine, costs of incarceration or supervision,
5    and, therefore, no fine or costs are imposed.
6
7                              **RESTITUTION**
8          The defendant shall pay restitution to the following
9    persons in the following amounts:
10   **Name of Payee**                   **Amount of Restitution**
11   None
12
13
14
15         Payments of restitution are to be made  to (the United
16   States Attorney for transfer to the payees(s)) (through the
17   United States Probation Officer on such terms and conditions
18   as the Probation officer directs).
19                                    OR
20         Restitution shall be paid as follows:
21
22
23
24         This Judgment shall operate as an order and judgment of
25   restitution enforceable under 18 U.S.C. § 3663(h).
26         IT IS ORDERED that the defendant shall pay a special
27                                    12
28

assessment of $ _50.⁰⁰_ , for each count __1 + 2__ for a

total of $ _100.⁰⁰_ , which shall be ~~due~~ _paid through his_

_Inmate Financial Responsibility Account_

    IT IS FURTHER ORDERED that the defendant shall notify

the United States Attorney for this district within 30 days

of any change of name, residence or mailing address until

all fines, restitution, costs and special assessments imposed

by this judgment are fully paid.

**Signature of Judicial Officer** _____

**Name & Title of Judicial Officer**        Marilyn Hall Patel
United States District Judge

**Date:**  **NOV 1 2 1998**

13

**RETURN**

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

_____ at _____

with a certified copy of this Judgment.


_____

**United States Marshal**


By _____
   **Deputy Marshal**

14



Peops)
Pltfs)
Defts)          EXHIBIT NO. 30
Petrs)
Respd)
Court)
Case No. SC 056446A

Date: 11/18/04
Clerk of the Superior Court

By FRANCOISE ESPINOZA
Deputy Clerk

ID         Admitted

018

MICHAEL J. YAMAGUCHI
United States Attorney

*BY SEALED COURT ORDER*

**FILED**

CHARLES B. BURCH
Chief, Criminal Division

JUN 6 - 1995

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

GEOFFREY A. ANDERSON
Chief, Organized Crime Strike Force

BARBARA BRENNAN SILANO
Assistant United States Attorney
Organized Crime Strike Force

    450 Golden Gate Avenue, 11th Floor
    San Francisco, California  94102
    Telephone:  (415) 556-0764

Attorneys for Plaintiff

I hereby certify that the annexed
instrument is a true and correct copy
of the original on file in my office.
ATTEST:
    RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By _____
              Deputy Clerk
Date  8 27-04

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>           Plaintiff,<br><br>      v.<br><br>HOA TRUNG KHUU<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Criminal Number:  CR 94-0350 MHP<br><br><u>PLEA AGREEMENT</u> |

      The United States Attorney for the Northern District of

California (hereafter "the government"), and the defendant, (Hua

Trung Khuu), with the advice of counsel, hereby enter into the

following agreement pursuant to Rule 11(e)(1)(B) of the Federal

Rules of Criminal Procedure:

      1.  (a)  The defendant will plead guilty to Count One of

the Indictment charging him with conspiring to obstruct commerce in

violation of 18 U.S.C. § 1951. In addition, the defendant will

1  plead guilty to Count Two charging him with conspiracy to knowingly

2  carry and use a firearm during the commission of a violent felony

3  in violation of Title 18 U.S.C. 371.  The defendant is pleading

4  guilty because he is guilty, and agrees that the following facts

5  are true:

6      The defendant agreed and conspired with Tung Pham, George
Gatan, Billy Vang, Howson Nguyen and others to obstruct commerce by
7  robbery of a shipment of computer chips from Intel Corporation.  To
that end, the defendant attended a meeting to develop the details
8  of the planned robbery summarized below:

9      On July 6, 1994, defendant was contacted by Howson
Nguyen and agreed to assist in a planned robbery of Intel
10  Computer chips from a shipment destined for Ireland.
Included as part of the plan was that Khuu would steal a
11  car for use in the robbery.

12      On July 7, 1994, Khuu stole a Honda vehicle License
2ZXL063 with the use of a screwdriver for use in the
13  robbery.

14      On 7/7/94 at approximately 9:00 A.M., Agents Wong and Siu
met, at the Lucky Penny Restaurant on Geary and Masonic,
15  San Francisco, with HOWSEN NGUYEN and TUNG PHAM.  Present
with HOWSEN NGUYEN and TUNG PHAM were two Asian males
16  which the agents had never seen.  The two Asian males
were identified as HOA KHUU and a juvenile male, Long
17  BUI.  Agent Wong asked if KHUU and BUI "knew what was
going on" and "were they okay" and both NGUYEN and PHAM
18  said that they were okay and knew what was going on.  The
agents discussed the robbery with NGUYEN and PHAM and
19  Agent Siu showed a hand drawn diagram showing the
supposed location of the planned robbery.  HOWSEN NGUYEN
20  and TUNG PHAM discussed the robbery with the agents and,
it is believed, speaking in Vietnamese, among themselves.
21  HOWSEN NGUYEN instructed the agents to block the path of the
targeted truck (carrying the computer chips) with the
22  undercover van.  TUNG PHAM concurred with HOWSEN NGUYEN's
instructions, stating that this arrangement had worked in
23  the past.  The agents asked if tape (for restraining the
driver) had been brought and HOA KHUU stated that he had
24  the tape.  During the meeting, in KHUU'S presence,
defendant Howson Nguyen discussed holding a gun to the
25  driver's head as part of the plan.  Agent Siu asked how
many guns had been brought and PHAM stated that they had
26  brought two.  PHAM then discussed what should be done

PLEA AGREEMENT

with the driver of the van and asked, do you want me to take him.  The agents asked if anyone else had come along beyond the four individuals who were present in the restaurant.  HOWSEN NGUYEN stated that they had brought one more person along for the job and he was outside. The fifth person in the car was later identified as David NGUYEN.  It was determined that two cars had been used to transport the five individuals to the Lucky Penny.

As the agents and the four individuals in the restaurant were preparing to leave, Agents Siu and Wong gave the signal to execute the arrests.  NGUYEN, PHAM, HOA, and BUI were immediately arrested.  At the same time, David NGUYEN was arrested in a white Jeep Cherokee, license 3DYS966 which was parked in the lot outside the restaurant.  Agents had earlier surveilled the arrival of the Jeep Cherokee and observed NGUYEN and PHAM exiting the vehicle and David NGUYEN remaining in the car. Agents also surveilled HOA and BUI exiting a white Honda Accord, license 2ZXL063.  It was subsequently determined that the Honda Accord was stolen.  David NGUYEN was lying in the back seat of the Jeep Cherokee.  Agents discovered two firearms (Astra, A-70, .40 caliber, Serial Number X9755, with a fully loaded magazine and a Jennings, Bryco 59, 9mm, serial number 601014, also loaded) in the back storage area of the Cherokee.

The firearms had been brought by Tung Pham and Howsen Nguyen for use in the planned robbery.

In addition to the two firearms, agents recovered the following items from the Jeep Cherokee: (a) tape; (b) 6 pairs of surgical gloves; (3) a rope; and (4) a Harrington and Son, GAT model dart gun.

2.  The defendant understands that Count One of the Indictment carries the following penalty:  a maximum penalty of twenty (20) years imprisonment, a $250,000 fine, a $~~50~~ $100my special assessment, a period of supervised release following any sentence of imprisonment, and restitution.  The defendant further understands that Count Two of the Indictment carries the following penalty: a mandatory consecutive five year sentence.  The defendant understands that he will not be eligible for parole during any term of imprisonment imposed.  The defendant further understands that

**PLEA AGREEMENT**

1    the sentence to be imposed is within the sole discretion of the

2    Court.

3            3.    The defendant acknowledges that he has had all of his

4    rights explained to him and expressly recognizes that he has the

5    following rights:

        a.    The right to plead not guilty and persist in
              that plea.

        b.    The right to a speedy and public jury trial.

        c.    The right to assistance of counsel at that
              trial and in any subsequent appeal.

        d.    The right to remain silent at trial.

        e.    The right to testify at trial.

        f.    The right to confront and cross-examine
              government witnesses.

        g.    The right to present evidence and witnesses in
              his own behalf.

        h.    The right to compulsory process of the court.

        i.    The right to be presumed innocent.

        j.    The right to a unanimous guilty verdict.

        k.    The right to appeal a guilty verdict.

19   The defendant further understands that he waives each and every one

20   of the above rights by pleading guilty pursuant to this Plea

21   Agreement, and it is his knowing and voluntary intention to do so.

22   Defendant further acknowledges that if a guilty plea is accepted in

23   this case there will not be a trial of any kind.

24            The defendant also agrees to waive his right to appeal

25   any sentence within the sentencing guideline range which the

26   parties have agreed to in paragraph 10.

**PLEA AGREEMENT**

4

1          4.   The defendant acknowledges that the sentence to be

2    imposed for this offense is governed by the Sentencing Guidelines

3    (the "Guidelines") as promulgated by the Sentencing Commission

4    under the Sentencing Reform Act of 1984.

5          The defendant acknowledges that he has thoroughly

6    discussed with his lawyer the effect of the Guidelines with respect

7    to the entry of his guilty plea.

8          5.   This agreement is not binding upon the court or the

9    probation office.  Both the court and the probation office will

10   make their own determinations pursuant to the Guidelines as to the

11   appropriate sentence.  The defendant further acknowledges that the

12   Court's determination will be based upon, among other things, an

13   independent recommendation by the United States Probation Officer,

14   who will prepare a presentence report in this case.  The defendant

15   understands that the court will make the final decision as to how

16   the Sentencing Guidelines apply and what sentence will be imposed.

17   The government retains the right to provide to the court and the

18   probation office all information and evidence in its possession

19   regarding either the facts concerning this case or the defendant,

20   and the applicable law.

21         6.   The parties agree that if the defendant meets the

22   criteria set out in U.S.S.G. §§ 3E1.1(a) and (b), relating to

23   acceptance of responsibility and does not otherwise violate this

24   plea agreement, the government will not oppose a two point

25   reduction in the base offense level.

26         7.   The defendant acknowledges that defense counsel has

**PLEA AGREEMENT**

5

advised him of the nature of the charges, any possible defenses to the charges, and the nature and range of possible sentences.   The defendant is satisfied that his defense counsel has provided competent representation.

8.   The defendant specifically agrees that:

(a)   A special assessment of $(~~25~~) /100 ms will be imposed as part of the sentence.   The defendant will pay the special assessment before or at the time of the sentence.

(b)   The defendant agrees that he shall truthfully disclose all information with respect to the activities of himself and others concerning all matters about which the United States, or any State inquires of him, and, further, shall testify truthfully and completely when properly subpoenaed before the grand jury and/or at any trial or proceeding with respect to any matters about which the United States or any State may request his testimony.

(c)   It is further understood and agreed that the United States will not use any such testimony and information to be provided by the defendant, or information derived therefrom either directly or indirectly, except for perjury and false swearing.   It is understood that the Government's forbearance from prosecution is conditioned upon testimony and information being complete and truthful.

(d)   It is further understood and agreed that the defendant shall at all times give complete, truthful and accurate information and testimony.   Should it be proved by the Government, by a preponderance of evidence, that he either has intentionally

**PLEA AGREEMENT**

1   given false, incomplete or misleading testimony or information, he

2   shall thereafter be subject to prosecution for any federal criminal

3   violation of which the United States has knowledge.    Any such

4   prosecutions may be premised upon any information, statement or

5   testimony provided by him and such information, and leads derived

6   therefrom, may be used against him.

7           (e)    In consideration of the full, complete truthful

8   cooperation with federal and state law enforcement officials, the

9   United States will fully and accurately disclose the extent of the

10  defendant's cooperation to the Court, Probation Office and to

11  whatever appropriate agency the defendant designates.

12          (f)    the defendant will not move for a downward

13  departure.

14          9.    In exchange for this agreement, the United States

15  Attorney for the Northern District of California agrees as follows:

16          (a)    It will not file any additional criminal

17  charges for offenses known to the government arising out of the

18  investigation conducted by the government, leading up to the filing

19  of this Indictment and this Plea Agreement.    Such promise of non-

20  prosecution does not foreclose any prosecution for an act of

21  murder, attempted murder, or act of physical violence against the

22  person of another, or conspiracy to commit any such act of

23  violence.

24          (b)    It will move to dismiss the remaining counts in

25  the Indictment at the time of sentencing.

26          (c)    If it is determined by the Office of the United

**PLEA AGREEMENT**

7

1   States Attorney for the Northern District of California that the

2   defendant has provided substantial assistance in the investigation

3   or prosecution of another individual or individuals, the United

4   States will file a motion pursuant to 5K1.1 of the guidelines for a

5   reduction in the defendant's sentence.

6            (d)   No promises are made with respect to the

7   calculation of defendant's criminal history category.

8            (e)   The defendant reserves the right to make an

9   allocution at the time of sentencing without any limitation as to

10  either what sentence the Government may recommend, or as to what

11  the defendant may state except as mentioned above.

12           (f)   The United States reserves the right to

13  allocute in its full discretion at the time of sentencing without

14  limitations as to what sentence the United States may recommend

15  except as stated in the agreement herein. Further, the United

16  States retains the right to correct any misstatements of fact or

17  misstatements of law submitted by the defense or found in the

18  presentence report notwithstanding any other provision of this

19  agreement.

20           (c)   It will not move for an upward departure in

21  this case.

22       10.   The parties agree that the following Sentencing

23  Guideline computations apply to this case.

24           (a)   The base offense level is a level 20 for 18

25  U.S.C. 1951 pursuant to 2B3.1 of the Guidelines.

26           (b)   That with respect to the specific offense

PLEA AGREEMENT                    8

1   characteristics, there are the following agreements between the
2   parties:
3           1) that by virtue of his plea to Count Two, base offense
4   level for the Hobbs Act should **not** increase by 5 levels, pursuant
5   to 2K2.4 and Commentary; Application Note. 2.
6
7           (c)   As to the other possible specific offense
8   characteristics for 2B3.2, each party is free to argue to the Court
9   and to probation as to which characteristics may or may not
10  increase the base offense level in this case.
11          (d)   Further, with respect to any possible
12  adjustment for role in the offense pursuant to 3B1.1 or 3B1.2, the
13  government agrees to recommend that the defendant's offense level
14  should be reduced by two (2) levels as he was a minor participant.
15       11.   The defendant acknowledges and agrees that this plea
16  agreement may be filed under seal and become a part of the record
17  in this case.
18       12.   The defendant is entering his guilty plea freely and
19  voluntarily, and not as the result of force, threats, assurances,
20  or promises other than the promises contained in this agreement.
21       13.   In signing this agreement, the defendant is not
22  under the influence of any drug, medication, liquor, intoxicant or
23  depressant, and is fully capable of understanding the terms and
24  condition of this plea agreement.
25       14.   All promises here made by each party are made
26  dependent on full performance of the promises made by the other

**PLEA AGREEMENT**

9

027

1    party.  Any promise regarding the government's sentencing

2    recommendation applies only to the sentencing upon this Indictment

3    and does not apply, for example, to any future proceedings relating

4    to an alleged violation of probation, a violation of parole, or a

5    violation of supervised release.  This agreement binds only the

6    United States Attorney's Office for the Northern District of

7    California and does not bind any other, local, state or federal

8    prosecuting authority.

9           15.  If the defendant commits any crimes, violates any of

10   the conditions of his release, or violates any term of this

11   agreement between signing this agreement and the date of

12   sentencing, or fails to appear for sentencing, or if the defendant

13   provides information to the probation officer or the court which is

14   intentionally misleading or intentionally incomplete or untruthful,

15   the United States will be free to recommend at sentencing on the

16   charges to which the defendant has pleaded guilty, a sentence

17   <u>higher</u> than that contemplated by this agreement.  If the government

18   pursues this course, the defendant will not be free to withdraw his

19   guilty plea entered pursuant to this plea agreement.  Furthermore,

20   in such an instance, the government will be free to charge,

21   reinstate or otherwise pursue any and all charges which could have

22   been brought but for this plea agreement.

23          16.  The defendant agrees that, if any applicable provi-

24   sion of the Sentencing Guidelines changes after entry of this plea

25   agreement, any request by the defendant to be sentenced pursuant to

26   the changed guideline will release the government from its

**PLEA AGREEMENT**

1   obligation to follow the sentence recommendation specified above.

2   In such a circumstance, the government will be free to recommend

3   any sentence it deems appropriate, including an upward departure,

4   and will be free to argue that any other adjustments apply.

5   The defendant will not be free to withdraw his/her guilty plea.

6        17.   The defendant also agrees to waive his

7   constitutional rights under the Double Jeopardy clause as to any

8   (prior or subsequent) forfeiture proceedings (civil, criminal or

9   administrative) arising out of the same offense(s) charged in the

10  indictment in this case.

11       18. If the defendant's guilty plea is rejected,

12  withdrawn, vacated, or reversed by any court in a later proceeding,

13  the government will be free to prosecute that defendant for all

14  charges as to which it has knowledge, including giving false

15  declarations before a grand jury. Further, any charges which have

16  been dismissed because of this plea agreement will be automatically

17  reinstated.   In such event, the defendant waives any objections,

18  motions, or defenses based upon the Speedy Trial Act or the Sixth

19  Amendment to the Constitution as to the delay occasioned by the

20  later proceedings.

21       19.   The defendant understands the government's

22  obligation to provide all information in its file regarding each

23  defendant to the United States Probation Office and the Court.

24  ///

25  ///

26  ///

**PLEA AGREEMENT**

1  ///

2      20.  This agreement constitutes all the terms of the plea

3  bargain between the government and the defendant, and the

4  government has made no other representations to the defendant or

5  his attorney.

6  DATED:

7

8

9                          Respectfully submitted,

10                         MICHAEL J. YAMAGUCHI
                           United States Attorney
11

12

13                         BARBARA BRENNAN SILANO
                           Assistant U. S. Attorney

14

15

16

17

18

19

20

21

22

23

24

25

26

**PLEA AGREEMENT**

030

## WAIVER OF DEFENDANT'S RIGHTS

I have consulted with my attorney and fully understand all my rights with respect to the offenses charged in the pending Indictment.  Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines.  I understand this agreement and I voluntarily agree to it.

I have read each of the provisions of the entire plea agreement with the assistance of counsel.  I have discussed the case and my constitutional and other rights with my attorney.  I understand that by entering my plea of guilty, I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea.  I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement.  I agree to the provisions of this agreement as a

**PLEA AGREEMENT**

13

1    voluntary act on my part, rather than at the direction of or

2    because of the recommendation of any other person, and I agree to

3    be bound according to its provisions.  I fully understand that, if

4    I am granted probation by the Court, the terms and conditions of

5    such probation are subject to modification at any time during the

6    probation period.  I further understand that, if I violate any of

7    the conditions of my probation, my probation may be terminated, and

8    I may be required to serve a term of imprisonment or my sentence

9    may otherwise be altered in accordance with Title 18, United States

10    Code, Section 3565.

11        I agree that this written plea agreement contains all the

12    terms and conditions of my plea and that promises made by anyone

13    (including my attorney) that are not contained within this written

14    plea agreement are without force and effect and are null and void.

15        I am satisfied that my defense attorney has represented

16    me in a competent manner.

17        I am not now on or under the influence of any drug,

18    medication, liquor, or intoxicant or depressant, and I am fully

19    capable of understanding the terms and conditions of this plea

20    agreement.

21

22    DATED: _June 5_ , 199_5_  X _____

23                      Defendant
                        HOA KHUU

24

25

26

**PLEA AGREEMENT**

14

## DEFENSE ATTORNEY APPROVAL

I am _MANTON SELBY_ attorney. I have fully explained to him his rights with respect to the offenses charged in the pending Indictment. Further, I have reviewed the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with him. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11 of the Federal Rules of Criminal Procedure, the constitutional and other rights of any accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representative which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Rule 11 of the Federal Rules of Criminal Procedure.

DATED: _6/5/95_ 

_____
Attorney for Defendant

I, Hong Ha, The Vietnamese Interpreter has translated this document to Mr. Kheu, the defendant

**PLEA AGREEMENT** in this case, to the best of my knowdlege and my ability.

15

STATE OF CALIFORNIA      }
                         }  SS.
COUNTY OF SAN MATEO      }

I, PEGGY THOMPSON, Clerk of the Superior and Municipal Courts,

For the County of San Mateo, State of California, do hereby certify

that I have compared the papers and documents constituting the

foregoing Clerk's Transcript with the original papers and documents

in the files in my office in the certain action brought pending in

said Superior Court, numbered _____ **SC056446 A** _____ said files,

And that the same are full, true and correct copies of the originals

on file in my office in said action including appellant's Notice of

Appeal.

**WITNESS** my hand and seal of said Superior Court this day

**21st of March, 2005**



**PEGGY THOMPSON,**
**CLERK OF THE SUPERIOR AND**
**MUNICIPAL COURTS**
**OF SAN MATEO COUNTY**

BY __ **PRINSCELLA ALVAREZ** _____
              **DEPUTY CLERK**